UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:12-cv-24356-DLG

PROCAPS S.A., a Colombian
sociedad anonima,

    Plaintiff,

v.

PATHEON INC., a Canadian
corporation, SOBEL USA, INC., a
Delaware corporation, and BANNER
PHARMACAPS EUROPE B.V.,
a Netherlands private limited
liability company,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO THE BANNER**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Plaintiff, Procaps S.A. ("Procaps"), responds to the Motion to Dismiss Complaint (the "Motion") filed by Defendants, Banner Pharmacaps Europe B.V. ("Banner Europe") and Banner U.S. Holdings, Inc., f/k/a Sobel USA, Inc. (collectively the "Banner Defendants") (D.E. 35).

In the Motion, the Banner Defendants assert that (1) Procaps failed to establish service of process over Banner Europe under the Hague Convention; and (2) the Banner Defendants are entitled to dismissal because they are not parties to the Collaboration Agreement. However, Banner Europe was properly served under the Clayton Act, and because Procaps was seeking to enjoin Patheon's acquisition and control of the Banner Defendants, they were indispensible parties to the Injunction claim (Count II) in the Complaint.

When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction. *SEC v. Prime Time Group, Inc.*, 2010 WL 780198 (S.D. Fla. Mar. 2, 2010). Section 12 of the Clayton Act is such a statute, providing:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. In order to "activate the worldwide service provision of Section 12 of the Clayton Act, a plaintiff must actually serve the defendant pursuant to that provision." *General Cigar Holdings Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2002) (ruling that service of process pursuant to the Hague Convention was insufficient to authorize the worldwide service of process authorized by Section 12 of the Clayton Act). Here, Procaps properly served Banner Europe pursuant to section 12 of the Clayton Act at its "Global Headquarters" in North Carolina as listed on Banner's website. *See* Exhibit A, Banner About Us Webpage.

An indispensible party is "one whose interest in the controversy makes it impossible to completely adjudicate the matter without affecting either that party's interest or the interests of another person in the action." *Florida Dept. of Revenue v. Cummings*, 930 So.2d 604 (Fla. 2006). The Stock Purchase Agreement was a contract to sell the outstanding shares of the capital stock of the Banner Defendants to Patheon. *See* Exhibit B, Stock Purchase Agreement at Preamble. An injunction of the Stock Purchase Agreement would have terminated the Banner Defendants' rights and interests under the Stock Purchase Agreement. Therefore, when the Complaint was filed, the Banner Defendants were indispensible parties to Count II's injunctive relief precluding the Stock Purchase Agreement's closing. *Cummings*, 930 So. 2d at 607.

Nonetheless, because Patheon proceeded with and closed the Stock Purchase Agreement after the lawsuit was filed, Patheon now controls the Banner Defendants and they are no longer independent companies. As a result, the only aspect of the Injunction claim that impacted the Banner Defendants' rights in connection with the Stock Purchase Agreement is now moot. Accordingly, Procaps is filing, contemporaneous with this response, a Notice of Voluntary Dismissal of the Banner Defendants. Procaps will continue to seek injunctive relief, including divestiture, and damages against Patheon arising from its acquisition of the Banner Defendants and resulting conversion of the Collaboration Agreement into an unlawful restraint of trade, as alleged in the Complaint.

*s/ Alan Rosenthal*
Alan Rosenthal
Florida Bar Number 220833
arosenthal@carltonfields.com
Natalie Carlos
Florida Bar Number 0146269
ncarlos@carltonfields.com
CARLTON FIELDS, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055

and

Chris S. Coutroulis
Florida Bar No. 300705
ccoutroulis@carltonfields.com
Donald R. Schmidt
Florida Bar No. 607959
dschmidt@carltonfields.com
Kathryn H. Christian
Florida Bar No. 027594
kchristian@carltonfields.com
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, Florida 33601-3239

        Telephone: (813) 223-7000
        Facsimile: (813) 229-4133

        Attorneys for Plaintiff Procaps S.A.

## **CERTIFICATE OF SERVICE**

I CERTIFY that on January 31, 2013, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

        *s/ Alan Rosenthal*