UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| PROCAPS S.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-24356-DLG |
| ) | |
| PATHEON INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

Robert M. Brochin
(Fla. Bar No. 319661)
MORGAN, LEWIS &
 BOCKIUS LLP
200 South Biscayne Blvd.,
Suite 5300
Miami, Florida 33131-2339
Telephone: (305) 415-3456
Facsimile: (305) 415-3001
rbrochin@morganlewis.com

M. Howard Morse
(DC Bar No. 384793)
(admitted pro hac vice)
Marc G. Schildkraut
(DC Bar No. 964940)
(admitted pro hac vice)
Michael J. Klisch
(DC Bar No. 429711)
(admitted pro hac vice)
COOLEY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
hmorse@cooley.com
mschildkraut@cooley.com
mklisch@cooley.com

Mazda Antia
(CA Bar No. 214963)
(admitted pro hac vice)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
mantia@cooley.com

## INTRODUCTION

Procaps S.A.'s ("Procaps'") privilege log is legally deficient because it fails to describe the documents referenced on the log with sufficient detail to enable anyone to assess the applicability of the attorney-client privilege or work product doctrine. Accordingly, the Court should: (1) order Procaps to revise its log; (2) conduct an *in camera* review of the documents; or (3) order Procaps to produce the deficient documents on its log.

## FACTS

Procaps' privilege log gives only superficial and non-substantive descriptions of the content of the documents it is withholding or has redacted (*e.g.*, "Patent," "Procaps," "Collaboration Agreement," "First Working Draft," "Patheon Meeting," "Patheon Communications"). *E.g.*, *Exhibit 1*, Nos. 37352, 37795, 21494, 37413, 37650, 37654. The log also does not claim that the: (1) purported attorney-client privileged documents relate to legal advice; or (2) documents Procaps is withholding as work product were prepared in anticipation of litigation. Procaps refuses to correct any of these deficiencies. *Exhibits 2-3*.

## ARGUMENT

**I.  PROCAPS' DESCRIPTIONS ARE DEFICIENT BECAUSE THEY DO NOT ENABLE PATHEON TO ASSESS THE APPLICABILITY OF THE PRIVILEGE OR PROTECTION.**

Procaps has the burden of establishing all the essential elements of its claims of work product and attorney-client privilege. *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011). To meet this burden, Procaps must describe the withheld documents "in a manner that, without revealing information itself privileged or protected, *will enable other parties to assess the applicability of the privilege or protection.*" *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, 2007 WL 2021939, *5 (S.D. Fla. July 11, 2007) (emphasis in original).

When courts evaluate privilege logs, "[t]he focus is on the specific descriptive portion of the log, and not on the conclusory invocations of the privilege or work-product rule." *CSX Transp. Inc. v. Admiral Ins. Co.*, 1995 WL 855421, *3 (M.D. Fla. July 20, 1995). Short, cursory descriptions do not provide enough information to assess whether the documents are protected. *Developers*, 2007 WL 2021939, at *5 (holding that describing emails as relating to "subcontractor claim" are "far too broad for Defendant, or this Court, to assess the applicability of the attorney-client privilege"). Similarly, merely using the subject line of an email is not sufficient. *Lowe's Home Centers, Inc. v. THF Clarksburg Dev. Two, LLC*, 2013 WL 3538316, *2 (N.D. W.Va. July 11, 2013) (rejecting privilege log because "although the privilege log purports to provide a 'Subject,' these appear more like the subject line of an email than 'the general subject matter of the document'"); *Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 498 (Fed. Cl. 2009) (holding that listing the subject lines of emails on a privilege log is insufficient).

Procaps' log does not describe the content of the withheld documents with any substance, so Patheon Inc. ("Patheon") cannot assess whether the claimed protection applies. First, the log entries have descriptions like "Patent," "Procaps," "Patheon Meeting" and "Patheon Communications," which are hollow, as they do not give any information about the subject of the document. *Exhibit 1*, Nos. 37352, 37795, 37650, 37654. Second, Procaps uses the "subject" line of emails to describe the content of the email. *Exhibits 1, 3*. This is not sufficient as a matter of law. *Lowe's*, 2013 WL 3538316 at *2; *Eden Isle*, 89 Fed. Cl. at 498. Third, many entries describe the document as "Requests and/or contains the advice of counsel and work product information or materials prepared or requested in anticipation of litigation." *Exhibit 1*.

This description is so vague it does not allow Patheon to understand the protection being claimed.

It is not enough for Procaps to respond to this Motion by "simply *claim[ing]* privilege . . . [rather,] it [must] *prove* that each [document] met all the elements of each privilege claimed." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1288 (S.D. Fla. 2012) (emphasis in original). And Procaps cannot do that as a matter of law unless it supplies affidavits that establish the facts necessary for these protections to apply. *Id.* (rejecting privilege claim because plaintiff did not provide "any evidence, be it declarations or witnesses" to establish privilege).[1]

## II. PROCAPS' LOG DOES NOT ADEQUATELY CLAIM PROTECTION.

### A. Procaps Does Not Allege the Elements of the Attorney-Client Privilege.

To invoke the attorney-client privilege, Procaps must establish that:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is the member of a bar of a court . . . and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding . . . .

