UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.
_____/

## ORDER REGARDING PROCAPS S.A.'S AFFIDAVIT
## ON DATABASE PRODUCTION

In a request for production, defendant Patheon Inc. ("Patheon") requested the following:

> In native format and in delimited text file format, that portion of any database you maintain that tracks or includes bids, opportunities, wins, losses or sales of Softgel products or manufacturing services, including all instructions necessary to load, operate and query the database and all definitions of the database fields.

[ECF No. 132-14]. Plaintiff Procaps S.A. ("Procaps") objected to the request on the grounds that it was overbroad, burdensome, and not feasible. [*Id.*; ECF No. 147, p. 134]. Patheon moved to compel Procaps to respond to, among other things, this discovery request. [ECF Nos. 131; 132]. The Court held a discovery hearing on October 7, 2013. [ECF No. 145].

At the October 7, 2013 discovery hearing, the Court reserved ruling on this Patheon request and ordered Procaps to file a detailed affidavit regarding the feasibility of, and costs associated with, duplicating, or providing Patheon limited access to, the database. [*See* ECF Nos. 146; 147, pp. 133-35].

In compliance with the Court's Order, Procaps filed the affidavit of Jean Carlos Duque Montes, Procaps' Customer Relationship Management Coordinator (the "Affidavit"). [ECF Nos. 159; 159-1]. In the Affidavit, Procaps points out that there are in fact three databases, not one database: Salesforce; SAP; and Visual Enterprise. The Affidavit details Procaps' ability to duplicate (in some fashion)[1] the respective databases and its ability to grant Patheon limited access to the databases. The feasibility of duplicating or granting access to a database differs significantly from database to database.[2] In short, Procaps' thorough Affidavit presents two alternatives for each database – access or duplication – and addresses the feasibility of each alternative.

---

[1] Procaps makes clear that it cannot **duplicate** any of the three databases. It can, however, to some extent, create reports of the relevant data contained in each database. These reports would then be delivered to Patheon and Patheon could access them using Microsoft Excel or Access. The Court understands that for some of the databases, Procaps' proposed reports would serve as the functional equivalent of duplicating the database.

[2] For instance, it appears to be less burdensome for Procaps to produce a downloadable report for Patheon of the Salesforce database (albeit for a limited number of Procaps' Softgel customers from October 2012 to March 2013) than to grant Patheon limited access to the Salesforce database. [*Compare* ECF No. 159-1, ¶¶ 22-24 (explaining

2

After considering Procaps' Affidavit and the relevant portions of the record, the Court **grants** Patheon's motion to compel the request for database information in principal. As the Court noted at the October 7, 2013 discovery hearing, while it is not the "norm" to grant limited access to an opponent's database or to require a database's duplication, it certainly is not atypical. [ECF No. 147, p. 134]; *see, e.g., Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, No. 1:12-CV-296, 2013 WL 682848 (N.D. Ind. Feb. 25, 2013); *Goshawki Dedicated Ltd. v. Am. Viatical Servs., LLC*, No. 1:05–CV–2343–RWS, 2007 WL 3492762, at *1 (N.D. Ga. Nov. 5, 2007); *see also In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) (denying unlimited direct access to defendant's database, but noting that "some kind of direct access might be permissible in certain cases"). Moreover, as the Court cautioned Patheon at the hearing, "what's sauce for the goose is sauce for the gander." [ECF No. 147, p. 134]. Thus, if Procaps requests (or has requested) access or copies of Patheon's relevant database(s), then the Court will expect Patheon to take a consistent position on this issue.

---

that exporting available data from Salesforce database would require **less than one hour** of time by a Procaps system administrator), *with* ECF No. 159-1, ¶¶ 39-43 (estimating that it would take between **120 to 160 hours** for a full-time system administrator to reconfigure the Salesforce database by building in necessary safeguards before allowing an external person to access the database)]. In contrast, it appears that it would be less burdensome for Procaps to provide Patheon with limited access to the Visual Enterprise database than to create a report that would contain *all* of Procaps' Softgel data in the Visual Enterprise database. [*Compare id.* at ¶¶ 50-54, *with id.* at ¶¶ 31-36].

Having determined that Patheon's motion to compel the request for database information should be granted, the Court is now faced with the quandary of *how* to grant Patheon's request. While Procaps' Affidavit addresses the Court's Order, it still leaves the Court with some uncertainty as to how to conclusively rule on this matter from a logistical, practical perspective.

Patheon has requested a *duplicate copy* of each database, not access to each database. But, as outlined in the Affidavit, for some databases it may be less burdensome for Procaps to grant Patheon limited access to the database than to duplicate it (i.e., prepare reports containing the database information). *See supra* n.1 and n.2. Thus, it seems to the Court that the most pragmatic solution might be to mix and match which databases Patheon will get limited access to and which ones it will receive copies of from Procaps. But the Court is reluctant to force Patheon to conduct discovery in a way it has not sought. At the same time, the Court is also conscious of the significant expense Procaps may incur in giving Patheon exactly what it requested, which expense, in fairness, should be borne, at least in part, by Patheon. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Assuming there is no complete agreement, by November 4, 2013, Patheon shall file a succinct notice, no longer than four pages, explaining which of the alternatives – access or duplication – it seeks for each of Procaps' databases, and why.

4

The notice shall also explain whether Patheon is willing to bear some, none, or all of the expenses which would be incurred under each of its preferred alternatives. And it shall explain Procaps' reaction to its preferences and positions.

2. The parties shall meet and confer regarding this issue before the filing of Patheon's November 4, 2013 notice. If the parties are able to completely resolve this issue in the meet and confer, then they shall file a succinct **joint** notice on November 4, 2013 advising the Court that they have resolved the issue. If there is a complete agreement, then Patheon need not file the unilateral notice described in paragraph 1. A complete resolution will involve which database (i.e., report) will be provided, whether other access will be provided, when the database (i.e., report) or access will be provided, how it will be provided, and which party is responsible for the expense. The parties are certainly free to agree on expense-sharing arrangements, rather than placing full financial responsibility on a particular party for a specific type of database.

5

3.      If the parties are not able to completely resolve this issue, then the Court will review Patheon's unilateral notice and hold a hearing on this matter. The Court strongly urges the parties to work together to completely resolve this issue. The Court is confident that the parties will be able to reach an acceptable plan for the database discovery.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, October 24, 2013.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to**:
All Counsel of Record