UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| PROCAPS S.A., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:12-cv-24356-JG |
| | ) |
| PATHEON INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECONVENE THE DEPOSITION OF PROCAPS' DAMAGES EXPERT AND TO COMPEL PROCAPS TO PROVIDE TIMELY RULE 30(b)(6) TESTIMONY**

Robert M. Brochin
(Fla. Bar No. 319661)
MORGAN, LEWIS &
   BOCKIUS LLP
200 South Biscayne Blvd.,
Suite 5300
Miami, Florida 33131-2339
Telephone: (305) 415-3456
Facsimile: (305) 415-3001
rbrochin@morganlewis.com

M. Howard Morse
(DC Bar No. 384793)
(admitted pro hac vice)
Marc G. Schildkraut
(DC Bar No. 964940)
(admitted pro hac vice)
Michael J. Klisch
(DC Bar No. 429711)
(admitted pro hac vice)
COOLEY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
hmorse@cooley.com
mschildkraut@cooley.com
mklisch@cooley.com

Mazda Antia
(CA Bar No. 214963)
(admitted pro hac vice)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
mantia@cooley.com

## INTRODUCTION

From the beginning of this litigation, Procaps has deliberately avoided discovery into its damages analysis. The latest is that Procaps' damages report did not identify numerous key documents upon which its expert (Lloyd) relied, including a critical spreadsheet that goes to the heart of his analysis and that Procaps created on September 27. Also, Lloyd did not produce or even identify the omitted documents (including the spreadsheet) with his other expert materials. Only under questioning at his deposition was its existence revealed. Thereafter, and only after multiple demands, Procaps produced the spreadsheet (and other documents), but omitted key information. After Patheon complained again, Procaps produced the report in native format, which revealed that the spreadsheet is riddled with fundamental falsehoods and inaccuracies. Patheon is entitled to depose Lloyd again, this time at Cooley's Washington D.C. office no later than February 20, and should produce all versions of the spreadsheet.

Procaps must also provide timely testimony in response to Patheon's Rule 30(b)(6) notice. After repeated delays, Procaps finally designated deponents, including Lloyd to testify on the damages topics, and then demanded that Patheon bifurcate the deposition, with the second part taking place on February 24, three days before the summary judgment filing deadline. *Exhibit 1*. And when Procaps finally designated Franco on the remaining topics, it offered to produce him on January 30 and suggested he "may also be able to offer information" about the damages topics. *Id*. In other words, Procaps seeks disclosure of Patheon's Rule 30(b)(6) damages questions nearly a month before Lloyd answers them. Procaps' misconduct must stop. The Court should order Procaps to produce its Rule 30(b)(6) designees on consecutive days **(January 30-31 or February 4-5)** and pay Patheon its fees and costs for this Motion.[1]

---

[1] The Court should reject the excuse that Procaps does not understand litigation. Carlton Fields represented Nature's Products, Inc., the CEO of which is Jose Minski (Ruben Minski's

## STATEMENT OF FACTS AND ARGUMENT

**Damages Expert:**  Patheon repeatedly has been forced to seek Court intervention to obtain discovery into Procaps' alleged damages.  Beginning in May 2013, Patheon was forced to bring a motion to compel damages disclosures that complied with Procaps' Rule 26 obligations.  Dkt. No. 69.  Shortly thereafter, Procaps refused to provide damages discovery in response to standard discovery requests and Patheon was again forced to bring motions to compel responses to these requests, among others.  Dkt. No. 132.  Throughout the proceedings, Procaps opined that damages documents were work product but told the Court it would produce them, including its supposed work product, by November 15.  Dkt. No. 147, p. 25 ("At the time that our . . . experts make their reports, they will disclose anything that was not previously disclosed, including what is currently work product.") & p. 131 ("The extent to which any of that may currently be privileged work product . . . it will be produced if relied upon by the experts on November 15th.").  The Court specifically informed Procaps that it must produce documents on which its expert's projections of lost profits were based.  *Id.*, pp. 24-25.

