UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

## ORDER ON MOTION TO STRIKE

To make things easier for the parties, the Court, and the Clerk of Court, the Court granted the parties' joint request to file their summary judgment materials under seal first and then to advise the Court what portions should be unsealed. [ECF No. 323]. Under the Court-ordered procedure, the opposing party would review the moving party's summary judgment materials and advise which portions should be unsealed and, if needed, file a memorandum explaining why certain portions should remain sealed. [*Id.*]. Instead of eliminating more motions and making things easier for the Clerk, the Court's Order has actually generated **more** motions and more work for the Clerk.

In support of its partial summary judgment motion, Plaintiff Procaps S.A. attached more than 2,500 pages of exhibits. Defendant Patheon Inc. has now moved to strike these exhibits because it says it would be unduly burdensome for it to review

them to determine which ones should be sealed or unsealed. [ECF Nos. 342; 343]. Patheon points out that Procaps appeared to do a wholesale discovery dump in support of its partial summary judgment motion. For instance, instead of attaching only the portions of a deposition transcript that it cites to, Procaps attached the entire deposition transcript. Patheon requests the Court to do the following: strike the exhibits; order Procaps to refile only the relevant portions of the exhibits; give Patheon more time to comply with the deadlines in the Court's Order [ECF No. 323]; and award Patheon $1,000 in attorney's fees.

Local Rules 26.1 does not permit the wholesale filing of unnecessary and irrelevant discovery materials with the Court. *See* Local Rule 26.1(b)-(d). Rather, if discovery materials are **necessary** for a motion, then only "**the portions to be used shall be filed** with the Clerk of the Court." Local Rule 26.1(d) (emphasis added). The reasons for this are obvious. First, the (conventional or electronic) filing of unnecessary and irrelevant discovery materials imposes an administrative burden on the Clerk. Second, as the Seventh Circuit has noted in an analogous context, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, it is not a court's role to hunt through the record to uncover evidence that supports one party or the other. *Chavez v. Sec'y Fla. Dept. of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("judges are not required to ferret out delectable facts buried in a

massive record, like the one in this case"). Finally, the filing of irrelevant discovery materials only serves to unnecessarily increase the costs of litigation for the parties.

Here, in support of its partial summary judgment motion, Procaps has filed more than 2,500 pages of exhibits. After reviewing Procaps' filing, the Court finds that indeed Procaps has filed entire deposition transcripts, not merely the portions it cites to in its brief.[1] Because the Court allowed the materials to be filed under seal first and because sealed materials must be filed conventionally (i.e., in paper format with the Clerk's office), Procaps' filing has imposed a significant administrative burden on the Clerk. As the Court understands it, the Clerk has **one** primary sealed filing clerk in the Miami Division and she has spent approximately 2-3 days just uploading Procaps' filing. Moreover, as Patheon points out, Procaps' filing will also generate unnecessary work for Patheon because it would need to review the exhibits to determine which should remain sealed. As for the Court, Procaps is advised that the Court will review only those portions of the record actually cited by Procaps. *Chavez*, 647 F.3d at 1061.

Consequently, there are more than sufficient grounds to strike Procaps' filing. Nevertheless, the Court will not take that drastic step and force Procaps to refile its exhibits because, in large part, it will result in more work for the Clerk's office. Instead, Patheon's motion is **granted in part and denied in part** as follows:

---

[1] For instance, Exhibit A is the entire 300 plus page deposition of Professor James Baker. [ECF No. 335]. But after reviewing Procaps' Statement of Facts and Summary Judgment Memorandum, the Court only found citations to certain pages of his deposition, not to every page of his deposition.

1.	Patheon will have an extra 10 days to comply with the deadlines in the Court's Order [ECF No. 323]. To be clear, while Patheon has an extra 10 days to comply, Procaps does **not** have additional time to conduct its review of materials which Patheon filed under seal and must comply with the original deadlines in the Order.

2.	The Court declines to award Patheon attorney's fees because Patheon has not set forth a legal basis to support a fees award.

3.	The parties are on notice that the future wholesale indiscriminate filing of discovery materials in support of their summary judgment motions is prohibited and may result in sanctions against the offending party.

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 4, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
All Counsel of Record