UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

**[CONSENT CASE]**

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**
**RELATING TO THIRD-PARTY FORENSIC ANALYST'S CONFLICTS**

On February 28, 2014, at the parties' request, the Court ordered plaintiff Procaps S.A. ("Procaps") to engage Kroll Ontrack, Inc. ("Kroll") as a neutral third-party to perform a forensic analysis of Procaps' electronic media. [ECF No. 341]. Prior to this order, Procaps and defendant Patheon Inc. ("Patheon") had agreed that Kroll would conduct the Court-ordered forensic analysis. The Court played no role in selecting Kroll as the e-discovery vendor to perform the forensic analysis.

Since the Court's order, Kroll and the parties have discovered numerous conflicts of interest (or apparent or potential conflicts) concerning Kroll and its related (affiliates, parents, etc.) companies' work for Patheon and Patheon's counsel, and Patheon's counsel's representation of Kroll's parent company. [ECF Nos. 384; 400; 402; 415]. Kroll

has refused to continue with the forensic analysis unless Procaps signs a waiver of the conflicts (or apparent or potential conflicts). [ECF Nos. 384; 402; 415-2]. Procaps has declined to sign the waiver. [ECF No. 412]. As the Court instructed at the March 18, 2014 hearing [ECF No. 408], if Procaps declined to waive Kroll's conflicts, then the parties must agree on another company to conduct the forensic analysis before the March 24, 2014 hearing.

Procaps has now moved for fees and costs relating to the time it spent working with Kroll before the conflicts were discovered. [ECF No. 415]. After reviewing the motion, the Court realizes that it will need additional briefing on the issues arising from the motion. Accordingly, the Court **denies without prejudice** Procaps' motion.

It is further **Ordered** and **Adjudged** as follows:

1.      By March 25, 2014, Procaps may refile its motion. The refiled motion, which may be up to 10 pages, shall address the issue of whether the Court may impose a fees award against **Kroll.** In addressing this issue, Procaps shall discuss the significance, if any, of the Court's order [ECF No. 341] requiring Procaps to specifically engage Kroll (an e-discovery vendor selected by the parties, not the Court) as a neutral third-party to conduct the forensic examination. Along with its refiled motion, Procaps shall also file a separate affidavit detailing the specific amount of fees and costs it is seeking and shall attach all supporting documentation for its request. In determining the amount of the attorney's fees it is seeking (if any), Procaps shall use as a guide the

hourly rates set by the Court for Patheon's counsel. [*See* ECF No. 223]. In addition, Procaps' motion, if refiled, shall also pinpoint the legal authority authorizing the requested relief. In other words, Procaps must rely on more than a succinct reference to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927. Moreover, in recognition of the fact that Rule 37 does not authorize a fees award for *all* discovery disputes, Procaps shall identify the particular provision of Rule 37 on which it is relying for its fees request.

    2.    By April 1, 2014, Patheon shall file a response of no more than 10 pages.

    3.    Kroll *may* file a memorandum of no more than 10 pages by April 7, 2014 to address the issues raised in Procaps' refiled motion and Patheon's response. To facilitate Kroll's ability to file this optional memorandum, Procaps shall immediately provide Kroll with a copy of this Order, its refiled motion (when filed), and Patheon's response (when filed).

    4.    By April 11, 2014, Procaps may file a reply of no more than 7 pages to Patheon's response and Kroll's memorandum (if Kroll files one).

    5.    If Kroll files a memorandum, then Patheon may file a reply of no more than 5 pages to Kroll's memorandum by April 11, 2014.

6. Procaps shall provide Kroll with a copy of its reply and Patheon's reply (if one is filed).

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 20, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record