**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 12-24356-CIV-GOODMAN**

**[CONSENT CASE]**

PROCAPS S.A.,

      Plaintiff,

v.

PATHEON INC.,

      Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION**

**OF DOCUMENTS ON DEFENDANT'S PRIVILEGE LOG**

**I.      BACKGROUND**

Plaintiff Procaps S.A. ("Procaps") seeks to compel defendant Patheon Inc. ("Patheon") to produce allegedly privileged communications between: (1) Patheon and Michael Lytton ("Lytton"), Patheon's General Counsel **and** Executive Vice President of Corporate Development and Strategy; and (2) Patheon and JLL Partners ("JLL"), Patheon's majority shareholder. [ECF No. 373]. Procaps asserts that because Lytton is *both* a business executive and in-house counsel, Patheon has improperly made a blanket assertion to all his communications in its privilege log. [*Id.* at p. 2]. Procaps argues that Patheon's privilege log entries fail to clearly demonstrate that each of Lytton's communications were primarily for *legal* advice, not business advice. [*Id.* at pp. 2-3]. As

to JLL, Procaps argues that these communications are not entitled to any protection. [*Id.* at p. 4].

After reviewing Procaps' motion, the Court required Patheon to file a response and to disclose when it produced the privilege log. [ECF No. 374].

Patheon filed its response and pointed out the following. [ECF No. 407]. First, Patheon produced its privilege log on a rolling basis: July 7, 2013 – 2,677 entries; August 8, 2013 – 429 entries; October 10, 2013 – 338 entries; November 11, 2013 – 105 entries; and February 17, 2014 – 2 entries. [ECF No. 407-1]. Second, Patheon contends that it did not make a blanket assertion as to all Lytton communications. [ECF No. 407, p. 3]. In fact, Patheon produced more than 1,000 documents from Lytton and asserted a claim on its privilege log as to only 700 communications involving Lytton. [ECF No. 407-1, p. 2]. Third, Patheon points out that Procaps has known about Lytton's dual business and legal roles since January 2013. As a result, Patheon argues that the bulk of Procaps' motion is untimely under Local Rule 26.1, except as to the two entries on the February 17, 2014 privilege log. [ECF No. 407, pp. 2-3].

As to the two February 17, 2014 entries, Patheon argues that they are protected by the attorney-client privilege or the work-product doctrine because they are: (1) Lytton's handwritten notes memorializing legal advice he received from Patheon's outside counsel; and (2) Lytton's handwritten notes on the Collaboration Agreement which reflect his post-lawsuit thoughts about certain provisions that may be relevant to

Patheon's defenses. [ECF No. 407, pp. 4-5]. Patheon also attached an affidavit from Lytton in support of these two entries. [ECF No. 407-4].

After reviewing Patheon's response, the Court ordered it to file the two documents under seal for the Court's *in camera* review. [ECF No. 410]. Patheon did so, and the Court reviewed them. [ECF No. 420].

In its reply, Procaps provides the following reasons for the delay in filing its motion: it first learned of Lytton's dual roles at his February 20, 2014 deposition; Patheon's counsel intentionally delayed de-designating the privilege log so that Procaps would delay the filing of its motion to compel (because it preferred to publicly file the privilege log in support of the motion); and the sheer number of entries took a considerable time to review. [ECF No. 417-1, pp. 2-3].

The Court **denies** the motion because the bulk of it is untimely and because the two entries in the timely-filed portion are, at a minimum, covered by the attorney-client privilege or the work-product doctrine.

## II.    DISCUSSION

### A.  <u>Local Rule 26.1</u>

Local Rule 26.1 provides in relevant part:

> *Time for Filing.* All motions related to discovery . . . **shall** be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, **absent** a showing of reasonable cause for a later filing, **may** constitute a waiver of the relief sought.

3

Local Rule 26.1(h)(1) (emphasis added).

