UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

### ORDER ON PLAINTIFF'S TWO MOTIONS TO COMPEL DEPOSITIONS

"Please, sir, I want some more."

    *Nine-year-old Oliver*, in Charles Dickens' Oliver Twist, Ch. 2 (1838).

Plaintiff Procaps S.A. ("Procaps") has filed two discovery motions in which it wants more depositions. In particular, Procaps wants another deposition of defendant Patheon Inc.'s ("Patheon") 30(b)(6) representative and wants Court approval to exceed the 10-deposition limit and to compel more depositions. [ECF Nos. 340; 350]. Patheon opposes Procaps' motions. [ECF No. 375]. Procaps filed an omnibus reply, and, with the Court's approval, Patheon filed a sur-reply and Procaps filed a sur-sur-reply. [ECF Nos. 394; 398; 403; 418].

Unlike the fictional Oliver, who was suffering the torture of slow starvation, Procaps has feasted on a healthy discovery diet and cannot be said to be malnourished for discovery. Nevertheless, for the reasons outlined below, the Court **grants in small**

**part and denies in large part** Procaps' two discovery motions. The Court declines to award fees to either party under Federal Rule of Civil Procedure 37.

I. PROCAPS' MOTION TO COMPEL ANOTHER 30(B)(6) DEPOSITION [ECF NO. 340]

   A. Background

On November 25, 2013, Procaps took the deposition of Patheon's 30(b)(6) representative, Geoffrey Glass ("Glass"), on 27 designated areas of inquiry. [ECF No. 340, p. 2]. Procaps filed the instant motion more than three months later, on February 28, 2014, alleging that Glass did not testify adequately on 7 of the 27 designated areas of inquiry. [*Id.* at pp. 3-6]. Procaps asks the Court to compel Patheon to produce an adequately prepared 30(b)(6) representative to testify on these seven areas of inquiry at a reconvened deposition. [*Id.* at p. 6]. Procaps also seeks attorney's fees and costs for Patheon's Rule 30(b)(6) violation. [*Id.*].

Patheon argues that Procaps' motion should be denied because it is untimely under Local Rule 26.1(h) and because Glass was adequately prepared and sufficiently testified on the areas of inquiry in dispute. [ECF No. 375, pp. 8-11]. Patheon also notes that, in the meet and conferrals leading to this motion, it offered to produce Glass again on some of the seven areas of inquiry, but Procaps declined that offer. [*Id.* at p. 10, n. 10; *see also* ECF No. 375-16, pp. 5-8].

In response to the argument that its motion is untimely, Procaps raises several reasons (discussed in detail below) why its delay is excused. [ECF No. 340, pp. 5-6; 394,

2

p. 6]. Procaps also disagrees that Glass sufficiently testified on the areas of inquiry in dispute. [ECF No. 394, p. 6].

### B. Applicable Legal Standard for Timely Filing Discovery Motions

Local Rule 26.1 provides in relevant part:

> *Time for Filing.* All motions related to discovery . . . **shall** be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, **absent** a showing of reasonable cause for a later filing, **may** constitute a waiver of the relief sought.

Local Rule 26.1(h)(1) (emphasis added).

The Local Rule "reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves." *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, No. 10-24310-CIV, 2011 WL 6190160, at *2 (S.D. Fla. Dec. 2, 2011). Consequently, there is a presumption that the failure to timely file the discovery motion may constitute a waiver of the relief sought. *In re Brican Am. LLC Equip. Lease Litig.*, No. 10-MD-02183, 2013 WL 5519980, at *4 (S.D. Fla. Oct. 1, 2013). That presumptive waiver, however, may be overcome upon a "showing of reasonable cause for" the delay. *Id.* Nevertheless, the Local Rule "is permissive and affords the Court discretion in whether to consider a late-filed motion." *Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09-CV-80787, 2010 WL 411088, at *2 (S.D. Fla. Jan. 29, 2010).

