UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

        Plaintiff,

v.

PATHEON INC.,

        Defendant.
_____/

## REPORT OF THE SPECIAL MASTER (NO. 1)

By order dated July 14, 2014 (DE 558) (July 14, 2014 Order), the undersigned was appointed as a Special Master to, among other tasks, resolve disputes between Procaps S.A. (Procaps) and Patheon Inc. (Patheon) concerning the implementation of the Court's May 5, 2014 Second Amended Forensic Analysis Order (DE 493) (May 5, 2014 Order). Among my assignments was the resolution of the search term refinement procedure dispute embodied in the parties filings (DE 543, 544) and discussed in a hearing held by the Court on June 19, 2014 (DE 551).

Following an organizational conference call held on July 15, 2014, the parties transmitted to me a number of papers from the docket. After reviewing the parties' submissions, I prepared a memorandum dated July 23, 2014 that summarized (1) what appeared to be the agreement of the parties on certain issues associated with the refinement process and (2) the differences between the parties on (a) the refinement of certain search terms and (b) the removal of certain files from the volume of data to be searched.

To confirm the agreement and address the differences, with a court reporter present, I conducted a telephone conference with the parties on July 24, 2014. Todd Stefan, who works for Setec Investigations (Setec), the third-party e-discovery vendor involved here, joined the telephone conference. After confirming the areas of agreement between the parties, and then listening to the parties defend their respective positions on the areas upon which they differed, I advised the parties that I would be making the following recommendations to the Court in this Special Master's Report No. 1.

**Search Terms or Search Strings.** There are 108 numbered search terms or search strings (collectively hereafter, "search terms") in issue, although Patheon has broken up some of the numbered search terms into two (e.g., what was "1" before is now "1" and "1a"). The parties have no disagreement over search terms 2, 14-62, and 66-99.

I asked the parties to confer to see if they could work out their differences on search terms 1, 3-13, 63-65, and 100-108. They did confer. They could not agree. In brief:

- Patheon sought to modify search terms 9-10, 12, and 100-108 in the hopes that they would produce document numbers that would be manageable. Procaps regarded these terms originally as overbroad and unworkable and still regards them as such despite Patheon's proposed modifications.

- Patheon is willing to delete search terms 63-64 but not on the condition sought by Procaps (involving modifying other search terms to pick up the topics of search terms 63-64).

- The parties then have differences on how best to modify search terms 1, 3-8, 11, 13, and 65.

There are two choices here. Given the complexity of some of the search strings it would be difficult to resolve the parties' differences without an in-person conference in which we reviewed search term by search term the advantage or disadvantage of each party's proposals. That would not be an inexpensive proposition given that Patheon's e-discovery counsel is not

731250 v1

located in Miami. Patheon's counsel estimated that going through this exercise would cost Patheon at least $50,000. That seems extravagant, but even if this is an order of magnitude too high, the joint cost to the parties is several times greater than the alternative way to proceed.

That alternative would direct Setec to run Procaps' proposed modified search terms and, separately, to run Patheon's competing set of modified search terms. Setec would then produce a report showing the results for each set of search terms in dispute. With those statistics in hand, decisions could then be made about whether Patheon's proposals reduced the universe of documents to a manageable number in contrast with Procaps' proposal. Setec advised me that the cost of doing this would be less than $3,000.

Patheon urged the adoption of the latter approach. Procaps acknowledged that this approach would be less costly up front but was concerned about review costs later that would result from overbroad requests. Patheon assured me it would be reasonable in evaluating the results of the two searches with respect to review demands. That is its obligation, of course, but assurances aside, based on the Court's prior orders and the authority given me in the Court's July 9, 2014 Order, there is enough leeway in cost or fee-shifting recommendations or decisions to deal with future conduct as may be necessary.

Hence, I am recommending that this latter approach be followed here. To its credit, Procaps has already authorized Setec to so proceed, subject to the discussion below.

**Temporary Files.** Procaps sought to remove "temporary" files from the data set that will be searched. Mr. Stefan explained that temporary files are created when a hard drive "crashed" or when "auto-save" features in a software program created the temporary file. Patheon agreed to removal of temporary Internet files but was unwilling to agree to removal of temporary files created using Microsoft Office products or temporary files in Portable Document File (.pdf)

3

format.  After listening to Patheon's counsel argue why it felt that temporary files could be material to Patheon's defenses in the litigation, I was not persuaded.  Mr. Stefan advised that there would be no cost associated with omitting these files from the application of both sets of modified search terms.  I recommend that Setec exclude documents or file types that it can identify as temporary files.

