UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF PROCAPS' MOTION TO STRIKE (AND FOR OTHER RELIEF)

This Cause is before the Undersigned on Plaintiff Procaps, S.A.'s ("Procaps") Motion to Strike Defendant's Opposition to Plaintiff's Motion to Compel Return to Mediation and Motion for Sanctions against Patheon and its Counsel for Violating Mediation Rules (the "Motion"). [ECF No. 592]. Having considered the Motion, Defendant Patheon's Response [ECF No. 599], Procaps' Reply [ECF No. 601], and the pertinent portions of the record (including the "offending" submission [ECF No. 587]), the Undersigned **denies** the Motion for the following reasons.

On August 18, 2014, Procaps filed a Motion to Compel Return to Mediation [ECF No. 572], which Patheon opposed. In Patheon's opposition [ECF No. 587], it resolutely objected to a return to mediation, making several strong statements that called into question the ability of the parties to compromise in this case, at times alluding to the

previous mediation that had occurred. Procaps contends that six specific instances in that opposition violate the confidentiality inherent in mediation sessions:

> statements that (1) there was a "monumental gap" at mediation; (2) Procaps refused to "close the gap" during or after mediation with a reasonable settlement; (3) Procaps made an "over-the-top" settlement offer at mediation "based" on Patheon's revenues; (4) Patheon made a "counteroffer" to Procaps' settlement offer from the mediation; (5) Procaps refused to disclose a rule of reason theory to Patheon; and (6) Procaps' counsel made no effort to confer in good faith about mediation and settlement.

[ECF No. 592, p. 2]. Given these alleged violations of mediation confidentiality,[1] Procaps argues that Patheon's entire pleading should be stricken by the Court. [*Id.*]. This argument is not convincing.

It is, of course, absolutely true that Patheon made the statements attributed to it by Procaps, as the second to last paragraph of the response alone features a rundown of almost every allegedly offending statement in controversy in a single sentence. [ECF No. 587, p. 4]. However, almost all of the challenged disclosures are innocuous and not violative of the confidentiality rule.

The first statement that Procaps challenges is Patheon's contention that there was a "monumental gap" at the initial mediation. [ECF No. 592, p. 2]. Morevoer, Procaps also argues that Patheon's contention that Procaps refused to "close the gap" during or

---

[1] Local Rule 16.2(g)(2) states in pertinent part: "All proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury or construed for any purpose as an admission against interest."

after mediation with a reasonable settlement is also problematic. [*Id.*]. The Undersigned disagrees. The motion that Patheon was responding to when making these two statements was a Motion to Compel Return to Mediation. It stands to reason that any argument that opposes a return to said mediation would mention -- at least to some *limited* degree -- the fact that the previous mediation did not succeed because of substantial differences.

    The fact that a settlement was not reached at the mediation is indicative of an impasse; the permeability of that impasse is a major factor that the Court would consider in deciding whether it was appropriate to order a follow-up mediation. As such, Patheon's use of generalized terms to describe the breadth of the gap between the parties' positions and Patheon's impression of Procaps' willingness to bridge the divide does not disclose confidential details and is sufficiently generic to not constitute a violation of the confidentiality rule. Further, Patheon's assessments of Procaps' good faith efforts at compromise also fit under this umbrella, as does the fact that the parties could not successfully exchange offers outside the context of mediation while in the run-up to the Motion to Compel Return to Mediation. [ECF No. 587, p. 3]. These statements are responsive to the Motion being addressed and the Undersigned views them as being relatively harmless.

    The Court does, however, agree that certain statements made by Patheon in its opposition to the Motion to Compel Return to Mediation did in fact go a tad too far in

describing specific positions of Procaps during the mediation and in the allusions to subject matter arising during the mediation, but these technical violations do not constitute such a severe abuse of the trust in mediation as to warrant the severe remedy of striking an entire pleading though.

To be sure, Patheon could have easily made its point by simply stating there was a "monumental gap" that the opposing party refused to close and leaving it there, rather than adding in Procaps' exact demand. [ECF No. 587, p. 4 ("Procaps' over-the-top settlement demand is based on its expert's flawed opinion that the Collaboration would have generated $1 billion in revenues . . .")]. The inclusion of this specific information in the response to the mediation motion is inappropriate because of the additional detail (modest as it may have been) that it includes. Further, Patheon's statement that "Procaps has no rule of reason theory, as evidenced by its refusal to disclose one to Patheon," is also an unnecessary and inappropriate disclosure of mediation communications.[2] [*Id.*].

Nevertheless, despite Patheon's technical violations, Procaps' suggested remedies are disproportionate. Procaps argues primarily in favor of striking the entire pleading [ECF No. 592, pp. 2-5], while also suggesting a lesser penalty of allowing

---

[2] In certain contexts, such as solely in relation to Local Rule 7.1's mandatory conferral process, Patheon's reference, in a court submission, to the rule of reason theory may be permitted and may in fact be relevant to the motion in controversy, but Patheon's reference to it here transparently alludes to specific positions taken by Procaps in the actual mediation session.

Procaps to also disclose confidential communications from the mediation. [*Id.* at pp. 5-6]. The Undersigned does not favor either of these penalties.

As previously mentioned, the Court does not consider most of Patheon's alleged transgressions of the mediation privilege to actually be violations. Aside from the two specific instances detailed above, Patheon was appropriately responsive to Procaps' motion when it provided general characterizations of the first mediation process (as well as of the Local Rule 7.1 conferral process leading up to the Motion to Compel Mediation) as evidence of why it opposed a new round of mediation. While the Court certainly does not look favorably upon Patheon's few excessive disclosures, the Undersigned does not view them as significant enough to "chill" mediation, as Procaps argues [ECF No 592, p. 3 (citing *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168 (S.D. Fla. 2012)], and thus to warrant the extreme sanction of striking.

Procaps' lesser-included sanction of a follow-up violation of the mediation privilege is also inappropriate under these circumstances. While Procaps may be under the impression that it is necessary for it to violate the confidentiality rule and offer its own take on the specifics that Patheon inappropriately disclosed [ECF No. 392, pp. 5-6], such an action is also inappropriate. The Undersigned is extremely familiar with the facts and issues underlying this case -- there are now more than 600 docket entries in this lawsuit that began in December of 2012 -- and my perception of the case will not be influenced by the few, isolated statements which were slightly over-the-top because

they provided a bit too much detail about the mediation. Both parties are now on notice to not reveal any further confidential mediation communications.

Accordingly, Procaps' Motion to Strike Defendant's Opposition to Plaintiff's Motion to Compel Return to Mediation and Motion for Sanctions against Patheon and its Counsel for Violating Mediation Rules is **denied**.

**DONE AND ORDERED** in Chambers, in Miami, Florida, October 22, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

John Barkett, Special Master