UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

      Plaintiff,

v.

PATHEON INC.,

      Defendant.

_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT PATHEON'S MOTION FOR LEAVE
TO SERVE ADDITIONAL RULE OF REASON DISCOVERY

In this federal antitrust case, Defendant Patheon, Inc. ("Patheon") moved for leave to serve additional discovery concerning Plaintiff Procaps S.A.'s "("Procaps") rule of reason theory of establishing liability and damages. [ECF No. 635]. The Undersigned has reviewed the motion, Procaps' response [ECF No. 639], Patheon's reply [ECF No. 641] and Procaps' authorized sur-reply [ECF No. 647].

Because Patheon (and the Court) relied upon Procaps' prior representation that it was pursuing only a *per se* antitrust claim and would not litigate a rule of reason approach, Patheon agreed to forego rule of reason discovery. But Procaps changed its position at the eleventh hour (i.e., during the summary judgment briefing) and is now pursuing the very rule of reason case it previously advised it would not use. Therefore,

Patheon says that the Court needs to make sure that it is not unduly prejudiced by Procaps' late-in-the-game strategic change. Under the circumstances (which will be described in greater detail below), providing Patheon with the opportunity to obtain some additional discovery about Procaps' last-minute theory is necessary to prevent undue prejudice. But the Court will not now permit all the requested discovery, and part of the motion will therefore be denied without prejudice.

The Court **grants the motion, in part**, concerning the interrogatories. Procaps will answer the additional 16 rule of reason interrogatories [ECF No. 635-8] within 30 days of this Order. But Patheon may not serve the subpoenas it referenced in its motion on NPI and Softgen because the Court is not convinced by Patheon's arguments. As outlined below, the parties dispute the facts concerning Nature's Products, Inc. ("NPI") and Softgen Pharmaceuticals LLC ("Softgen") and take diametrically opposed positions concerning these two companies' relationship with Procaps and with the Procaps' softgel products. The Court therefore denies the motion, without prejudice, concerning the third party subpoenas to NPI and Softgen. If Patheon later develops evidence establishing that Procaps' factual representations about NPI and/or Softgen are false or materially misleading and that discovery from them is critical, then it may refile its motion.

**Factual Background**

Patheon moved to dismiss the Complaint because, it argued, Procaps did not allege a full rule of reason claim. [ECF No. 34-1]. Procaps objected to the dismissal motion, arguing that the Complaint alleged only a *per se* theory of liability or a quick look rule of reason analysis.  Therefore, Procaps argued then, it did not need to plead the elements of a rule of reason claim, such as market power. [ECF No. 37]. The District Court (which presided over the case before there was full consent to the Undersigned) denied the motion to dismiss, finding that Procaps had sufficiently alleged a *per se* antitrust claim [ECF No. 50].

During discovery, Procaps was able to avoid answering rule of reason discovery propounded by Patheon by representing that it was pursuing only a *per se* theory of liability -- and that rule of reason discovery was therefore irrelevant. For example, in response to an interrogatory, Procaps provided the following answer: "Given the nature of the restraint at issue and the parties' relationship as horizontal competitors, there is no need to undertake an analysis under the rule of reason, or any of its forms, including the 'quick look' mode of analysis. Therefore, Procaps is not affirmatively asserting a rule of reason or quick look case." [ECF No. 581, p. 6].

Likewise, at an October 7, 2013 hearing on myriad discovery disputes, Procaps' counsel explained: "We are not going to do that. We're not going to litigate our claims under a rule of reason theory." After the Undersigned asked if Procaps would change

its position based on Patheon's expert's opinions, counsel repeated the formal position: "We will not amend to assert rule of reason. We will not litigate this case on rule of reason regardless of what they say." [ECF No. 147, pp. 89-90].

Procaps also made another commitment:  it represented that it would not define a relevant market. Specifically, Procaps' counsel explained that "whatever they want to do with regard to defining a relevant market, fine. They can do it. We're not going to come back on rebuttal and say, Judge, their definition of relevant market is defective, and here's why. We're simply going to say, their definition of the relevant market is irrelevant to this case.  That's all we're going to do." [ECF No. 147, p. 97].

In its opposition to Patheon's summary judgment, however, Procaps dropped a footnote which "reserved the right to prove at trial anticompetitive effects within the markets defined by Patheon's expert" should the Court determine that "the full-blown rule of reason mode of analysis applies." [ECF No. 520-1, p. 13 n.8]. But at the summary judgment hearing, Procaps explained that it had reserved for itself only the *per se* and quick look modes of analysis. [ECF No. 487, pp. 40-50].

The Court ultimately denied most of Procaps' summary judgment motion and determined that the case warrants a rule of reason analysis. [ECF No. 565, pp. 43-44].

