UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.
_____/

**ORDER DENYING PROCAPS' MOTION FOR "*IN CAMERA* REVIEW OF RELEVANT ANTITRUST DOCUMENT FOR PRIVILEGE"**

In this federal antitrust case, Plaintiff Procaps S.A. ("Procaps") has filed a motion [ECF No. 668] asking this Court to review *in camera* for privilege a document which a non-party headquartered in New Jersey produced in response to a subpoena. The United States District Court for the District of New Jersey has already ruled upon other discovery disputes concerning the subpoena, and Procaps previously filed three motions in that court concerning this subpoena.  In one of them, Procaps asked for an "*in camera* inspection" of documents on the third party's privilege log.

Defendant Patheon Inc. ("Patheon") objected [ECF No. 679] to Procaps' motion filed in this Court, noting that (1) this Court lacks jurisdiction over this motion; (2) the document at issue is not a Patheon document, it is the third party's document; (3) the third party is not before this Court; and (4) the motion is, in effect, an improper attempt

to conduct what is tantamount to an *ex parte* proceeding because the third party is not a party to this lawsuit.

For the reasons outlined in greater detail below, the Undersigned **denies** the motion. The Court lacks jurisdiction to evaluate the New Jersey entity's clawback attempt concerning a document it now says it inadvertently produced in response to a federal court subpoena served on the New Jersey entity's registered agent. This ruling is purely jurisdictional.  It has no bearing on whether the document is or was privileged, whether any privilege (assuming one existed) was waived, whether the party who produced the document has standing to assert a privilege, or whether the clawback request should be granted. At bottom, Federal Rule of Civil Procedure 45 requires the dispute to be resolved by the District Court in New Jersey, which is where the compliance is required.

**Factual Background**

Procaps and Patheon have been hotly litigating Procaps' antitrust claim against Patheon since 2012. Procaps is seeking hundreds of millions of dollars in treble damages. There are 680 docket entries, a Court-appointed forensic expert to analyze Procaps' electronically stored information ("ESI") and a Special Master to assist the Court with the ESI issues. The special set jury trial is scheduled to begin November 16, 2015.

In 2013, Koninklijke DSM N.V. ("Royal DSM") and JLL Partners, a private equity firm, entered into a joint venture to create a new entity, DPx Holdings, B.V. Royal DSM contributed several legal entities, including DSM Pharmaceutical Products, Inc., which Procaps typically calls DSM (even though the entity calls itself "DPP") to DPx, and DPx acquired Patheon. As a result of the transaction, which closed March 11, 2014, DPx became the parent of both DSM and Patheon. Patheon and DSM maintained their separate corporate existence after the Royal DSM/JLL joint venture, and they both continue to exist. Royal DSM and DPx are both Dutch companies. [ECF No. 679, p.2].

On December 5, 2013, Procaps served a subpoena on DSM, requiring it to produce certain documents. DSM is headquartered in New Jersey. On December 19, 2013, DSM objected and refused to produce any documents. On March 10, 2014 Procaps filed a motion to compel against DSM in the United States District Court for the District of New Jersey. (Case 2:14-cv-01558-SDW-SCM).

Since then, Procaps and DSM have litigated their discovery disputes arising from that subpoena in the New Jersey District Court. The Court has had at least two hearings, including one as recent as April 6, 2015. The April 6, 2015 hearing was on Procaps' Second Motion to Compel against DSM. [ECF No. 24, N.J. docket]. Procaps' second motion to compel was filed on March 19, 2015, the same day it filed a motion to compel DSM to produce documents on a privilege log and to submit a new privilege log. [*Id.*].

In its motion to compel DSM to produce documents on a privilege log and to submit a new privilege log, Procaps advised the District Court in New Jersey that DSM **waived** the attorney-client privilege by **disclosing** documents to third-party financial consultants and auditors.

DSM opposed Procaps' second motion to compel [ECF No. 29, N.J. docket], and filed a 32-page memorandum. The Latham and Watkins law firm represents DSM (a/k/a DPP) in the subpoena litigation in the New Jersey District Court.

On March 30, 2015, a Latham and Watkins attorney wrote to Procaps' lead trial counsel in this case, explaining that the law firm recently learned that DSM inadvertently produced a PowerPoint presentation on December 24, 2014, in response to the subpoena. The letter contends that the PowerPoint presentation contains several slides with unredacted legal advice from Royal DSM's in-house counsel, described as DPP's former corporate parent. The letter [ECF No. 668-1] further argues that Procaps should have known that the document contained inadvertently-produced privileged information and should have promptly alerted DPP about the inadvertent production.

