**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 12-24356-CIV-GOODMAN**

**[CONSENT CASE]**

PROCAPS S.A.,

      Plaintiff,

v.

PATHEON INC.,

      Defendant.

_____/

**ORDER ON PATHEON'S MOTION FOR LEAVE TO DEPOSE**
**THE COURT-APPOINTED FORENSIC EXPERT**

> *"Knowledge is of two kinds.  We know a subject ourselves, or we know where we can find information on it."*
> - Samuel Johnson, English writer and lexicographer (1709-1784)

> *"Help the poor, won't you help poor me."[1]*
> - Blues icon B.B. King

Plaintiff Procaps, S.A. ("Procaps") is seeking more than $350 million in treble damages from Defendant Patheon Inc. ("Patheon") in this federal antitrust lawsuit. The Court appointed a neutral computer forensic expert to analyze Procaps' electronically stored information ("ESI") and later appointed a Special Master to assist the Court with ESI issues, which have been detailed, complex and time-consuming. Patheon now wants to take the expert's deposition, but Procaps objects. Patheon filed a motion to

---

[1]      From the song "Help the Poor," on the <u>King of the Blues</u> album (MCA 1992).

take the deposition [ECF No. 673] and Procaps filed an opposing response [ECF No. 681].

For the reasons outlined in greater detail below, the Court **grants** the motion, with certain conditions. At bottom, however, the Undersigned is granting the motion because (1) the deposition will be taken, in part, by the Special Master, (2) the deposition will surely **assist the Court** to evaluate the inevitable ESI issues arising from the files deleted from Procaps' ESI, (3) the motion may actually provide information *helpful* to Procaps, and (4) depending on what occurs at the deposition, it might cause Patheon to not file the often-threatened spoliation/sanctions motion it has mentioned (both overtly and implicitly) since it first learned that Procaps had not timely imposed a litigation hold and had not timely conducted an adequate ESI search.

## Factual Background

Procaps filed its antitrust lawsuit in December 2012, but it did not implement a formal litigation hold until after February 27, 2014, when this Court ordered one to be implemented in response to Patheon's motion. [ECF No. 324]. Beyond not implementing a formal hold, Procaps' counsel acknowledged that its document and ESI search efforts were inadequate. Procaps' United States lawyers never traveled to Colombia (where Procaps is based) to meet with Procaps' information technology team (or other executives) to discuss how relevant or responsive ESI would be located, and it did not retain an ESI retrieval consultant to help Procaps implement a litigation hold or

2

to search for relevant ESI and documents. Some critical Procaps executives and employees conducted their own searches for ESI and documents without ever seeing Patheon's document request or without receiving a list of search terms from its counsel.

Procaps ultimately agreed to a forensic analysis by an outside vendor specializing in ESI retrieval, and the Court ordered that this be done and established the scope of the analysis. [ECF No. 341]. The Court then allowed the parties to select a neutral third-party to perform the forensic analysis. [ECF No. 422]. Without the Undersigned playing any role, the parties selected Kroll Ontrack, Inc. ("Kroll") as the vendor, but conflicts of interest (or apparent conflicts) were soon discovered concerning Kroll. [ECF Nos. 384; 400; 402; 415]. Accordingly, Kroll was removed as vendor and the parties were directed to agree on another company to conduct the forensic analysis. [ECF No. 422]. The parties agreed on Setec Investigations ("Setec") to perform the forensic analysis. [ECF No. 432].

In the Order appointing Setec, the Court directed that, as a neutral third-party, Setec "shall not be deemed [an] agent[], representative[], or expert[] of either Procaps or Patheon." [*Id.*, at p. 3].

In addition to agreeing to the appointment of Setec to conduct forensic analysis, the parties also consented to the appointment of a special master, John Barkett, to address numerous disputes concerning the ESI forensic analysis, with many of these disputes turning on specialized technical ESI issues which would have required the

expenditure of significant time by the Court and its staff to address. [ECF Nos. 546; 551; 558].

Pursuant to Federal Rule of Civil Procedure 53, Mr. Barkett was appointed as a neutral special master for the purpose of resolving matters referred to him in connection with the Second Amended Forensic Analysis Order [ECF No. 493]. [ECF No. 558]. Specifically, the Court authorized Mr. Barkett to manage and resolve all disputes concerning: "(a) the search term refinement procedure . . . ; (b) the procedure for reviewing, producing, withholding, and redacting Procaps' documents (including all disputes arising from or relating to the Privilege Log and Personal Information Log [ ]) . . . ; (c) the production of Procaps' documents . . . ; (d) any technical matters concerning the Forensic Analysis; (e) any other matters the Court may refer to the Special Master after giving the parties notice and an opportunity to be heard; (f) any other matters that the parties may jointly agree to present to the Special Master for his consideration; and (g) if a motion for a forensic analysis of Patheon's ESI were to be filed, a recommendation on whether the motion should be granted." [*Id.*, at pp. 3-4 (internal citations omitted)].

