**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 12-24356-CIV-GOODMAN**

**[CONSENT CASE]**

PROCAPS S.A.,

      Plaintiff,

v.

PATHEON INC.,

      Defendant.

_____/

**ORDER ON PATHEON'S MOTION FOR LEAVE**
**TO TAKE DEPOSITIONS**

After taking its limit of 10 depositions and after the Court entered an Order [ECF No. 689] permitting Defendant Patheon, Inc. ("Patheon") and the Special ESI Master to take the deposition of the Court-Appointed Forensic Expert, Patheon now wants authority to take additional fact depositions. In its Motion for Leave to Take Depositions [ECF No. 690] Patheon seeks to take another 30(b)(6) deposition and to take a second round of depositions of six Procaps S.A. ("Procaps") officers and/or employees whose depositions were previously taken. Patheon wants each of the seven depositions it requests to be a full seven hours, which means that Patheon is seeking 49 hours of additional depositions.

The defendant in Procaps' federal antitrust lawsuit seeking more than $350 million in treble damages, Patheon asserts two primary grounds for its request for more

depositions: (1) Procaps is now pursuing its antitrust claims under a rule of reason analysis but the depositions previously taken were when Procaps proclaimed it would pursue only a *per se* or quick look case and successfully resisted discovery designed to obtain documents and information concerning rule of reason issues; and (2) Procaps recently produced approximately 115,000 documents -- as the byproduct of a forensic analysis performed by a Court-appointed ESI retrieval expert -- and Patheon did not have these materials available the first time it took the depositions.

Not surprisingly, Procaps objects. It contends [ECF No. 707] that Patheon has not met its burden to justify the depositions. Procaps argues that "most" of the claims and defenses remain "exactly the same" and notes that it has already stipulated that it is not proceeding under a theory that an inference of anticompetitive effects made from projected or present market shares or market power.

The parties are also feuding over procedural aspects of the requested depositions; Patheon wants them in Washington, D.C. and Procaps' position is that Miami is the more-appropriate venue (assuming that any depositions are permitted in the first place).

For the reasons outlined below, the Court **grants in part and denies in part** Patheon's motion. Patheon may take one seven-hour 30(b)(6) deposition and may take a total of seven hours of deposition from one or more of the six fact witnesses mentioned

in Patheon's motion. Thus, Patheon will be able to take 14 (not 49) hours of additional depositions. The depositions will be in Miami.

The background and analysis are outlined below:

**Factual Background**

Procaps represented on several occasions that it was pursuing a *"per se" or "quick look"* type of antitrust claim.

For example, Patheon moved to dismiss the Complaint because, it argued, Procaps did not allege a full rule of reason claim. [ECF No. 34-1]. Procaps objected to the dismissal motion, arguing that the Complaint alleged only a *per se* theory of liability or a quick look analysis. Therefore, Procaps argued then, it did not need to plead the elements of a rule of reason claim, such as market power or market effects. [ECF No. 37]. The District Court -- which presided over the case before there was full consent to the Undersigned -- denied the motion to dismiss, finding that Procaps had sufficiently alleged a *per se* antitrust claim [ECF No. 50].

In addition, during discovery disputes, Procaps explained that it would not be pursuing a full-fledged rule of reason approach and argued that this concession rendered certain discovery irrelevant.

Patheon and the Court relied upon Procaps' position and the Court, in effect, brokered an acceptable (to the parties) resolution of significant discovery disputes. That

3

compromise enabled Procaps to avoid providing certain discovery related to the rule of reason type of analysis.

In response to competing summary judgment motions, the Court determined that Procaps' claims would not be assessed under a *per se* analysis. Instead, the Court concluded that the rule of reason theory would govern. Since that ruling and a later, related ruling denying a reconsideration motion, Procaps has been proceeding on a rule of reason approach. Procaps' lawsuit was filed in December 2012. The Order on the summary judgment motions [ECF No. 565] was entered on July 30, 2014. Procaps filed the reconsideration motion [ECF No. 569] on August 14, 2014, and the Court denied it [ECF No. 603] on October 2, 2014.