*United States v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990).[2]  The privilege does not protect documents concerning business advice. *Gutter v. E.I. Dupont de Nemours & Co.*, 1998 WL

---

[1] *Exhibit 4* lists the documents, by Bates number, at issue in each Section of this brief.

[2] Jurisdiction is based on both federal question and diversity, so this Court will balance state and federal interests to determine whether state or federal privilege law applies. *State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323 (S.D. Fla. 2011).  There is no material difference between Florida and federal law on the attorney-client privilege. *See Provenzano v. Singletary*, 3 F. Supp. 2d 1353 (M.D. Fla. 1997) (holding that, under Florida law, the attorney-client privilege applies to confidential communications from a client seeking legal advice from a lawyer in his capacity as such).

3

2017926, *1 (S.D. Fla. May 18, 1998).  And courts are especially skeptical of privilege claims involving in-house counsel, since they are often called upon to provide business advice, not legal advice.  *Id*.

Procaps' log is fatally flawed because it does not state whether the purported advice is *legal* advice.  *See Noriega*, 917 F.2d at 1550.  Rather, it says only that each allegedly privileged document "requests and/or contains advice of counsel."  *Exhibit 1*.  Indeed, many of these documents -- such as those relating to "Veggie capsules" or "Feedback to Astellas RE High Potency" -- appear to relate to *business* issues, which are clearly not protected.  *E.g.*, *Exhibit 1*, Nos. 34585, 37687.  And many of the documents involve in-house counsel, who frequently provide *business*, rather than legal, advice.  *Id.*, No. 37687; *Gutter*, 1998 WL 2017926 at *1.

### B.      Procaps Does Not Allege the Elements of the Work Product Doctrine.

The work product doctrine protects documents prepared in anticipation of litigation. *Bridgewater*, 286 F.R.D. at 639.  Materials or documents drafted in the ordinary course of business are not protected.  *Id*.  And documents are not protected merely because an attorney *requests* them in anticipation of litigation.  *Platypus Wear, Inc. v. Clarke Modet & Co., Inc.*, 2007 WL 4557158, *6 (S.D. Fla. Dec. 21, 2007).  Rather, they must be *created* in anticipation of litigation to be withheld.  *Bridgewater*, 286 F.R.D. at 639.

Despite that documents requested in anticipation of litigation are not protected, Procaps claims that documents it is withholding as work product were either "prepared *or requested* in anticipation of litigation."  *Exhibit 1* (emphasis added).  For some documents Procaps is withholding as work product, Procaps does not even allege this much, as it does not claim the document relates to litigation at all.  *E.g.*, *id.*, No. 24651.  Accordingly, Procaps is wrongly

4

withholding documents that are not related to litigation or were "requested" (rather than created) in anticipation of litigation.

## C. The Court has the Right to Conduct an *In Camera* Review.

The Court may conduct an *in camera* review to confirm that the documents are not protected.  *E.g.*, *Place St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2007 WL 1059561, *5 (S.D. Fla. Apr. 4, 2007) (holding documents were not work product and explaining "the Court's *in camera* examination of the documents only supports that conclusion").  The Court should exercise this right if it determines that this is the sensible way to proceed.

## CONCLUSION

For these reasons, Patheon respectfully requests that the Court grant this Motion and:  (1) order Procaps to revise its log; (2) conduct an *in camera* review of the documents; or (3) order Procaps to produce the deficient documents on the log, listed on *Exhibit 4*.

Dated:  September 4, 2013

Respectfully submitted,

*/s/ Robert M. Brochin*
Robert M. Brochin (Fla. Bar No. 319661)
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131-2339
Telephone: (305) 415-3456
Facsimile: (305) 415-3001
Email: rbrochin@morganlewis.com

5

M. Howard Morse (DC Bar No. 384793)
(admitted pro hac vice)
Marc G. Schildkraut (DC Bar No. 964940)
(admitted pro hac vice)
Michael J. Klisch (DC Bar No. 429711)
(admitted pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: hmorse@cooley.com
Email: mschildkraut@cooley.com
Email: mklisch@cooley.com

Mazda Antia (CA Bar No. 214963)
(admitted pro hac vice)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: mantia@cooley.com

*Counsel for Patheon Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2013, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

>Alan Rosenthal
>Natalie Carlos
>CARLTON FIELDS, P.A.
>Miami Tower
>100 S.E. Second Street, Suite 4200
>Miami, FL  33131-2114
>Email: arosenthal@carltonfields.com
>Email: ncarlos@carltonfields.com
>
>Chris S. Coutroulis
>Donald R. Schmidt
>CARLTON FIELDS, P.A.
>P.O. Box 3239
>Tampa, FL  33601-3239
>Email: ccoutroulis@carltonfields.com
>Email: dschmidt@carltonfields.com

>*/s/ Robert M. Brochin*
>Robert M. Brochin (Fla. Bar No. 319661)

200444 /DC