On November 15,[2] Lloyd produced his damages report, opining that Procaps had incurred $127 million in lost profits damages.  He also purported to identify in Appendix A to the report the documents he considered in preparing his report.  Not only did Lloyd rely on documents that Procaps had not previously produced but, despite Procaps' representations to the Court, he failed to produce all such documents.  Fortunately, Patheon recognized the omission and immediately asked for the documents.  *Exhibit 3*.

---

brother), in a lawsuit filed by Natrol, Inc., which was tried before Judge Dimitrouleas in November 2013.  Minski Dep. Tr., pp. 398-99; *Exhibit 2*.  Ruben Minski sits on the board of Nature's Products, Inc. and is aware of the litigation.  Minski Dep. Tr., pp. 398-99.

[2]     Expert reports were due on October 15, but Procaps refused to produce Minski for his deposition before then so the date was changed to November 15.

The parties first scheduled Lloyd's deposition for the week of December 2, after which Procaps moved it to December 13, but then on December 11, Lloyd got sick, so it finally occurred on January 8, at which time Patheon uncovered that Lloyd's report omitted certain key documents on which he relied to conduct his analysis. Lloyd Dep. Tr., pp. 6-8, 96-97, 111-13, 136-37, 362.[3] Patheon demanded immediate production of the documents and Lloyd finally produced documents on January 14. *Exhibit 4*. But Patheon quickly recognized that the spreadsheet called "Opportunities Details," which lists opportunities pursued by Patheon and Procaps during the Collaboration (and upon which Lloyd based central aspects of his projection of future business), cut out key text and Patheon demanded that the spreadsheet be produced in complete form. *Id.* Lloyd produced the spreadsheet in a format that contained more information, but even then Patheon had to demand the document be produced a third time in native format. *Id.* Only then, on January 15, did Lloyd produce the document that, even according to Procaps, should have been produced on November 15. *Id*.

But the issue is not resolved, as analysis of the native spreadsheet's metadata reveals that it was first created by Andres Nitola, a Procaps employee, on September 27, 2013, nearly four months before Procaps first produced it. *Id.* The metadata also reveals that Lloyd himself created the produced version on *January 15*. *Id.* Accordingly, Patheon demanded all versions of this document. *Id*. Patheon also asked Procaps to produce Lloyd for another deposition in Washington D.C., but Procaps did not respond. *Exhibit 5*. Franco's reconvened deposition took place the day after Lloyd produced the spreadsheet, although Patheon could not complete it

---

[3] This included documents translated from Spanish to English by Procaps, as well as by an outside vendor (Lloyd Dep. Tr., pp. 111-12), that have not been produced to Patheon, despite counsel for Procaps' steadfast representations to the Court that: (1) Procaps has translated **no** documents in this case; and (2) the Federal Rules of Civil Procedure require a party that intends to use a translated document to first produce the translation to the other side. Dkt. No. 254, pp. 42-43.

because Procaps' counsel left at 3:30 p.m. to catch his flight back to Miami.  Franco Dep. Tr., pp. 513-14.  In any event, Franco's deposition testimony makes clear that most of the key information in the spreadsheet is inaccurate, false, and obviously unreliable.  *Id.*, pp. 385, 396-98, 401, 413-16, 420-23, 430-31, 453-54.

Through withholding documents, delay, diversion, and refusing to cooperate, Procaps has done everything it can to prevent Patheon from testing its damages analysis through discovery.  Patheon is entitled to pursue this with Lloyd.  But Procaps has managed to delay completing discovery into its damages analysis until this late date and, if Procaps gets its way, this discovery, which should have been complete in *November*, will not be done until the *end of February*.  This discovery misconduct must end.