The Rule "reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves." *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.,* No. 10-24310-CIV, 2011 WL 6190160, at *2 (S.D. Fla. Dec. 2, 2011). Consequently, there is a presumption that the failure to timely file the discovery motion may constitute a waiver of the relief sought. *In re Brican Am. LLC Equip. Lease Litig.,* No. 10-MD-02183, 2013 WL 5519980, at *4 (S.D. Fla. Oct. 1, 2013). That presumptive waiver, however, may be overcome upon a "showing of reasonable cause for" the delay. *Id.* Nevertheless, the Rule "is permissive and affords the Court discretion in whether to consider a late-filed motion." *Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.,* No. 09-CV-80787, 2010 WL 411088, at *2 (S.D. Fla. Jan. 29, 2010).

Here, the Court does not find that Procaps has shown sufficient "reasonable cause" for the delay in filing its motion. First, the Court does not find persuasive Procaps' assertion that it first learned of Lytton's dual roles at his February 20, 2014 deposition. On January 11, 2013, more than a year before that deposition, Procaps' counsel sent a letter to Patheon in which he addressed Lytton with his dual titles. [ECF No. 337-2]. Moreover, Patheon identified Lytton by his dual titles in its April 2013 initial disclosures. [ECF No. 407-2, p. 3].

Second, the Court does not find that Patheon's delay in de-designating the privilege log from highly confidential to confidential constitutes reasonable cause for Procaps' delay in filing its motion. The parties have routinely filed discovery motions and attached as sealed exhibits discovery materials that the other party considers highly confidential. Moreover, that two-week delay does not explain why Procaps now seeks to, for the first time, challenge privilege log entries dating as far back as July 2013.

Finally, Procaps makes a plea that the sheer number of privilege log entries and the complexity of this litigation excuses its delay in filing its motion. To be sure, Patheon's privilege log is voluminous, with approximately 3,551 entries. But Procaps knew of 3,444 of these entries by October 10, 2013. [ECF No. 407-1]. Thus, Procaps had more than ample time to review the overwhelming majority of Patheon's privilege log and to raise objections. Yet Procaps did not file this motion until March 10, 2014, asserting objections to privilege log entries served on it at least five months earlier. In a litigation where every dispute has been hard fought and where Patheon has not waived this timeliness objection, the Court declines to find that the sheer number of privilege log entries provides "reasonable cause" for Procaps' delay.

As a result, the Court declines to exercise its discretion and **denies** Procaps' motion as untimely under Local Rule 26.1(h), except as to the February 17, 2014 entries. *See Manno v. Healthcare Revenue Recovery Grp., LLC,* No. 11-61357-CIV, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012).

5

**B.   The 2 entries from the February 17, 2014 Privilege Log**

While the bulk of Procaps' challenge to Patheon's privilege log is untimely, Procaps has timely challenged the two February 17, 2014 entries. The Court required Patheon to file these documents under seal for the Court's *in camera* review.  [ECF Nos. 410; 420]. The Court has carefully reviewed these documents and Lytton's affidavit in support of the privilege claim for these documents. [ECF No. 407-4].

As to the first document, bates-number PRIV-3554, it is Lytton's notes memorializing a meeting with Patheon's outside counsel regarding this litigation. As such, the Court finds that it is protected by the attorney-client privilege. As to the second document, bates-number PRIV-3555, it is a copy of the Collaboration Agreement with Lytton's handwritten notations on certain provisions. Lytton attested that this document was created after this lawsuit was filed and that he made handwritten notations on specific provisions of the Collaboration Agreement that he deemed relevant to Patheon's defenses in this case. [ECF No. 407-4]. As a result, the Court finds that the second document is protected by the work-product doctrine.

**III.   CONCLUSION**

For the foregoing reasons, the Court **denies** Procaps' motion. While Patheon is the prevailing party, the Court declines to award it fees because it primarily prevailed on the grounds that Procaps' motion did not comply with Local Rule 26.1(h). This Local

Rule is *permissive*, however, and Procaps had significant justification to argue that the *de facto* statute of limitations should not apply.

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 25, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
All Counsel of Record