### C. <u>Discussion</u>

Glass' 30(b)(6) deposition took place on November 25, 2013. [ECF No. 340-1, p. 1]. Procaps, however, did not raise the sufficiency of the deposition until mid-February and did not file its motion until the end of February -- well beyond Local Rule 26.1(h)'s 30-day requirement. [ECF Nos. 340; 340-3, p. 7]. Procaps concedes that its motion is untimely, but presents six reasons why its delay should be excused. [ECF No. 340, p. 6; 394, p. 6]. The Court does not find these reasons to meet the "reasonable cause" showing required under the Local Rule to justify the late filing.

Three of Procaps' six reasons are not logical. First, Procaps asserts that its delay in filing was justified, in part, because of its "scheduling concessions throughout this litigation," but does not further explain **how or why** that is the case. Second, Procaps contends that Patheon's delay in producing two other deponents for depositions until February 2014 justifies its delay. Procaps, however, does not explain how these two depositions logically justify its delay to compel a completely separate deposition. Third, Procaps' argument that its delay was justified because Patheon obtained the same relief when the Court ordered Procaps to produce two deponents misses the mark. Those two depositions were compelled because of Procaps' counsel's improper deposition objections, not because of the inadequacy of the deponent's answers. [ECF No. 252].

Procaps' other three reasons, while logically related to the relief it requests, also fail. First, Procaps' argument that Patheon's failure to designate a substitute 30(b)(6)

4

deponent justifies its late filing is unavailing. How was Patheon supposed to know Procaps was going to seek to depose Glass again until Procaps raised the issue more than two months later? Second, Procaps contends that Patheon waived the right to challenge Procaps' late filing by agreeing to produce Glass on some areas of inquiry. Procaps' contention is contradicted by the record. In the same meet and confer email where Patheon's counsel offered to produce Glass again on some areas of inquiry, the first paragraph of that email raises the issue of Procaps' failure to timely file its motion and requests an explanation. [ECF No. 375-16, p. 5]. Third, Procaps argues that Patheon will not suffer prejudice if it is required to produce a designee for another 30(b)(6) deposition. The Court finds that Patheon would suffer some prejudice. In particular, Procaps seeks a 30(b)(6) deposition, not a fact witness deposition. As such, Patheon must incur substantial time and effort in preparing Glass, or another 30(b)(6) deponent.[1]

Finally, this has been/is a highly contested case. Put another way, the parties have not been shy about seeking Court intervention and the Court has been more than accommodating in holding hearings to assist the parties. Indeed, between Glass' November 25, 2013 deposition until February 28, 2014, the date of Procaps' motion, there were over 100 filings and 3 hearings. Procaps has not sufficiently explained why it did not raise this issue sooner in light of the myriad other discovery issues that were brought before the Court.

---

[1] As set out in Patheon's papers, Glass and Patheon's counsel spent more than 100 hours preparing for the initial 30(b)(6) deposition.

Accordingly, based on the foregoing, the Court finds that Procaps' motion is untimely and that Procaps has not shown reasonable cause for the delay. Consequently, the Court **denies** Procaps the **specific** relief it requests in its motion. *See Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357-CIV, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012).

Nevertheless, even though the Court is denying the motion, the Court is going to provide some relief to Procaps. In offering to produce Glass again on some areas of inquiry, Patheon conceded that Glass did not adequately respond to *certain* questions in *some* of the areas of inquiry in dispute. The Court has reviewed *all* of Glass' deposition testimony that the parties have submitted and agrees that Glass' testimony on some of the areas of inquiry was less than sufficient. As such, the Court will allow Procaps, if it chooses, to depose Glass, or another 30(b)(6) representative, subject to the following:

1. The deposition will occur by videoconference or at a location convenient for Patheon's 30(b)(6) representative, and will be for no more than **one hour**;

2. The deposition shall be limited to the specific questions *Procaps* identified [ECF No. 375-16, pp. 10-11] that Glass did not answer in areas of inquiry 5, 20, and 24, and the logically and closely-related follow-up questions flowing from the 30(b)(6) deponent's answers to those limited questions at the reconvened deposition;

3. The reconvened deposition shall take place within the next two weeks. The Court trusts counsel to work out an amicable time and date for the deposition; and

4. Each party will be responsible for its fees and costs in taking the deposition.

D. **Conclusion**

While the Court is denying Procaps' motion as untimely, it is providing it with some of the relief it requested in its motion. Consequently, the Court declines to enter an award of attorney's fees on this motion.