**Folder Name, Folder Path, or File Path Fields.**  Procaps wants to exclude the application of search terms to the name on a folder, file, or file path.  Patheon believes the name of a folder could be material.  The practical distinction is this.  If a folder name is picked up by the search, every document within that folder will be reported even if no document in the folder otherwise satisfied any of the search terms.  Patheon used the example of a paper file folder with a name that gave the impression its contents would be relevant.  Even though the contents turned out not to be relevant, it wanted it know if the folder name was picked up by a search term.

There is a cost of approximately $1,500 to remove these file names from the data set.  Procaps was happy to pay this amount because it believed the investment would save all of the parties considerably more in the future in avoiding consideration of documents that otherwise did not satisfy a search term.

Given what I judged to be the very low value of searching folder names, the fact that all documents in all folders will be run through the search term process, and if it truly becomes material later, the folder that a document came from can then be identified, it is my recommendation that Setec not run the modified search terms against folder names, folder paths, or file path fields.

**The "Date Modified" Field.**  Procaps requested that the temporal limitation of January 1, 2010 to July 19, 2013 not be applied to the "Date Modified" metadata field.  After listening to

4

731250 v1

Patheon's explanations why doing so might omit potentially relevant documents but more importantly, considering the Court's prior disposition of this issue (DE 493, p. 8), I am recommending that Setec continue to apply the temporal limitation to the Date Modified field.

**Cost-Shifting.**  Procaps proposed to have Patheon pay certain of Setec's costs.  At this juncture, I am recommending that Procaps continue to pay Setec's costs.  The Court's May 5, 2014 Order and the July 9, 2014 Order address cost-shifting with enough flexibility that this topic can be addressed later if appropriate.

The parties reached agreement on the following issues and I recommend that their agreement be accepted:

**Exclusion of Certain File Types.**  The parties agreed that Setec shall exclude from the search the following file types: .3g2, .3gp, .ai, .avi, .bmp, .eps, .flv, .gif, .idx, .jpeg, .jpg, .mid, .mov, .mp3, .mp4, .mpg, .mpeg, .pkg, .psd, .swf, .wav, .wma, and .wmv.

**Setec's Report.**  Setec will report results by Keyword Number, Image Custodian, Image, Evidence Type, Limiter, Total Hits, Total Docs, Total MB, and Search String as follows.  The report will separate search results for the English and Spanish versions of the modified search terms and will identify:

  a. The number of documents that contain each modified search term and no other search term;

  b. The total number of documents (both with and without the total number of documents in associated families) that match all of the modified search terms combined;

  c. The total number of documents (both with and without the total number of documents in associated families) that match all of the modified search terms combined when searched together on a per source basis;

  d. A list of all file types that contained the hits of the modified search terms; and

5

      e.   The number of document hits that resulted for each file type using the modified search terms.

**Follow-Up.**  The parties agreed that within 4 business days of receiving Setec's revised report, the parties shall evaluate whether further refinement is necessary and, if so, the parties' e-discovery attorneys shall again meet and confer with Setec about the appropriate search terms' refinement procedure.

**Extension of Deadlines.**  I do not yet have a recommendation on the extension of the dates set forth in Paragraphs 11 and 13 of the Court's May 5 Order (DE 493).  That recommendation will follow once the parties obtain the results of Setec's next report and we reconvene.

**Objections to this Report.**  I asked the parties to respond promptly to the Court if it had no objections to my recommendation so that Setec can be properly instructed to proceed.  For its part, once instructed, Setec can complete the searches of the data in a day or two.

**Procaps' Motion to Compel Forensic Analysis.**  The parties have agreed to a briefing schedule.  Patheon will respond to the motion by August 14, 2014.  I allowed Procaps through August 21, 2014 to reply.   So that each side has a fair opportunity to be heard, I will schedule argument thereafter as part of work with the parties on other tasks referred by the Court.

      Respectfully Submitted,

      /s/ John M. Barkett
      Special Master
      July 25, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of July 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

      /s/  John M. Barkett____

731250 v1