Patheon then filed a motion for judgment, or, in the alternative, for leave to file another summary judgment motion. The Undersigned denied the motion but provided Patheon with other relief -- i.e., the opportunity to receive additional discovery and the

ability to file a motion seeking additional discovery if the discovery were to be inadequate or generated an additional need. [ECF No. 610]. Patheon's instant motion is the motion authorized by prior Order.

In response to the Order denying Patheon's motion for judgment but providing other relief, Procaps served amended answers to interrogatories. Patheon deems the amended interrogatory answers to be deficient and it also seeks additional discovery from third parties. After Patheon filed its motion for leave to take additional discovery, Procaps supplemented its amended interrogatory answers. Entitled "Procaps' Second Supplemental Response to Interrogatory 21," Procaps' most-recent discovery response is a 14-page declaration, with incorporated color charts and graphics, signed by its CEO and President. [ECF No. 641-1].

This latest interrogatory answer (signed on January 17, 2015) provides notice that it entirely supersedes the supplemental interrogatory answer provided on November 24, 2014 [ECF No. 641-1, p. 4]. It answers Interrogatory No. 21, which asks; "For each aspect of conduct of Patheon that you claim violates (i) state or (ii) federal antitrust laws, identify with specificity the relevant product and geographic market(s) that must be used to determine or analyze the legality or competitive effects of such conduct."

**The Parties' Positions**

Patheon contends that the 16 new interrogatories it wants Procaps to answer are critical to its ability to defend Procaps' rule of reason case. Specifically, it argues that the

interrogatories seek information about market shares, market power, Procaps'

purported exclusion from the relevant market, the procompetitive effects of the initial

Collaboration (because Procaps' supplemental answers contend that Patheon's

acquisition of Banner had no competitive benefit in the relevant market), conditions or

activities outside of the relevant market (because Procaps' supplemental answers claim

that Patheon's position in adjacent markets bears on the anticompetitive effect in the

relevant market) and the competitive harm Procaps alleged in its supplemental

interrogatory answers.

In addition, Patheon is leery that Procaps is trying to dodge its concession that "it

would 'adopt and not challenge Patheon's market definition'" by "broadening the

market definition that governs this case." [ECF No. 635, p. 3, n. 4]. As support for this

concern, Patheon points to Procaps' supplemental interrogatory answers that it will

"'argue and present evidence . . . as to matters outside the relevant markets that may

bear on competitive effects within the relevant markets.'" [*Id.*]. Procaps' supplemental

answer purports to reserve the right to present this evidence, including expert opinion

testimony.

Procaps objects to the additional 16 interrogatories. It contends that its

supplemental answers were drawn from the pre-existing discovery record, including

documents from the banks which funded the Banner acquisition. Procaps argues that its

supplemental answers did not generate any new information not already known to

Patheon and that Patheon has not sufficiently explained how the supplemental answers actually generate the purported need for more discovery. It also argues that the market share which would be relevant under a rule of reason analysis would be **Patheon's**, not Procaps' market share, and that Patheon knows its own market share. Procaps also contends that Patheon's rule of reason defense would not be advanced with information about *Procaps'* market share.

In addition, Procaps asserts that its exclusion from the market has been an issue since the start of the case, a circumstance which Procaps focuses upon when arguing that "Patheon has no excuse for not propounding these interrogatories sooner." [ECF No. 639, p. 3].

Patheon contends that the subpoenas are "directed to Procaps' U.S. affiliates engaged in softgel development and manufacturing." [ECf No. 635, p. 3]. It argues that Procaps' supplemental interrogatory answers reference "adjacent markets," which generates a need to seek documents "relevant to determining whether Procaps' affiliates participate in the relevant *or* adjacent markets." [ECF No. 635, p. 4 (italics emphasis by Patheon)].

In its initial response [ECF No. 639, p. 1], Procaps argues that Patheon's claim that non-parties NPI and Softgen are Procaps' "U.S. affiliates" is "without support" because NPI and Softgen "are *not* Procaps, [and] the companies do not develop or manufacture softgels." (italics emphasis by Procaps).

7

Specifically, Procaps stridently proclaims that "NPI is *not* Procaps," that "NPI is not in the 'Procaps Group,'" and "doesn't belong in the Procaps Group." [ECF No. 639, p. 4]. According to Procaps' response, NPI is a "separate company" in Sunrise, Florida, headed by a brother of Ruben Minski (a Procaps' principal). [*Id.*]. Procaps further represents that (1) NPI does not service the prescription or over-the-counter markets, (2) sells only food supplements and nutritional products, and (3) does not manufacture, sell or develop softgel products relating to the Collaboration Agreement at issue in this lawsuit. [*Id.*]. It also contends that NPI is not a "competitor of Patheon or Banner in any capacity." [*Id.*]. And it contends that NPI's food supplement business is irrelevant to any issue in the case. [*Id.*].