The letter demands that Procaps promptly return, sequester or destroy the information (and all copies), not use or disclose the information until the claim is resolved, and take reasonable steps to retrieve the information. The letter does not expressly say to whom Procaps should return the document, but, in context, it appears as though the implicit demand is that the presentation be returned to DPP. The attorney

4

writing the letter does not in that letter disclose the party or parties he represents. It seems from the context of the letter that the attorney represents DPP, but he could *also* be representing Royal DSM, the party who presumably holds the privilege which the letter says was inadvertently disclosed by DPP.

On April 2 or 3, 2015 (the email filed with the Court, ECF No. 668-7, does not reflect the date), Procaps' counsel advised that it is sequestering the PowerPoint, confirmed that it has not used it or disclosed it since receiving the clawback request, and would not do so until the Court resolves the issue.

The record reflects myriad emails between counsel for DPP, Procaps, and Patheon. In an April 2, 2015 email [ECF No. 668-7], Patheon's lead trial counsel announced its position to Procaps: "The document at issue is not Patheon's document. Patheon is not involved in this dispute. Patheon did not produce the document. Patheon has not been involved in your disputes with DSM over your subpoena. So, I ask you to leave Patheon out of this. Please direct your questions to the appropriate party – DSM. Patheon cannot answer your questions."

Two days earlier, on March 31, 2015, Patheon's lead trial counsel in this case wrote an email to Procaps' trial counsel, noting that he heard about DPP's clawback request. In this email [ECF No. 668-2], Patheon's counsel noted that Procaps' response to Patheon's new interrogatories relies upon, and quotes from, privileged portions of the PowerPoint document at issue in the clawback request. Contending that Procaps

5

may not rely on, or quote, privileged information, Patheon's counsel asked Procaps to serve a revised interrogatory response (so that it would not quote privileged material).

On April 3, 2015, Procaps filed the instant motion. It argues that the Powerpoint is not privileged and asks the Court to review the document and Patheon's interrogatory answer "to determine whether the Presentation is privileged and whether Procaps must amend its answer to exclude its reference to the Presentation." [ECF No. 668, p. 1]. Procaps raises several arguments in its motion, including the theory that the communications were "business advice," and not legal advice, to facilitate the corporate decision of whether to proceed with the "Patheon/DSM merger"[1]  and the notion that any privilege was lost through disclosure "to third party financial institutions." In its conclusion, Procaps asks this Court to review the Presentation *in camera* and determine "that it is either not privileged or that any such privilege has been **waived.**" (emphasis added).

Although Procaps' motion does not expressly ask this Court to determine the validity of DSM's clawback demand to Procaps, it is clear that the clawback request is part and parcel of the waiver argument.

---

[1]   In its response, Patheon describes Procaps' explanation of the transaction as a "merger" as "unsubstantiated and false." [ECF No. 679, p. 2]. Patheon forcefully explains that it and DSM never merged, noting the legal distinctions between a joint venture and a merger.

Patheon's opposition [ECF No. 679] to the motion asserts several grounds for an order denying the motion, but its first argument is jurisdictional -- it says that this Court lacks jurisdiction over the motion.

**Applicable Legal Principles**

Federal Rule of Civil Procedure 45 (Subpoena) governs the jurisdictional issue. Subsection (e)(2)(B) provides that if a party makes a claim that information it produced in response to a subpoena is privileged, then the party seeking to compel production (e.g., Procaps) may "present the information under seal to the court for **the district where compliance is required** for a determination of the claim." (emphasis supplied).

Subsection (c)(2)(A), in turn, defines the "place of compliance" to be "within 100 miles of where the person resides, is employed or regularly transacts business in person." Because DSM is headquartered in Parsippany, N.J., this is the District of New Jersey. As noted, Procaps has already filed three motions with the New Jersey district court concerning the subpoena at issue in the instant motion, including a motion raising the argument that DSM waived applicable privileges -- the same argument it raises here in its motion for *in camera* review.

On the other hand, this Court has not entertained any motions concerning the subpoena served on DSM on December 5, 2013, until Procaps filed the instant motion in April 2015. The New Jersey district court has handled all disputes concerning the subpoena and, as noted, has held hearings.

7

Subsection (g) of Rule 45 provides additional support for the basic principle that the local court -- i.e., near the non-party served with a subpoena -- and not the district court where the underlying lawsuit is pending should resolve discovery disputes about the subpoena. Specifically, that subsection provides that "the court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." As explained above, New Jersey is the district where compliance is required for the DSM subpoena.

To be sure, subsection (g) also provides that the issuing court "after a motion is transferred" may also hold a person in contempt. This "transfer" language relates to subsection (f), which authorizes a court where compliance is required (i.e., the New Jersey District Court) to transfer a motion to the "issuing court" (i.e., this Court, in the Southern District of Florida) if "the person subject to the subpoena consents or if the court finds exceptional circumstances." But no one has advised the Undersigned that DSM consents to the privilege and waiver issues concerning the subpoena being handled by this Court. And Procaps has not argued that exceptional circumstances for such a transfer exist.