In his role as special master, Mr. Barkett filed periodic reports with the Court concerning his work in resolving the disputes associated with the implementation of the Second Amended Forensic Analysis Order [ECF Nos. 567; 589; 605; 618; 626; 633; 642; 651; 667], while also issuing an extensive report and recommendations [ECF No. 627]

4

that *Procaps'* motion to compel forensic examination of Patheon's ESI [ECF No. 559] be denied.

In the Undersigned's Amended Order on Forensic Analysis of Plaintiff's Electronic Media, Setec was directed to recover any user-created files that were deleted after October 22, 2012 ("Deleted Files") and to provide a written report (the "Report") to both parties that identified the file names of any of the Deleted Files that it could not recover in full, the date the Deleted Files were deleted, and from what electronic media the Deleted Files were deleted. [*Id.*, at p. 7].

The Report -- completed in May 2014 -- shows that nearly 200,000 emails, PDFs, and Microsoft Word, Excel, and PowerPoint files were apparently deleted. [ECF No. 540]. It appears that approximately 5,700 of these files contain an ESI search term in their title, which indicates that they could have been subject to production in the forensic analysis if they had not been deleted.

The parties dispute the meaning of the Report, however, and each filed its own summary of it.

According to Patheon's summary, on or after February 26, 2014, the day the Court ordered Procaps to implement a litigation hold, Procaps deleted more than 17,000 emails, PDFs, and Microsoft Word, Excel and Power Point files, at least 298 of which contain a search term in their title. [ECF No. 540, pp. 2-4].

Before Setec provided its Report, Procaps argued that "there is no evidence that any ESI or other documents have been deleted or purged with no chance of being recovered." [ECF No. 341, p. 5]. After the Report was issued, Procaps noted that "Setec plainly advised the parties that there may be 'duplicate files in other locations.'" [ECF No. 542, p. 3]. In its response to the instant motion, Procaps stressed that Patheon ignores Setec's explanation that a "duplicate file with the same information may exist elsewhere, even on the same Source."

Patheon now seeks to take the deposition of Setec and learn information about the Report.

Patheon argues that "it would make no sense to order an expert to prepare a detailed, technical deleted files report and then bar parties from questioning the expert on the record."

Specifically, Patheon says Setec is "uniquely qualified" to explain its own Report and how it prepared the Report. Patheon contends that it is entitled to present evidence of the failure to preserve in a motion for sanctions (and perhaps at trial). It argues that the deposition will help it get to "the bottom of the scope and severity of Procaps' failure to preserve." Patheon says a Setec deposition is necessary so that it can understand and explain Procaps' ESI destruction to the Court (in a sanctions motion) or to a jury (if its threatened sanctions motion were to be filed without a resulting dismissal of the lawsuit).

In its motion for leave to take Setec's deposition, Patheon contends it is "very common" for parties to take the deposition of a neutral court-appointed forensic expert about deleted item reports. Patheon states that it plans on presenting evidence of Procaps' failure to preserve ESI in a possible motion for sanctions and/or at trial, which would necessarily involve the Report itself, and, by extension, testimony on the meaning and preparation of the Report. Because the Report, which is thousands of pages long, is highly technical, Patheon says it would be unfairly prejudicial to deny it the opportunity to take the deposition of Setec, the preparer of the Report.

Procaps, however, opposes such a deposition on several grounds: 1) Patheon's one-year delay in requesting a deposition regarding Setec's May 2014 reports violates Local Rule 26.1(h); 2) there is no reasonable justification to compel this deposition; 3) Patheon has already exceeded Rule 30(a)(2)'s 10-deposition limit; and 4) the request that Procaps pay all deposition costs is an overreach. [ECF No. 681].

Procaps' opposition focuses primarily on the lack-of-justification argument, challenging Patheon's contention that such depositions are "very common," while asserting that Patheon should not be allowed to make Setec into its own expert in the construction of a spoliation case against Procaps. [*Id.*, at pp. 4-6].

The Court provided Setec with the opportunity to file its own optional response to Patheon's motion [ECF No. 674], but Setec elected not to file an objection or any other type of response.

7

**Applicable Legal Principles**

Federal Rule of Evidence 706 governs court-appointed expert witnesses. Subsection 706(b)(2) provides that such witnesses "may be deposed by any party."