Given this change in approach, the Undersigned granted, in part [ECF No. 648], Patheon's motion for leave to serve additional rule of reason discovery. Specifically, the Court required [ECF No. 648] Procaps to answer 16 rule of reason interrogatories. Patheon then filed a motion [ECF NO. 662] to compel better interrogatory answers, which the Court granted in part [ECF No. 678]. That Order required Procaps to provide supplemental answers, with details, and also directed Procaps to formally advise the Court and Patheon of its position on how it intends to prove an anticompetitive effect on the market.

Still not satisfied with the supplemental answers, Patheon has now filed [ECF No. 699] a motion for failure to comply with discovery order. Patheon has not yet

4

responded to that motion (and the deadline to do so has not yet expired), so the motion is still pending but is not yet ripe.

In its motion for leave to take additional (or renewed) depositions, Patheon advised that it would not comply with Procaps' demand that it define the scope of the depositions because to do so would reveal work product. Nevertheless, Patheon offered to submit a sample under seal for *in camera* inspection. The Undersigned took Patheon up on its offer and directed [ECF No. 692] Patheon to submit for *in camera* review a sample of 20 recently-produced documents.  Before Patheon complied, Procaps filed a motion for reconsideration [ECF No. 696], arguing, among other things, that it would be unfair to proceed with an arrangement where the Court would substantively evaluate and rely upon documents which Procaps had no opportunity to address.

The Court held a hearing on April 30, 2015 and gave Patheon a choice:  it could either not submit any documents for the Undersigned to review in connection with its motion to take additional depositions **or** it could publicly (i.e., not under seal) file the 20 sample documents (which were concededly not privileged)[1] and explain, on a witness-by-witness basis, why a document (or group of documents) supported the request to take additional depositions. Patheon chose to not submit any documents. [ECF No. 701].

---

[1]      Patheon took the position that its selection of 20 documents (from the approximate 115,000 produced during the forensic examination) is privileged work product. Procaps challenged that legal position. The Undersigned makes no ruling on the question of whether a Patheon submission of 20 documents for review by the Court constitutes attorney work product.

5

Therefore, Patheon's motion for additional depositions is not based on the argument that the newly produced documents contain some type of "smoking gun" document, nor is it based on the argument that a specific document changes the factual landscape to such a degree that renewed depositions of the seven witnesses are essential.

The newly produced documents arose in connection with the Court's appointment of a neutral forensic expert, who conducted an analysis of Procaps' ESI. The expert was appointed without objection from Procaps, which acknowledged that its ESI search efforts were inadequate. The ESI forensic expert who ultimately performed the project in this case was appointed on March 25, 2014. [ECF No. 432]. Although Procaps was permitted to review the ESI located by the neutral ESI expert for privilege, it was not permitted to withhold documents on relevancy grounds. Patheon has not explained how many of the 115,000 documents are relevant to this lawsuit, nor has it pinpointed how many are, for all practical purposes, duplicates of documents or ESI previously produced. According to Patheon's motion (filed April 27, 2015), Procaps produced 91,000 documents from the forensic analysis as of the time the motion was prepared, and it advised that Procaps expected to produce an additional 24,000 documents later that same day, which explains how Patheon arrived at the 115,000-document description it uses in the motion.

Over Procaps' objection, the Undersigned recently entered an Order [ECF No. 689] permitting the ESI Special Master and the parties to take the neutral forensic expert's deposition. To the best of the Court's understanding, that deposition has not yet occurred.

## Analysis

Federal Rule of Civil Procedure 30(a)(2) requires a party to obtain leave of court to take depositions, in the absence of a stipulation, in four situations, two of which apply here. In particular, Rule 30(a)(2)(A)(i) requires leave if the deposition would "result in more than 10 depositions being taken" by one side and Rule 30(a)(2)(A)(ii) requires leave if the deponent "has already been deposed in the case."