**Procaps' Rule 30(b)(6) Deposition:**  Procaps has obstructed Patheon's ability to obtain Procaps' Rule 30(b)(6) testimony.  On January 7, Patheon served its Rule 30(b)(6) notice for deposition on January 28.  Procaps' counsel said he was not available that day because he had an all day evidentiary hearing in another case, but he would provide new dates "asap."  *Exhibit 6*.  Finally, on January 17, after Patheon's multiple requests did not produce a response, Patheon threatened to bring a motion to compel a date and seek sanctions.  *Exhibit 7*.  Ten minutes later, Procaps revealed for the first time that it had determined its designees would be Lloyd for the damages topics and Franco for everything else.  *Id*.  But Procaps still did not provide dates, as counsel merely asked when Patheon wanted to conduct the deposition.  *Id.*  After more requests, on January 21, Procaps offered to schedule Franco on January 30 but said Lloyd was not available because of a long planned vacation, and then offered February 24.  *Id.*[4]  It also urged

---

[4]   Procaps contends that Lloyd is unavailable to be deposed at any point between January 21 and February 24 (35 days) because he is tied up with "prepaid vacation and business

Patheon to question Franco about damages even though Lloyd would not testify on the same topics for three more weeks. *Exhibit 1*. Patheon then offered February 4-5, but Procaps' counsel refused because he will not use his other partners in this case to defend depositions. *Id.* And on many other dates, such as January 28, when lead counsel has a hearing in a different case, Procaps refuses to schedule any depositions. Procaps is represented by at least five lawyers, yet Patheon has been at the mercy of lead counsel's calendar since the beginning of this case. *Id*.

In any event, Procaps should not be permitted to obtain this unfair advantage by spacing its Rule 30(b)(6) witnesses so far apart, much less force Patheon to forego such critical discovery until the summary judgment deadline is nearly passed. Procaps must produce its Rule 30(b)(6) witnesses on consecutive days (January 30-31 or February 4-5).

Procaps has managed to get to nearly the end of January without scheduling almost *any* of the depositions Patheon seeks, despite looming deadlines for summary judgment and fact discovery cut-off. In sharp contrast, *all* the depositions that Procaps seeks have been scheduled for some time.[5] In the interest of fundamental fairness and the orderly litigation of this action, the Court should force Procaps to provide the discovery Patheon seeks immediately. *See Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011) ("A district court has broad discretion to control the pace of litigation . . . to ensure that cases move to a timely and orderly conclusion . . . . It also has broad discretion to impose sanctions on uncooperative litigants who impede the orderly processing of a case.").

---

commitments" for 11 of the days and no one from Procaps' counsel is available before February 24 as they will be taking four Patheon depositions. *Exhibit 1*.

[5]  The depositions of Patheon's witnesses are taking place February 3 (Principe & Crocker), 4 (Davis and Hamby), 19 (Lytton), and 20 (Mullen), the deposition of a Patheon board member is tentatively set for February 12, and other ex-Patheon employee depositions are scheduled.

Dated: January 22, 2014                    Respectfully submitted,

*/s/ Robert M. Brochin*
Robert M. Brochin (Fla. Bar No. 319661)
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131-2339
Telephone: (305) 415-3456
Facsimile: (305) 415-3001
Email: rbrochin@morganlewis.com

M. Howard Morse (DC Bar No. 384793)
(admitted pro hac vice)
Marc G. Schildkraut (DC Bar No. 964940)
(admitted pro hac vice)
Michael J. Klisch (DC Bar No. 429711)
(admitted pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: hmorse@cooley.com
Email: mschildkraut@cooley.com
Email: mklisch@cooley.com

Mazda Antia (CA Bar No. 214963)
(admitted pro hac vice)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: mantia@cooley.com

*Counsel for Patheon Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2014, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

>Alan Rosenthal
>Natalie Carlos
>CARLTON FIELDS, P.A.
>Miami Tower
>100 S.E. Second Street, Suite 4200
>Miami, FL 33131-2114
>Email: arosenthal@carltonfields.com
>Email: ncarlos@carltonfields.com
>
>Chris S. Coutroulis
>CARLTON FIELDS, P.A.
>P.O. Box 3239
>Tampa, FL 33601-3239
>Email: ccoutroulis@carltonfields.com
>Email: dschmidt@carltonfields.com

>*/s/ Robert M. Brochin*
>Robert M. Brochin (Fla. Bar No. 319661)

884327 /SD

7