II. PROCAPS' MOTION FOR ADDITIONAL DEPOSITIONS [ECF NO. 350]

A. **Background**

Procaps seeks to compel Patheon to produce the following deponents: Kevin Zamora ("Zamora"); Peter Bigelow ("Bigelow"); a 30(b)(6) Patheon representative on electronically stored information (the "ESI Representative"); and Michel Lagarde ("Lagarde"). [ECF No. 350, p. 2]. Procaps complains that Patheon invoked Rule 30(a)'s 10-deposition limit rule to prevent these depositions, despite earlier confirming that these depositions would take place. [*Id.*]. Procaps contends that Patheon waived the right to invoke Rule 30(a) and that it should be allowed to take these additional depositions because they are justified and necessary.

In response, Patheon points out that Zamora's deposition took place the day after Procaps filed its motion. [ECF No. 375, p. 3 n. 1]. As to the remaining three depositions, Patheon contends that it never agreed to these depositions, that the parties have never stipulated to more than 10 depositions, that it properly invoked Rule 30(a)'s 10-

deposition limit, that Procaps has taken more than 10 depositions and has not justified the need for these additional, over-the-limit depositions. [*Id.* at pp. 3-7].

Procaps concedes that it has taken more than 10 depositions, but argues that Patheon's invocation of the 10-deposition limit is without justification and was intended to prevent damage to Patheon's case. [ECF No. 394, p. 2]. Procaps says that the depositions of Bigelow, the ESI Representative, and Lagarde are critical to this case and that it has justified the need for these depositions. [*Id.* at pp. 3-5].

With the Court's permission, Patheon filed a sur-reply and Procaps filed a sur-sur-reply. [ECF Nos. 398; 403; 418]. In the supplemental memoranda, the parties trade barbs and accuse each other of misrepresenting the facts relating to the depositions.

### B.  Applicable Legal Standard

A party is presumptively limited to 10 depositions but can exceed this limit with the consent of the other party or with leave of court. Fed. R. Civ. P. 30(a)(2); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-21511-CIV, 2010 WL 3003914 (S.D. Fla. July 29, 2010). A court may grant additional depositions only to the extent that it is consistent with Rule 26(b)(2). Under Rule 26, the court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The party seeking more than 10 depositions must justify the necessity of each prior deposition taken without leave of court and must make a particularized showing why the extra depositions are necessary. *Gordilis v. Ocean Drive Limousines, Inc.*, No. 12-CV-24358, 2013 WL 6383973, at *1 (S.D. Fla. Dec. 5, 2013) (internal citations omitted). As Judge Rosenbaum cogently pointed out, the reason a party has to justify its prior depositions is because "a party could circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under Rule 26(b)(2) standards, and then seek[] leave to exceed the limit in order to take depositions that she could substantiate." *AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551-CIV, 2010 WL 4116555, at *16 (S.D. Fla. Oct. 18, 2010) (quoting *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001)).

### C. Discussion

Before examining Procaps' requested depositions, the Court makes a few preliminary observations.

First, it is clear that counsel did not initially discuss, or pay much attention to, how many depositions each side would take. Indeed, right up to the discovery deadline

Procaps' counsel continued requesting and scheduling depositions as if they were limitless. For its part, Patheon's counsel appears to have been unaware of the deposition limit and initially overlooked Procaps' depositions beyond the 10-deposition limit. Patheon's counsel's invocation of this limit is what caused Procaps to cry foul and to file the instant motion, contending, in part, that Patheon waived the limit.