Concerning Softgen, Procaps says that this entity is also not part of Procaps. Instead, Procaps says, Softgen licenses softgel products from Procaps. Procaps represents that Softgen does not manufacture or develop softgel products for it, and explains that Softgen is a Florida-based company which is "mostly in the generics business licensing." [ECF No. 639, p. 4]. Procaps acknowledges that Softgen (and NPI) may ultimately be owned by a large family trust, but advises that both entities are "separate and distinct companies." [*Id.*] Procaps highlights the fact that there are no claims or allegations against NPI or Softgen in this lawsuit.

After Procaps filed its response, the Undersigned permitted Patheon to file a three-page reply. Patheon adopted a strong position on the proposed third party

subpoenas to NPI and Softgen, proclaiming that Procaps' claim -- that the two entities are not Procaps U.S. affiliates engaged in softgel development and manufacturing -- to be "so untrue that Procaps must have been betting on having the last word." [ECF No. 641, p. 3]. Patheon submitted a declaration (since stricken by Court Order) and argued that Procaps, NPI and Softgen "operate as a single entity and that NPI and Softgen develop and manufacture softgels." [*Id.*].

But in a Court-approved sur-reply, Procaps attacks Patheon's explanations, arguing that Patheon conflated facts, intermingled witness testimony, obscured the functions and legal status of the two companies, reached unfounded conclusions, asserted improper suggestions, mischaracterized deposition testimony, omitted testimony in order to generate a misleading impression and asserted conclusions which are either unsupported or contradicted by the record evidence.

For all practical purposes, Procaps' sur-reply repeats the points made in its initial opposition to Patheon's motion for rule of reason discovery -- but does so in a more emphatic way. At bottom, Procaps highlights the point that NPI and Softgen are separate entities, distinct from Procaps. Not only does NPI not manufacture or develop softgel products in its Sunrise, Florida facility, Procaps explains, but its facility lacks the ability or capacity to do so. [ECF No. 647, p. 3].

**Analysis**

Patheon relied upon Procaps' representations about the nature of its claim when it agreed, during a discovery hearing, to an arrangement which the Undersigned, in effect, suggested as a means to avoid an ongoing discovery dispute.  Because Procaps represented that it would not pursue a rule of reason claim, Patheon concluded that it could safely drop the rule of reason discovery. But now that the Court ruled that the rule of reason is the analysis which will be used to evaluate Procaps' claims and now that Procaps is proceeding on that theory, it would be fundamentally unfair to deny Patheon the ability to obtain rule of reason discovery.

Procaps argues that Patheon should have, and could have, propounded this discovery earlier.  But this argument glosses over the all-important point that Patheon did not pursue the discovery it could have because Procaps sent the clear message that the discovery was irrelevant and unnecessary. Having induced Patheon into accepting the notion that rule of reason discovery was not needed, Procaps cannot now seek to shut down the additional discovery contemplated by the Court's prior Order by faulting Patheon for not propounding the discovery earlier.

To be sure, Procaps has now answered additional interrogatories and also provided a supplemental interrogatory answer.  Similarly, there is no doubt that the supplemental interrogatory answer is facially comprehensive and comparatively lengthy.  But that does not mean that Patheon cannot obtain additional discovery.  The

Undersigned concludes that the additional interrogatories sought by Patheon are relevant, discoverable and encompassed by the previous order authorizing a request for additional discovery.

Therefore, in accordance with the Court's broad discretion over discovery matters, Procaps is ordered to answer the additional interrogatories by March 20, 2015. *See Harden v. Adams*, 760 F.2d 1158, 1167 (11th Cir. 1985) ("a district court enjoys broad discretion over discovery matters"); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution, Co.*, 748 F.2d 602, 609 (11th Cir. 1984) ("trial judge has broad discretion to control the course of discovery, especially in a complex antitrust case such as this one").

However, the subpoenas are different.  Patheon's purported explanation for its need is based on its understanding that NPI and Softgel are part and parcel of Procaps and its view that their business activities are those of a Procaps affiliate. But Procaps vigorously and repeatedly denies these theories and submitted a declaration confirming its position.  It also called attention to myriad deposition excerpts which also tend to bolster its position. Patheon's rationale is based on its *interpretation* of certain limited discovery, including information on websites. In contrast, Procaps' opposition to the discovery is based on testimony from persons with knowledge. The Undersigned is not aware of any reason to ignore or reject the testimony and therefore accepts Procaps' unambiguous and straightforward statements of fact.

Under these circumstances, the Court denies without prejudice the portion of Patheon's motion for discovery of third parties through the NPI and Softgen subpoenas. If it turns out that those two companies are in fact more related than Procaps claims or if Procaps' denials turn out to be incorrect, misleading or materially incomplete, then Patheon may revisit the issue with a renewed motion for discovery and any other type of relief warranted under the circumstances.

**DONE AND ORDERED** in Chambers, in Miami, Florida, February 20th, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record
John Barkett, Special Master