Subsection (f) is new, and became law in the 2013 Amendments to Rule 45, which were substantial. The Advisory Committee Notes to the 2013 Amendment explain that

the subsection "applies to all motions under this rule, including an application under Rule 45(e)(2)(B) for a privilege determination."

Significantly, the Advisory Committee Notes also explain that "local resolution" of disputes about subpoenas is designed to "protect local nonparties." The Notes further explain that "the prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Here, the New Jersey District Court has far more familiarity with the DSM subpoena than the Undersigned, given that it has held two hearings, issued orders and reviewed myriad motions and memoranda.

Even if Procaps had argued for a transfer (and it has not), it is unlikely that such an approach would succeed. The rule itself requires "exceptional circumstances," and the Advisory Committee Notes explain that "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." In fact, as noted in one of the leading treatises on federal civil procedure, the "exceptional circumstances" standard for an exception to the local resolution procedure "was selected to ensure that transfer was a rare event." 9A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE CIVIL 3D § 2451. *See also Woods ex rel U.S. v. SouthernCare, Inc.,* 303 F.R.D. 405 (N.D. Ala. 2014) (Alabama district court denied motion to transfer motion to quash subpoena back to the Mississippi district

9

court where the underlying action was pending and noting that risk of overlapping future rulings was not an exceptional circumstance).

In its motion, Procaps' discussion of jurisdiction takes up only two sentences, and the two cases it cites are not persuasive. In *In re Behr Dayton Thermal Prods., LLC*, 298 F.R.D. 536, 541 (S.D. Ohio 2014), all parties agreed that the Ohio district court had jurisdiction to entertain a motion for protective order concerning a subpoena served in Michigan. No such agreement exists here. In *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434, n.5 (M.D.N.C. 2001), a North Carolina district court considered a Rule 26(c) motion for a protective order concerning a Colorado deposition because it determined that it had jurisdiction over all the involved persons because they are either parties or a party's attorney and because a party filed a "broad" motion that discovery not be had or else be conducted on limited terms, a scenario it deemed as one extending "well beyond the matter of a specific subpoena." In the instant case, of course, DSM is not an involved party already before this Court. In addition, the dispute is not a sweeping one involving all discovery. Finally, the *Static Control Components* case arose 14 years ago, long before the 2013 amendments to Rule 45.

This Court lacks jurisdiction to entertain privilege and waiver issues concerning the subpoena served on DSM and there are no exceptional circumstances which would justify this Court to grab on to a dispute associated with a prolonged subpoena-related tussle already being litigated before the New Jersey district court. *Garden City Employees'*

10

*Retirement Sys. v. Psychiatric Solutions, Inc.*, No. Misc. 13-238, 2014 WL 272088 (E.D. Pa. Jan. 24, 2014) (denying request to transfer subpoena dispute to Tennessee district court and ruling on the merits of the dispute even though the Tennessee district court "undeniably has greater familiarity with the Underlying Action and plaintiff's theory of liability").[2]

Common sense also suggests that the New Jersey District Court, where DPP has been represented by counsel, should be the court to consider issues concerning a privilege claim for documents produced by DPP and waiver caused by DPP's self-proclaimed inadvertent production. Procaps wants the Undersigned to issue rulings on privilege and waiver, but the parties most affected by the ruling -- DPP and/or Royal DSM -- are not before the Court. In addition, the only other party who *is* before the Court, Patheon, has already advised that the document is not a Patheon document, that it does not hold and never asserted a privilege for the document, and that it is prohibited from seeing the document and cannot discuss it with counsel in order to obtain sufficient facts to assert a privilege. Therefore, Procaps' motion would mean that any substantive arguments about the privilege and waiver concerning the document would be a one-sided presentation, as DPP and Royal DSM are not before the Court.

---

[2] The Undersigned may have greater familiarity than the New Jersey District Court with the *antitrust* issues involved in the underlying lawsuit, but that Court has significantly more involvement than the Undersigned with the DSM subpoena and the disputes over privilege and waiver.

11

**Conclusion**

The Undersigned denies without prejudice Procaps' motion for *in camera* review (of the document produced by DSM). The Court lacks jurisdiction over the issues bound up in the motion. This ruling does not in any way address the merits (or lack of merits) of the substantive positions taken by Procaps or Patheon (or DSM or Royal DSM, who are not before the Court and who did not assert any arguments here about privilege or waiver).

**DONE AND ORDERED** in Chambers, in Miami, Florida, April 15th, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record
John Barkett, Special Master