Federal courts have authorized parties to take the deposition of neutral, court-appointed forensic experts in several instances involving deleted files reports. *See e.g. Trigon Ins. Co. v. United States*, 234 F. Supp. 2d 592, 593 (E.D. Va. 2002) (permitting deposition of court-appointed forensic expert about deleted files report to "avoid additional litigation over the manner in which that effort was conducted" and so that party could "prepare its own case for trial"); *G.K. Las Vegas Ltd. P'ship v Simon Prop. Grp. Inc.*, 671 F. Supp. 2d 1203, 1224-25 (D. Nev. 2009) (permitting deposition of court-appointed forensic examiner on the deleted items report he prepared -- and noting that "one of the principal reasons for the court to appoint an expert witness is to obtain impartial **testimony** to **aid the court** or the jury in resolving a scientific issue") (emphasis added); *Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao E Exportacao Ltda.*, No. 08-cv20738, 2012 WL 10750269 (S.D. Fla. June 25, 2012) (court-appointed forensic examiner who prepared reports as to whether data had been transferred or deleted from a server referenced his "deposition for this case" in his trial testimony)[2]; *Malibu Media, LLC v. Does*, No. 12-cv-2078 (E.D. Pa. June 10, 2013) (Court, in

---

[2]    The computer forensic expert, deemed the "assisting neutral," testified at the trial and mentioned his deposition. 2012 WL 10750269, at *3.

docket entry 179, provides counsel opportunity to depose an appointed expert witness who testified about concern about writing over original evidence)[3]; *Multifeeder Tech, Inc. v. British Confectionary Co.*, No. 09-cv-1090, 2012 WL 4135848, 2012 WL 4128385 (D. Minn. Sept. 18, 2012) (court-appointed ESI expert prepared a log of deleted documents and was deposed)[4]; *Krumweide v. Brighton Assocs., LLC*, No. 05-cv-3003, 2006 WL 1308629, at *3-5 (N.D. Ill. May 8, 2006) (counsel afforded right to depose court-appointed third-party neutral expert about his report on destruction of files from a laptop computer).

However, in at least one other instance (cited by Procaps in its response), a federal court has declined to authorize the deposition of a court-appointed forensic examiner. *American Family Mutual Ins. Co. v. Roth*, 2010 WL 3397362 (N.D. Ill. 2010) (magistrate judge precluded a party from taking the deposition of a forensic examiner who inspected a party's computers for deleted evidence because of the delay in the request, the volume of discovery already produced by the forensic analysis, the fact that the report itself was "self-explanatory" and counsel understood it, and the examiner was "available for informal conversations and discussion with [the movant] regarding his report").

---

[3]    The Court's order imposed time limits on the expert's deposition.

[4]    The district court adopted in part and rejected in part (2012 WL 4135848) the magistrate judge's report and recommendations on spoliation sanctions (2012 WL 4128385).

<u>**Analysis**</u>

Although Patheon has not yet filed a sanctions motion based on alleged spoliation of ESI, the parties behave as though the motion is a foregone conclusion. In its response, Procaps contends that Patheon "is trying to use Setec as its own expert to construct a spoliation case against Procaps." And Patheon's motion argues that it "has the right to file a motion for sanctions, fees and other relief based on Procaps' discovery failures."

So it is apparent that Patheon will either file a sanctions motion based on purported spoliation or will seek to introduce evidence of spoliation at trial. Either way, the Undersigned will be compelled to once again plunge into the thicket of details surrounding Procaps' ESI. Without assistance, this will be a daunting task. Several reasons compel this conclusion:

First, Setec's Report (providing data about the files which each custodian deleted after October 22, 2012) is thousands of pages long. Second, Setec has been involved in its forensic analysis for more than a year. Third, much of the nitty-gritty assessment about the forensic analysis has been handled by the Special Master, who has published books about ESI discovery and is the former chair of the ABA's National Institute on E-discovery. Fourth, the issues underlying a spoliation motion or evidentiary matters linked to trial presentation of ESI deletion will necessarily involve a fact-intensive analysis. For example, in the Eleventh Circuit, a court's power to impose spoliation

sanctions requires a finding of bad faith -- and Setec (but not the Undersigned) is in a position to explain whether such a finding can be made from the Report or from other circumstances it learned about during its forensic analysis. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 49 (1991) (invoking inherent power requires a bad faith finding); *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir. 1995) (same); *Kornhauser v. Commissioner,* 685 F.3d 1254, 1257-58 (11th Cir. 2012) (same).