Subsection (i) applies to all seven depositions requested by Patheon and subsection (ii) applies to at least six of the seven and may arguably apply to the seventh, the request for another 30(b)(6) deposition, as well.[2]

---

[2]    The Advisory Committee Notes to the 1993 Amendments explain that "[a] deposition  under Rule 30(b)(6) should, for purposes of this limit [of 10 depositions], be treated as a single deposition even though more than one person may be designated to testify." *See Loops, LLC v. Phoenix Trading, Inc.,* No. C08-1064, 2010 WL 786030 (W.D. Wash. March 4, 2010) (concluding that "there is no reason to count the depositions as two simply because Plaintiffs divided the topics into two subgroups rather than lumping them into one"). But this does not necessarily answer the question of whether leave of court is necessary in order to take a second 30(b)(6) deposition, regardless of who Procaps produces as the designee and regardless of whether the issues listed are different from those listed on the first corporate deposition. *See generally State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.,* 254 F.R.D. 227, 234-235 (E.D. Pa. 2008) (summarizing split in district court decisions). *See also* 8A, Wright, Miller & Marcus, Federal Practice & Procedure (3d Ed.), § 2104 (noting that "the one-deposition provision could be an

7

Courts typically make case-by-case determinations when asked to determine if additional depositions beyond the ten-deposition limit may be taken and when confronted with a request to take a second deposition of a witness whose deposition was already taken. *See e.g.*, *San Francisco Health Plan v. Mckesson Corp.*, 264 F.R.D. 20 (D. Mass. 2010) (denying permission to take depositions of two additional witnesses but authorizing depositions of nine additional witnesses on the condition that the party seeking the additional depositions would pay the reasonable costs incurred by the opposing party for any additional depositions beyond the first five); *Byrd v. District of Columbia*, 259 F.R.D. 1 (D.D.C. 2009) (in an action by former city employees alleging sexual discrimination and harassment, the trial court granted plaintiffs' motion for leave to take depositions, finding that none of the three depositions at issue "are cumulative or duplicative or impose[] a burden that outweighs their likely benefit");

---

obstacle to sensible handling of Rule 30(b)(6) organizational depositions" and urging flexibility because, "although such a deposition is properly regarded as the deposition of an organizational party, rigid insistence on adhering to the one-deposition rule in such circumstances would not make sense"). *But see Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (not plainly wrong for district court to quash a 30(b)(6) subpoena issued without leave when the corporate deponent previously provided two designees to provide deposition testimony two years earlier). *Cf. Quality Aero Technology, Inc. v. Telemetrie Elektronik, GMBH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (noting that 30(b)(6) "depositions are different from depositions of individuals" and holding that "there is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition[.]").

The Undersigned is not deciding whether leave is required to take a second 30(b)(6) deposition under the "deponent has already been deposed in the case" provision of Rule 30(a)(2)(A)(ii). Instead, the Undersigned is granting leave, which obviates the need to wrangle with this thorny question.

*ClearOne Commc'ns, Inc. v. Chiang,* 276 F.R.D. 402, 404 (D. Mass. 2011) (judgment debtor failed to demonstrate good cause for protective order preventing judgment creditor from taking his deposition a second time in a two-year period; court granted mirror image motion to compel deposition, noting that creditor was seeking information that was "unavailable" when the debtor gave a deposition two years earlier). *Cf. Flintkote Co. v. Gen. Acc. Assur. Co. of Canada,* 692 F. Supp. 2d 1194 (N.D. Cal. 2010) (permitting further deposition testimony of insurer's witnesses, who previously gave depositions but who were instructed to not answer certain questions about reserves, and directing that additional depositions were warranted to understand charts concerning reserves which were provided after the depositions were taken).