There is no hard and fast rule as to when a party waives the 10-deposition limit. Rather, whether there is a waiver is a fact-sensitive inquiry. *Compare Truong v. Sacramento Cnty. Sheriff Dept.*, No. 2:10-CV-00506-MCE, 2012 WL 5707228, at *2 (E.D. Cal. Nov. 15, 2012) (finding no waiver where defendant *allegedly* stipulated to additional depositions by assisting in scheduling more than 10 depositions but then invoked the rule), *with AIG Centennial Ins. Co.*, 2010 WL 4116555, at *17-19 (not counting two depositions toward plaintiff's deposition limit because defendant's counsel repeatedly failed to note any objections in numerous correspondence regarding the scheduling of these over-the-limit depositions).

Second, the parties very much dispute in their papers which depositions count toward the other's 10 deposition limit. As this Court has noted, which depositions count toward the 10 deposition limit is "uncertain terrain." *Royal Bahamian Ass'n, Inc.*, 2010 WL 3003914, at *1. And just like in *Royal Bahamian*, this Court doesn't have to tread that

terrain. *Id.*[2] That's because everyone agrees that Procaps has taken more than 10 depositions.

1. *Zamora's Deposition*

The issue of Zamora's deposition is moot because Patheon produced Zamora and Procaps took his deposition.

2. *Bigelow's Deposition*

Bigelow was Patheon's President of North American Operations before and during the Collaboration Agreement. [ECF No. 394, p. 2]. Despite being able to obtain an affidavit from Bigelow in support of this motion, Procaps also wants to take his deposition. [*Id.* at pp. 3-4].

As far back as January 21, 2014, the parties had discussed Bigelow's deposition. [ECF No. 350-2, p. 1]. By January 31, 2014, Bigelow had executed a waiver of service of his deposition subpoena and Patheon's counsel had represented that it was their understanding they would be representing Bigelow at his March 7, 2014 deposition. [*Id.* at pp. 2-8; ECF No. 350-3, p. 1].

On February 18, 2014, Procaps' counsel sent another email in which he mentioned Bigelow's March 7 deposition while discussing other deposition dates. [ECF

---

[2] Contrary to the parties' assertions, in *Royal Bahamian* this Court did not decide the issues they say it did, i.e., whether expert depositions count toward the limit and whether a 30(b)(6) deponent who appears in his/her individual and corporate capacities counts as one deposition or two depositions. The Court expressly did **not** decide the former and noted that regardless of how it treated the latter (one or two) it would not affect its decision in that case. *Royal Bahamian Ass'n, Inc.*, 2010 WL 3003914, at *1 & n.1.

11

No. 350-5, p. 3]. Patheon's counsel responded and did not mention any objection to Bigelow's deposition based on Rule 30(a) or otherwise. [*Id.*]. By Patheon's own count, Procaps had taken more than 10 depositions by February 18, 2014. [ECF No. 375-1, p. 2].

On February 21, 2014, Procaps' counsel noticed the ESI Representative's 30(b)(6) deposition. [ECF No. 350-9, p. 2]. By this date, it was obvious that Procaps had taken more than 10 depositions. [ECF No. 375-1, p. 2]. On February 26, 2014, Patheon's counsel sent an email objecting to this deposition because it exceeded Rule 30(a)'s deposition limit. [ECF No. 350-9, p. 1]. But, in that email, Patheon's counsel did not mention anything about *Bigelow's deposition* as violating Rule 30(a). [*Id.*]. In fact, Patheon's counsel did not get around to objecting to Bigelow's deposition on this basis until two days later, February 28, 2014. [ECF No. 350-10, p. 1].

As shown above, while Patheon did not expressly stipulate to Bigelow's deposition, it neither expressly nor implicitly objected to his deposition, even when it became clear that Procaps exceeded the 10 deposition limit. Indeed, even after Patheon objected to one deposition based on Rule 30(a), it failed to object to Bigelow's deposition until two days later. Accordingly, under these circumstances, the Court will **grant** Procaps' request to depose Bigelow. *AIG Centennial Ins. Co.*, 2010 WL 4116555, at *17-19.