Moreover, Patheon's anticipated sanctions motion will need to, among other things, demonstrate that the missing ESI evidence was crucial to its ability to prove its defense. *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.,* 736 F.Supp. 2d 1317, 1327-28 (S.D. Fla. 2010). Setec may well be able to ascertain whether the deleted files are available elsewhere, and, if so, how difficult it would be to locate them -- factors which may well play a role in evaluating a sanctions motion based on an ESI spoliation theory.

So the Undersigned does not view a Setec deposition as merely a strategic tool designed to help only *Patheon* pursue its strategy. To the contrary, the Undersigned considers the requested deposition to be something which would benefit the *Court* (and the parties). To be sure, Procaps opposes the motion, and the Undersigned does not doubt that Procaps does, in fact, want to prevent the deposition. But a Setec deposition may actually confer a *benefit* on Procaps. A Setec deposition may provide information which could cause Patheon to not file a sanctions motion (because, for example, it might decide to simply seek to present the evidence of ESI deletions at trial).

But, at a minimum, a Setec deposition would surely assist the Court, and the Undersigned has no hesitation about disclosing my appreciation for help on complex ESI issues from court-appointed, neutral forensic experts (and from special masters with considerable experience in E-discovery).

Procaps argues that such depositions are not "very common," the term used by Pathcon in its motion. Although Pathcon has cited legal authority for its request, several of them do not involve opinions where the issue is challenged or where the court analyzed the competing interests and made a substantive legal ruling on whether a deposition should be permitted. Instead, several of the authorities are cases where the judge happens to mention, almost in passing, that the parties took the deposition of the computer forensic expert, or are simply transcripts of trial testimony where the expert refers to a pre-trial deposition. *See e.g., Platypus Wear*, 2012 WL 10750269.

But regardless of whether depositions of court-appointed neutral experts on computer forensic issues are very common, used occasionally or are actually rare and atypical, they are certainly *permissible*. As noted, Federal Rule Evidence 706(b)(2) expressly provides for them. Moreover, there are published opinions discussing these types of depositions without critical comment. Perhaps more importantly, district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Board of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

So the Undersigned is convinced that there is ample authority to support an order scheduling an expert deposition of Setec.

Procaps' objection about the purported tardiness of the motion is insufficient to justify a denial of the motion. First, Local Rule 26.1(i) provides that all motions related to discovery "shall be filed within thirty (30) days of the occurrence of grounds for the motion."[5] But it is not at all clear to the Court that the grounds for the motion occurred when Procaps says they occurred -- in May 2014, when Setec issued its Report. The grounds may well have occurred in early April 2015 (less than 30 days before the instant motion was filed), when Procaps rejected Patheon's suggestion, apparently made for the first time, to take Setec's deposition. And Patheon notes that Setec completed its work on the forensic analysis during the first week of April 2015.

Second, if Patheon had attempted to take Setec's deposition in April or May 2014, shortly after it released its initial Report on deleted items, then it is difficult to understand how that deposition would have been effective, given that it would have been taken approximately a year before Setec completed its project. Third, the consequences for violating the local rule are permissive, not mandatory. Specifically, the local rule provides that failure to file a discovery motion within the 30-day period,

---

[5]     Procaps argues that the purported tardiness violates Local Rule *26.1(h)*. The Local Rules were amended somewhat recently, with the changes going into effect on December 1, 2014. *See* Administrative Order 2014-15 (filed on November 18, 2014). Subsection (h) of the earlier, pre-amendment version of Local Rule 26.1 used to include the 30-day requirement. Subsection (i) now contains the 30-day deadline.

"absent a showing of reasonable cause for a later filing, **may** constitute a waiver of the relief sought." (emphasis supplied). Because the provision is permissive, the Court has discretion to grant the discovery motion, even if it was filed late. *Kabula v. Southern Homes of Homestead, VII, Inc.*, No. 08-20685, 2008 WL 4691983 (S.D. Fla. Oct. 22, 2008).

Fourth, the Court finds that the need to await Setec's completion of its forensic analysis is a sufficient showing of reasonable cause for a late filing (if the filing was actually late, which the Court has not found).

Fifth, and finally, the Court deems its own desire for help on complicated, detail-laden ESI issues to also generate grounds to overlook the late filing (again, assuming that the filing was in fact late, which it may not have been). *See also Sandalwood Estates Homeowner's Assoc., Inc. v. Empire Indemnity Insurance Co.*, No. 09-CV-80787, 2010 WL 411088 (S.D. Fla. Jan. 29, 2010) (granting late-filed motion to compel and noting the "permissive nature" of the rule's consequence for non-compliance).