Given that courts evaluate requests for additional depositions on a case-by-case basis, it is hardly surprising to find cases going both ways. *See Andrews v. Fowler,* 98 F.3d 1069, 1080 (8th Cir. 1996) (civil rights claimant not entitled to take additional depositions of city council members and other witnesses when she was already permitted to take twelve depositions, two more than permitted without leave of court); *Alexander v. Federal Bureau of Investigation,* 192 F.R.D. 20 (D.D.C. 2000) (allowing plaintiffs to take the deposition of a new nonparty witness even though they had exhausted the limit for the number of depositions because the witness' knowledge had only recently come to plaintiffs' attention).

Because of the fact-intensive nature of decisions on the issue of the number of depositions and the ability to take another deposition of a deponent, decisions from other courts are typically not persuasive. The Court has discretion to permit or deny the requested depositions.

Moreover, the reality is that there is not a large, well-developed body of case law on the deposition limits imposed by Rule 30, perhaps because the parties usually resolve any disputes without court intervention. Given the level of acrimony in this case, however, it would be overly optimistic to expect that the two parties here would reach a compromise on Patheon's request for additional depositions. But given the parties' chronic inability to resolve discovery disputes, the Undersigned finds that the following language from *Fresenius Med. Care Holdings, Inc. v. Roxane Lab., Inc.*, No. 2:05-cv-0889, 2007 WL 764302, at *3 (S.D. Ohio March 9, 2007) to be instructive and appropriate:

> The Court adds an additional comment. There is little motions practice in this district over any issues presented by Rule 30(a), whether those issues relate to taking more than ten depositions, taking the second deposition of the same witness, or exceeding the 7-hour limit on a deposition set forth in Rule 30(d). That is because most counsel understand that the Court attempts to interpret these rules in light of reason and practical experience and that the Court will enforce the rules strictly when necessary and relax them when required. The circumstances presented here would, in almost every other case pending in this District, have led to a consensual resolution of the issue because the party at fault in failing to produce an important document would understand that it would be unfair to preclude the opposing party from examining an important witness about the document and that the Court would consider the non-production of the document to be the type of circumstance which would justify a short

additional deposition. The fact that the parties in this case were unable to reach such a resolution is, taken together with the extensive amount of motions practice devoted to discovery, a strong indicator that they have lost sight of the goal of resolving discovery disputes reasonably and without intervention of the Court and have chosen instead to litigate every issue, no matter how minor, with a view toward increasing the cost and expense of litigation rather than streamlining its resolution.

Accepting the reality that Procaps and Patheon have generated a substantial number of discovery disputes and that counsel appear to genuinely dislike each other, the Court is nevertheless sensitive to both parties' concerns. From Patheon's perspective, it believes it needs to take significant amounts of additional discovery to adequately defend against the comparatively new rule of reason theory and to explore the new documents which have been produced. From Procaps' perspective, it has already provided significant amounts of discovery and does not believe that an early discovery snafu (i.e., not adequately searching for ESI) should haunt it for the remainder of the case.

The Undersigned finds that both parties have legitimate concerns. Neither side is completely persuasive, however. The Undersigned finds that Patheon would be unduly prejudiced if *no* additional depositions were permitted. On the other hand, the Undersigned also finds that Procaps would be unduly prejudiced if all seven depositions were to occur. Therefore, the Court needs to engage in an equity-based balancing test.

In doing so, the Undersigned notes that Patheon has not pinpointed the significance of any specific documents recently produced by Procaps. Regardless of whether a document might be deemed a "smoking gun" or merely substantively significant, Patheon has not targeted any specific documents and has not explained the significance of any of the newly released documents. It could be that much of the new production is cumulative or irrelevant. Although Patheon was (apparently) prepared to submit 20 sample documents under seal for *in camera* review, it decided to not pursue that option. To be sure, the Undersigned understands that Patheon might not want to reveal its strategy by highlighting which of 115,000 documents it deems most significant or which it wants to use at new depositions or which documents relate to specific witnesses. But Patheon cannot expect the Court to somehow assume that all or most of the documents have substantive significance or that they concern new facts not revealed in previously-produced documents.

On the other hand, it would be naïve and illogical to assume the contrary -- i.e., that *none* of the 115,000 documents have substantive significance not otherwise disclosed in earlier production.