   3. *The ESI Representative's Deposition*

On February 18, 2014, the day after Patheon filed its motion for a forensic analysis of Procap's electronic media [ECF No. 300], Procaps' counsel emailed Patheon's

counsel with dozens of questions relating to Patheon's discovery procedures in collecting electronically stored information ("ESI"). [ECF No. 350-16]. Three days later, Procaps noticed the ESI Representative's 30(b)(6) deposition. [ECF No. 350-9, p. 2]. Unlike the reaction to Procaps' request for Bigelow's deposition, on February 26, 2014, Patheon's counsel sent an email objecting to this corporate representative deposition because it exceeded Rule 30(a)'s deposition limit. [*Id.* at p. 1]. Patheon, however, offered *to answer* Procaps' email-questions about Patheon's ESI discovery collection *if* Procaps put those questions in an interrogatory. [*Id.*]. Procaps declined to do so.

In seeking to take the ESI Representative's deposition, Procaps says it sent its email on February 18, 2014, because that is when Patheon first produced certain documents from Michael Lytton, a Patheon custodian, which should have been produced earlier. [ECF No. 350, p. 5]. It also says that this deposition is justified because, among other things, Patheon waived Rule 30(a)'s deposition limit, Patheon's ESI production is deficient, Patheon improperly objected in depositions when Procaps asked about Patheon's ESI collection efforts, and Procaps needs this information to ensure a proportionality of discovery obligations. [ECF Nos. 350, pp. 5-6; 394, pp. 4-5; 418, pp. 3-4].

In response, Patheon points out that Procaps never justified its prior depositions as it is required to do. Patheon also contested all of Procaps' purported justifications for

this deposition and attached an affidavit from its counsel detailing Patheon's ESI collection efforts. [*See* ECF Nos. 375; 375-12; 398-1].

Unlike with the Bigelow deposition arrangements and discussion, Patheon timely raised its Rule 30(a) objection and never agreed, implicitly or expressly, to this deposition. Accordingly, the Court finds that Patheon did not waive its Rule 30(a) deposition limit objection as it relates to this deposition. *Truong*, 2012 WL 5707228, at *2. Thus, because there was no waiver, Procaps must justify its prior depositions and justify taking this deposition. In that regard, despite filing a motion, reply, and a sur-sur-reply, Procaps has not made a sufficient attempt to justify its prior depositions. As a result, the Court **denies** Procaps' request to take this deposition. *Barrow,* 202 F.R.D. at 484.

The Court also notes that Procaps' justifications for the deposition are unpersuasive and contradicted by the record. Despite this litigation being hotly contested and Patheon asking Procaps deponents about ESI collection in November 2013 [ECF Nos. 227; 227-1], Procaps began to focus on Patheon's ESI collection efforts *only after* Patheon discovered that Procaps failed to implement a litigation hold and allowed its employees to self-collect ESI. [ECF No. 300]. The reason for this late and sudden interest in Patheon's ESI collection efforts is obvious: Procaps wants to change the analysis of its ESI failures to an evaluation of Patheon's purported ESI failures. In other words, Procaps is using the sports strategy of "the best defense is a good offense."

To its credit, Patheon has not yet shied away from Procaps' questions, and it produced a comprehensive and detailed affidavit outlining its ESI collection. The affidavit should answer most of Procaps' questions.

Although the Court is denying Procaps' request for a deposition, it will allow Procaps to pose the questions from its February 18, 2014 email in an interrogatory to Patheon. If Procaps chooses to do so, then it shall send the interrogatory to Patheon by April 1, 2014. Patheon shall respond to the interrogatory by April 8, 2014. If, after receiving Patheon's interrogatory answers, Procaps still contests the sufficiency of Patheon's ESI collection, then Procaps' counsel may file an appropriate motion to compel better interrogatory answers. The Court will not, however, permit Procaps' requested 30(b)(6) deposition on ESI collection sufficiency.