Procaps further argues that a Setec deposition is unavailable because the parties have already used up their allotment of 10 depositions imposed by Federal Rule of Civil Procedure 30(a)(2). It is certainly true that Rule 30(a) provides that a party cannot take more than ten (10) depositions without leave of court if the other parties do not stipulate. But Rule 26(b)(2)(A) *also* provides that the court may alter the limit on the number of depositions. In addition, the advisory committee's note to the 1993

Amendment of Rule 30 explains that "leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)."

Thus, there is no dispute that the Undersigned has authority to permit the deposition requested by Patheon. As previously noted, the Undersigned does not consider the proposed Setec deposition to be a standard deposition taken by one party for strategic purposes.  Setec is a neutral, court-appointed expert, which places the proposed deposition in a different category. Moreover, as also explained above, the deposition would undoubtedly be of great help to the Court. If I were to deny the motion, as Procaps urges, then I would be undermining my own ability to grapple with the myriad, thorny issues which will surely arise in the next several weeks or months.

Therefore, the Undersigned hopes to be able to "get by with a little help from my [ESI neutral expert] friends" and is "gonna try [to comprehensively and correctly assess the to-be-submitted ESI issues] with a little help from my friends."[6] Granting Patheon's motion will enable the Undersigned to accomplish that goal; denying it would render that specific goal unattainable (and make the ESI spoliation/sanctions/trial evidence/bad faith/significance of missing evidence/prejudice evaluation more difficult).

**Procedure**

Because the Undersigned views the deposition as a method to help not only the parties but also the Court to better understand the ESI issues, a deposition containing

---

[6]     From the Beatles' "With a Little Help from my Friends" song, from the Sgt. Pepper's Lonely Hearts Club Band album (EMI Studios 1967).

objective and fair testimony will best promote the goal of providing assistance to the Court. Involving the Special Master will increase the benefit to the Court. Therefore, the Special Master will participate in and manage the deposition under the procedures established below:

1.   The parties, Setec and the Special Master will jointly confer in order to select by consensus the most-appropriate deponent. It may well be that the deposition of more than one Setec representative will be the most-efficient arrangement. Regardless of the number of specific witnesses who will testify, the overall length of the deposition (or depositions) will remain the same:  **5 hours.**

2.   The Special Master will, along with counsel for the parties, have the opportunity to question the witness (or witnesses). The Special Master will have up to 2.5 hours and each party's counsel will have 1.25 hours.

3.   The Special Master has the authority to divide and allocate the time as he sees fit. For example, he may decide to question the sole deponent (assuming the parties are using a one-deponent-only methodology) for one hour, give each attorney one hour and fifteen minutes for questions and then ask an additional hour's worth of questions himself.

4.   Although the time limits have been established, the Special Master has authority to modestly expand or contract the amount of time for any person asking questions. Although the Court is not now imposing a precise number of minutes which the Special

Master can add or subtract, the mantra here is that any modification will be comparatively modest. In order to avoid any confusion, the Special Master can give himself additional time to ask questions of the Setec witness (or witnesses), as well as giving counsel for Procaps and Patheon more or less time than the presumptive 1.25-hour rule.

5.   In order to enhance efficiencies, the parties and the Special Master shall send all proposed exhibits they intend to use at the deposition (or depositions) to the Setec representative (or representatives) at least two days before any deposition is taken. In addition, they shall also serve each other with all proposed exhibits by the same deadline.

6.   If the Setec representative(s) are willing to travel to Miami for their deposition(s), then Patheon and Procaps shall jointly pay all travel expenses (airfare, hotel, meals, ground transportation, airport parking, etc.) to Setec or the deponent within 7 days of receiving an invoice. If the Setec representative(s) is unwilling to voluntarily appear for deposition in Miami, then the deposition(s) will be in California, at a location of Setec's choosing.

7.   Patheon and Procaps will also jointly pay the Special Master's travel expenses within the same deadline.

8.   Regardless of where the deposition(s) is taken, Patheon and Procaps shall jointly pay the Special Master's fees associated with the deposition by the same deadline.

9. The deposition(s) must be completed by May 15, 2015.

10. Patheon shall file the deposition transcript(s) with the Court by May 29, 2015. If Patheon or Procaps files a motion implicating the deposition testimony before May 29, then that filing party must file the transcript(s) on the same day that the motion is filed.

**Conclusion**

The Court **grants** Patheon's motion and Setec's deposition may be taken under the rules outlined above.

**DONE AND ORDERED** in Chambers, in Miami, Florida, April 24, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record
John Barkett, Special Master