Concerning Procaps' change in theory (from a *per se* or quick look approach to a rule of reason approach), it may well be true, to use Procaps' comments, that "most" of the factual claims and defenses raised in the pleadings "remain exactly the same." But most is not all. Therefore, the converse of Procaps' description is that *some* of the claims

12

and defenses are not "exactly the same." Patheon is entitled to obtain discovery on the comparatively new rule of reason theory now being advanced by Procaps.

The Undersigned appreciates Procaps' desire to obtain more information about the scope of the requested depositions, but I also acknowledge Patheon's logical preference to not reveal its strategies about depositions it hopes to soon take. Therefore, the Court does not have much information about the specific information which Patheon wishes to explore, especially on a witness-by-witness basis.

Under these circumstances, the Court needs to accommodate both parties' views, and has done so with the following ruling:

1.      Patheon may take a 30(b)(6) deposition on issues concerning: (1) the rule of reason theory, (2) new information revealed in the new document production (from the forensic audit project), and/or (3) potential spoliation.

2.      This 30(b)(6) deposition is limited to seven hours.

3.      Patheon must provide a specific, pinpoint list of the precise issues for the 30(b)(6) deposition. If Procaps objects to any issue and is unable to resolve the dispute after a good faith conferral, then it must immediately contact chambers and request a discovery hearing as quickly as possible. What it cannot do, however, is simply lodge an objection and then not have an appropriately-prepared designee appear at the deposition.

4.      Procaps may use one or more designees to answer questions on the topics which Patheon puts on its list. The designation decision is Procaps' and Procaps need not advise Patheon in advance of the 30(b)(6) deposition how many designees it will be producing or their names. It can, of course, disclose that information if it is willing to provide it.

5.      Patheon may take seven hours' of deposition testimony from one or more of the six witnesses listed in its motion, limited to the same three topics listed above concerning the 30(b)(6) deposition.  Patheon may take the depositions of one, some or all of the six witnesses listed -- but the **total** amount of deposition time for **all** witnesses combined will be limited to seven hours. Therefore, to provide an example, Patheon may decide to take Mr. Franco's deposition again for seven hours. If it does so, then it may not take any other fact witness depositions. Alternatively, it can take Mr. Franco's deposition again for 3 hours (but only on the permissible topics), take Mr. Minski's deposition again for 3 hours (only on the three permissible topics) and take Mr. Green's deposition for one hour (on the three categories).

6.      To the extent that interpreters are used for either the 30(b)(6) deposition or the fact witness depositions, the time will be adjusted, based on the rule that the use of an interpreter doubles the deposition time. To provide an example, if Patheon retakes the deposition of Mr. Minski for two hours with an interpreter, then Patheon will have used one hour of the seven hours allotted in this order.

14

7.      The depositions will be in Miami. Counsel shall cooperate in coordinating the scheduling of these depositions. The Undersigned will not micromanage these depositions by selecting deposition dates or imposing a precise deadline by which they must be completed. Nevertheless, the parties are by now familiar with the Court's policy of keeping everyone focused on the November 16, 2015 trial date and the overall philosophy that doing something sooner is better than later.

8.      The depositions are not designed to give Patheon a second bite at the apple, nor are they intended to permit Patheon to seek to take better depositions or to follow up on issues it now believes it did not adequately cover previously. To the contrary, the depositions are provided solely to prevent undue prejudice to Patheon caused by either the change in legal theory, the new production of documents or the deletion of ESI. Questions not related to these three categories are not permitted at the depositions authorized by this Order.

9.      Each side will bear its own costs and attorney's fees for the limited depositions permitted in this Order.

10.      The Court declines to award attorney's fees to either party in connection with Patheon's motion for leave to take additional depositions. Both sides' positions were justified.

**Conclusion**

The Court **grants in part and denies in part** Patheon's motion and additional depositions may be taken under the rules outlined above.

**DONE AND ORDERED** in Chambers, in Miami, Florida, May 5, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record
John Barkett, Special Master