  4. *Lagarde's Deposition*

Lagarde is the managing director of JLL Partners ("JLL"), the majority shareholder of Patheon. Procaps says that his testimony is critical for two reasons. First, Procaps contends that it just learned on March 11, 2014, that Patheon and JLL have merged with Royal DSM -- another Procaps competitor -- and that Patheon may no longer exist. Second, Procaps argues that Daniel Argoskin ("Argoskin"), JLL's 30(b)(6) representative, knew nothing about Patheon's day-to-day operations and thus it needs to depose Lagarde. [ECF No. 350, p. 6; 394, p. 5].

Patheon contends that Procaps knew of Patheon and JLL's merger plans with Royal DSM since November 2013. [ECF No. 398-1, p. 5]. Patheon also points out that Procaps was not satisfied with Argoskin's preparation for his 30(b)(6) deposition and moved to compel JLL to produce an adequately prepared 30(b)(6) representative in the Southern District of New York ("SDNY"). The SDNY court denied Procaps' request. Thus, Patheon argues that Procaps' request to depose Lagarde is an end-run around the SDNY court order.

As was the case with Procaps' request for an ESI Representative deposition, the Court finds that Patheon did not waive its Rule 30(a) deposition limit objection as it relates to this deposition and that Procaps has not justified its prior depositions. As a result, the Court **denies** Procaps' request for this deposition. *Barrow*, 202 F.R.D. at 484.

As an alternative ground, the Court also **denies** Procaps' request because it has not shown a justification or need for *this* deposition. First, Procaps knew of the merger plans in November 26, 2013, when it deposed Glass [ECF No. 398-1, p. 39], but failed to timely act on this information. Second, Procaps wants Lagarde's deposition because, as it says, Argoskin did not know anything about Patheon's day-to-day operations. In other words, Procaps is not satisfied with Argoskin's deposition answers. But a SDNY court has found that Argoskin's deposition answers satisfied Rule 30(b)(6)'s requirements. [ECF No. 366-1]. While Procaps may disagree with that ruling, this Court is not the appropriate forum to reconsider that ruling.

16

### D. Conclusion

As set forth above, the Court **denies in part** and **grants in part** Procaps' motion. Consequently, the Court finds that neither Patheon nor Procaps is a prevailing party under Rule 37 for purposes of a fees award. Therefore, the Court declines to enter an award of attorney's fees on this motion.

## III. CONCLUSION

One final point: the level of acrimony, ill will, and personal attacks between counsel appears to be increasing yet again. [ECF No. 230, p. 2]. As the Court noted, it will continue to ignore these personal attacks when substantively reviewing the parties' filings. [*Id.* at pp. 1-2]. Thus, these personal attacks, whether in emails attached as exhibits or in other court filings, serve no purpose in advancing each party's arguments but only serve to increase counsel's stress, tension, and anxiety. The Court will rule on motions based on the facts and the law. Tossing in emotional rhetoric and branding opposing counsel with offensive insults detracts from the legal arguments.[3]

Practicing law is stressful. Being a litigation lawyer is particularly stressful. Litigating a huge-dollar antitrust case with complex issues is even more stressful. This stress is compounded when the attorneys are personally attacking each other. Counsel

---

[3] *See, e.g.,* San Diego Bar Association, *Fifty Tips From the Bench* http://litigation.utahbar.org/50_tips.html (last visited March 24, 2014) (where tip 30 advises to "Don't attack opposing counsel" because "demonstrating unpleasant feelings toward opposing counsel by disparaging remarks or gestures will usually damage you in the court's eyes and will usually invite (or escalate) a counter-attack" and because it will "distract the court from the points you need to make.")

may want to respond in kind when attacked, but, in the words of Mahatma Gandhi, "an eye for an eye only ends up making the whole world blind." For their own emotional wellbeing, counsel are encouraged to avoid the rhetorical blitzkriegs and verbal muggings. And for the Court's benefit, the attorneys are now specifically directed to refrain from using motions and memoranda as a means to launch personal assaults against opposing counsel. If counsel cannot constrain themselves and continue to engage in verbal volleys and insult-riddled barrages, then the Court will take action.

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 26, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record