# Exhibit   7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PROCAPS S.A.,                              )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )        Case No. 1:12-cv-24356-JG
                                           )
PATHEON INC.,                              )
                                           )
          Defendant.                       )
_____)

**PATHEON'S NOTICE SUMMARIZING SETEC'S FINDINGS
CONCERNING PROCAPS' UNRECOVERABLE DELETED FILES**



P D Exhibit
Witness: _Kinkel_
Date: _6/10_/2015
Beverly James, RPR,CRR

The Court ordered the parties to "file a succinct joint notice summarizing Setec's findings regarding the Deleted Files" that Procaps deleted after October 22, 2012 and that Setec is unable to recover. [Dkt. No. 493, ¶ 9]. After Setec provided its findings to the parties, the parties disagreed on the content of the joint notice. *Exhibit 1*. In an effort to compromise and resolve the dispute, Patheon proposed that the parties file a joint notice that included each party's summary of findings. *Id.* Procaps rejected this compromise and refused to file a joint notice that included Patheon's summary. *Id.*; *Exhibit 2*. Accordingly, Patheon files this notice summarizing Setec's findings regarding the unrecoverable files that Procaps deleted.

## PATHEON'S SUMMARY

For each source of ESI that Setec collects from Procaps, "Setec shall attempt to recover any user-created files that were deleted after October 22, 2012" and "Setec shall provide a written report to both Patheon and Procaps that identifies the file names of any of the Deleted Files that it could not recover in full, the date the Deleted Files were deleted, and from what electronic media the Deleted Files were deleted." [Dkt. No. 493, ¶ 9]. On May 19, 2014, Setec provided these reports ("Deleted Files Reports") to the parties.

Setec collected 71 electronic devices from Procaps, including computers, external hard drives, and smart phones. The Deleted Files Reports list the unrecoverable files that were deleted from 33 of these devices (27 computers and 6 external hard drives). But they do not include any unrecoverable deleted files for 34 of the devices Setec has collected and imaged. Setec is in the process of imaging 4 additional devices -- 3 of Minski's phones and 1 of Cortesi's phones -- so these phones also are not included in the Deleted Files Reports.

Importantly, Setec's Deleted Files Reports identify only those user-created files that Procaps deleted after October 22, 2012 that cannot be recovered.[1] The Deleted Files Reports do not include user-created files that were deleted by Procaps but that Setec can recover. Nor do they include files or other ESI that may have been deleted, but for which Setec did not find any record.

Patheon currently is analyzing the lengthy Deleted Files Reports. Based on this preliminary review, Patheon summarizes Setec's findings below:

**A.    Procaps' Deletion of Specific File Types.**

Procaps deleted approximately 570,000 user-created files after October 22, 2012, approximately 75,000 of which Procaps deleted on or after February 26, 2014, the day the Court ordered Procaps to implement a litigation hold.[2] [*See* Dkt. No. 324].

Procaps' deletions include the following file types, among others:

**Microsoft Word Documents:** Procaps deleted approximately 24,000 Microsoft Word documents that are unrecoverable. Procaps deleted roughly 3,700 of these documents on or after February 26, 2014.

**Microsoft Excel Documents:** Procaps deleted approximately 70,000 Microsoft Excel files (*e.g.*, spreadsheets) that are unrecoverable. Procaps deleted roughly 5,300 of these documents on or after February 26, 2014.

---

[1]    Setec recognized that it is possible that some of the deleted files exist in other locations or on other devices. Of course, it also is possible that these deleted files don't exist in other locations or on other devices. Setec could not determine the likelihood of either possibility.

[2]    The date a particular file was deleted is based on the "Entry Modified" date in the file's embedded metadata. Setec advised Patheon that the Entry Modified date represents the last time the metadata in a file was changed, and is usually the date the file was deleted. In some instances, the date the document was deleted actually might be *after* the Entry Modified date. A file cannot be deleted before the Entry Modified date. Thus, a file is necessarily deleted on or after the Entry Modified date.

**Emails:**  Procaps deleted several types of email files.  When emails are stored on a computer, each individual email can be stored as a separate file.  Procaps deleted approximately 15,000 emails that were stored as individual files, and that are unrecoverable.  Procaps deleted roughly 250 of these emails on or after February 26, 2014.

Emails also can be stored on a computer within PST or OST files.  PST and OST files are data files that are used to store and archive multiple email messages from Microsoft Outlook.[3]  A single PST or OST file can contain anywhere from just a few emails to thousands of emails or more.  Procaps deleted approximately 300 PST and OST files that are unrecoverable.  Procaps deleted roughly 100 of these PST and OST files on or after February 26, 2014.

**PDF Files:**  A PDF file is a file format that converts documents, forms, graphics, and web pages to look just like they would if printed.[4]  Procaps deleted approximately 40,000 PDF files that are unrecoverable.  Procaps deleted roughly 3,400 of these documents on or after February 26, 2014.

**PowerPoint Files:**  Procaps deleted approximately 10,000 PowerPoint files (*e.g.*, presentations) that are unrecoverable.  Procaps deleted roughly 650 of these documents on or after February 26, 2014.

### B.   Procaps' Deletion of Files that Contain Search Terms.

While the contents of the deleted files are not recoverable, the Deleted Files Reports contain entries for each deleted document and list certain information about the document, such as its file name, its size, and the name of the folder where the file was stored.  The Deleted Files

---

[3]      *See, e.g.*, Introduction to Outlook Data Files (.pst and .ost), *available at* http://office.microsoft.com/en-us/outlook-help/introduction-to-outlook-data-files-pst-and-ost-HA010354876.aspx (last visited May 23, 2014).

[4]      *See, e.g.*, About Adobe PDF, *available at* http://www.adobe.com/products/acrobat/adobepdf.html (last visited May 23, 2014)

Reports show that Procaps deleted the following unrecoverable files that have at least one of the preliminary search terms in their entry on Setec's Deleted Files Reports, such as in the name of the file and/or in the name of the folder in which the file was contained:

**All Search Terms.** About 80,000 deleted and unrecoverable files contain at least one of the preliminary search terms in either the name of the file or the name of the folder where the file was stored before Procaps deleted it.

**"Patheon."** Approximately 8,300 deleted and unrecoverable files contain the word "Patheon" in the name of the file or in the name of the folder where the file was stored.

**Procaps' Customer Names.** Approximately 6,700 deleted and unrecoverable files contain at least one of the names of potential Procaps customers in their file name or the name of the folder in which they were contained.

**"Softgel."** Over 55,000 deleted and unrecoverable documents contain the word "softgel," or a variation thereof, in their file name or the name of the folder in which they were contained.

**"Banner."** Roughly 2,000 deleted and unrecoverable files have the word "Banner" in their file name or the name of the folder in which they were stored. More than 120 of these files are office-type files, such as Microsoft Word documents, PowerPoints, emails, Excel files, or PDF files.

**"P-gel" or "Collaboration."** Procaps also deleted over 100 unrecoverable documents that have a file name containing the word "p-gel," "Collaboration" or a variant thereof.

Dated:  May 23, 2014

Respectfully submitted,

/s/ Robert M. Brochin
Robert M. Brochin (Fla. Bar No. 319661)
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131-2339
Telephone: (305) 415-3456
Facsimile: (305) 415-3001
Email: rbrochin@morganlewis.com

M. Howard Morse (DC Bar No. 384793)
(admitted pro hac vice)
Marc G. Schildkraut (DC Bar No. 964940)
(admitted pro hac vice)
Michael J. Klisch (DC Bar No. 429711)
(admitted pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: hmorse@cooley.com
Email: mschildkraut@cooley.com
Email: mklisch@cooley.com

Mazda Antia (CA Bar No. 214963)
(admitted pro hac vice)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: mantia@cooley.com

*Counsel for Patheon Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014, I filed the foregoing with the Clerk of Court

through the CM/ECF system, which will send a notice of electronic filing to:

> Alan Rosenthal
> Natalie Carlos
> Avi R. Kaufman
> Charles W. Throckmorton, V
> CARLTON FIELDS JORDEN BURT, P.A.
> Miami Tower
> 100 S.E. Second Street, Suite 4200
> Miami, FL 33131-2114
> Telephone: (305) 530-0050
> Facsimile: (305) 530-0055
> Email: arosenthal@cfjblaw.com
> Email: ncarlos@cfjblaw.com
> Email: akaufman@cfjblaw.com
> Email: cthrockmorton@cfjblaw.com
>
> Chris S. Coutroulis
> D. Matthew Allen
> Joanna Garcia
> Mac Richard McCoy
> Donald R. Schmidt
> CARLTON FIELDS JORDEN BURT, P.A.
> 4221 West Boy Scout Blvd., Suite 1000
> Tampa, FL 33607
> Telephone: (813) 223-7000
> Facsimile: (813) 229-4133
> Email: ccoutroulis@cfjblaw.com
> Email: mallen@cfjblaw.com
> Email: jgarcia@cfjblaw.com
> Email: mmccoy@cfjblaw.com
> Email: dschmidt@cfjblaw.com

*Counsel for Procaps S.A.*

/s/ Robert M. Brochin
Robert M. Brochin (Fla. Bar No. 319661)

107371379

6

# Exhibit 1

**Siegel, Joshua**

| | |
|---|---|
| **From:** | Klisch, Mike |
| **Sent:** | Friday, May 23, 2014 5:26 PM |
| **To:** | Rosenthal, Alan |
| **Cc:** | Cahill, Robert; McCoy, Mac R.; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Siegel, Joshua |
| **Subject:** | Re: Joint notice |

Alan, per our call of a few minutes ago, we disagree with you, and we are not amenable to a "one para. boiled down version" as you suggest, so we are now filing a notice. I must now sign off for the Holiday weekend and thus can't respond to any further emails at this moment.

Have a good Holiday weekend, Mike

Sent from my iPhone

On May 23, 2014, at 5:10 PM, "Rosenthal, Alan" <ARosenthal@cfjblaw.com> wrote:

> We have repeatedly said that we will agree to revise our proposed Joint Notice and have asked for your suggestions....You have declined and insisted that your document be inserted....We cannot agree to that...The Court has made clear that it will not tolerate a motion for leave to file a unilateral notice....I suggest a call to resolve this...Are you available now?
>
> <image001.png>
> **Alan Rosenthal**
> Attorney at Law
>
> Miami Tower
> 100 S.E. Second St., Ste. 4200
> Miami, Florida 33131-2113
> Direct: 305.539.7301 | Fax: 305.530.0055
>
> ARosenthal@cfjblaw.com | www.CFJBLaw.com
> bio | vcard
>
> *Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product. If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*
>
> **From:** Cahill, Robert [mailto:rcahill@cooley.com]
> **Sent:** Friday, May 23, 2014 4:44 PM
> **To:** McCoy, Mac R.
> **Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Siegel, Joshua
> **Subject:** RE: Joint notice
>
> Mac, as we have explained, we do not agree with the language you proposed on May 21. We think the summary in the joint notice should use the language we sent you below. In an effort to resolve this impasse, we proposed that each party write its own summary and include both summaries in a joint notice. Procaps rejected this compromise and refuses to include Pathon's summary in the joint

notice.  Instead, Procaps only wants its own summary in the joint notice.  We do not agree with Procaps' approach and demands.  Thanks, Bob

---

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 4:18 PM
**To:** Cahill, Robert
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Siegel, Joshua
**Subject:** RE: Joint notice

Bob,

We ask again that the parties use the original proposed Joint Notice sent on May 21 because we are obligated to file a "succinct, **joint** notice summarizing Setec's findings." [DE 493 at p. 7 ¶ 9].  If you have edits to the proposed Joint Notice, please send them.

Mac

---

**From:** Cahill, Robert [mailto:rcahill@cooley.com]
**Sent:** Friday, May 23, 2014 4:04 PM
**To:** McCoy, Mac R.; Siegel, Joshua
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Mac, we disagree with you, so the answer is no.

---

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 3:59 PM
**To:** Siegel, Joshua
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Cahill, Robert
**Subject:** RE: Joint notice

Josh,

Waiting until 2:21 p.m. to send us a 4-page memorandum of your law firm's purported "findings" is improper and violates Paragraph 9 of the Second Amended Order, which requires a "succinct joint notice summarizing Setec's findings."

We will not sign a joint notice that includes your memorandum, the representations in which validate the statement in our proposed Joint Notice that the parties continue to disagree about this issue.

Will you agree to Procaps filing the original proposed Joint Notice sent to you on May 21 and attached here again?

Mac

---

**From:** Siegel, Joshua [mailto:jsiegel@cooley.com]
**Sent:** Friday, May 23, 2014 2:21 PM
**To:** McCoy, Mac R.
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Cahill, Robert
**Subject:** RE: Joint notice

Mac,

Attached is Patheon's section to include in the joint notice. Once Procaps has inserted Patheon's section into the document, please send us the final document so that we may review it before you file.

Thanks, Josh.

---

**From:** Cahill, Robert
**Sent:** Friday, May 23, 2014 2:03 PM
**To:** McCoy, Mac R.
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Mac, you don't get to dictate when we send you our portion, so that fact that you unilaterally demanded that we send it to you this morning is irrelevant. We were planning to get it to you in about 15-20 minutes, so you will get it then. That is plenty of time for you to get it filed. Thanks, Bob

---

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 1:57 PM
**To:** Cahill, Robert
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David;

rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Bob,

We asked you to send Patheon's "section" this morning.  You did not do so.  The filing deadline is today and it is now almost 2:00pm EDT.  The Court ordered that the Joint Notice be "succinct."  We ask that you send the text now.

Mac

---

**From:** Cahill, Robert [mailto:rcahill@cooley.com]
**Sent:** Friday, May 23, 2014 10:17 AM
**To:** McCoy, Mac R.
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Mac, we have not done anything wrong so your suggestion that we have is totally false.  We'll provide you our section.

---

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 9:48 AM
**To:** Cahill, Robert
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Bob,

We sent you a proposed joint notice on Wednesday, May 21.  You told us Thursday morning that your firm would "give [us Patheon's] section of the joint notice for [us] to include in the filing."  You have not done so.  Please do so this morning.

Mac

---

**From:** Cahill, Robert [mailto:rcahill@cooley.com]
**Sent:** Friday, May 23, 2014 9:32 AM
**To:** McCoy, Mac R.; Klisch, Mike
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David;

rbrochin@morganlewis.com
**Subject:** RE: Joint notice

Mac, please let us know when your section of the joint notice is finished so we can send you our section, after which you can file the entire pleading.  Or we can handle the filing if you prefer.  Thanks, Bob

---

**From:** Cahill, Robert
**Sent:** Thursday, May 22, 2014 10:26 AM
**To:** 'McCoy, Mac R.'; Klisch, Mike
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com
**Subject:** RE: Joint notice

Mac,

We disagree with your characterization of the Court's order.  And we cannot agree to advise the Court that the parties disagree on the significance of the deletions particularly since we have not discussed the significance and you refuse to tell us Procaps' position on significance.  Accordingly, we will give you our section of the joint notice for you to include in the filing.

Bob

---

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Thursday, May 22, 2014 8:59 AM
**To:** Klisch, Mike
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Cahill, Robert; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com
**Subject:** RE: Joint notice

Mike,

The Court's Second Amended Order [DE 493 at p. 7 ¶ 9] requires the parties to file a succinct joint notice summarizing Setec's findings.  The draft we sent to Josh does that.  The Court does not authorize the inclusion of argument in this succinct, joint filing.  If you are requesting edits to the Joint Notice we have proposed, please send them for our consideration.

Moreover, the parties' positions with respect to the forensic analysis are set out in their prior filings.  Unless Patheon has abandoned its prior position on this subject, the statement in the proposed Joint Notice is unquestionably accurate.

Mac

-----Original Message-----
From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Wednesday, May 21, 2014 7:49 PM
To: McCoy, Mac R.
Cc: Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D.
Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon,
Jessi M.; Cahill, Robert; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David;
rbrochin@morganlewis.com
Subject: Re: Joint notice

Mac, how can you say that we "disagree" about the "significance" of the deletions if we have never
discussed the report, let alone  discussed the "significance"?  What is Procaps' position on
"significance."?

Mike

Sent from my iPhone

On May 21, 2014, at 4:39 PM, "McCoy, Mac R."
<MMcCoy@cfjblaw.com<mailto:MMcCoy@cfjblaw.com>> wrote:

Josh,

We have prepared the attached Joint Notice (and redacted exhibit) pursuant to the Second Amended
Order [DE 493 p. 7 ¶ 9].  We propose to file this with the Court by the parties' May 23 deadline.  Please
let us have your feedback.

Mac

From: Siegel, Joshua [mailto:jsiegel@cooley.com]
Sent: Wednesday, May 21, 2014 3:16 PM
To: McCoy, Mac R.
Cc: Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.;
Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Cahill, Robert; Klisch,
Mike; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; Rosenthal, Alan
Subject: Joint notice

Mac,

As you know, on May 23 the parties are required to file a succinct joint notice summarizing Setec's
findings regarding the user-created files that were deleted after October 22, 2012.  We suggest that we
have a short call to discuss the joint notice.  Please let us know when you're available today or tomorrow
morning.  Thanks.


Joshua M. Siegel
Cooley LLP
1299 Pennsylvania Avenue, NW • Suite 700
Washington, DC  20004
Direct: (202) 842-7891 • Fax: (202) 842-7899
Bio: www.cooley.com/jsiegel<http://www.cooley.com/jsiegel> • Practice:
www.cooley.com/litigation<http://www.cooley.com/litigation>

6

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.
<Exhibit 1.pdf>
<Joint Notice.docx>

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit 2

## Siegel, Joshua

| | |
|---|---|
| **From:** | Cahill, Robert |
| **Sent:** | Friday, May 23, 2014 5:51 PM |
| **To:** | Rosenthal, Alan; McCoy, Mac R. |
| **Cc:** | Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; 'rbrochin@morganlewis.com'; Klisch, Mike; Siegel, Joshua |
| **Subject:** | RE: Joint notice |

Alan, we do not agree with your summary of the call or the language proposed below for the reasons stated on the call and in the emails.  Thanks, Bob

---

**From:** Rosenthal, Alan [mailto:ARosenthal@cfjblaw.com]
**Sent:** Friday, May 23, 2014 5:26 PM
**To:** Cahill, Robert; McCoy, Mac R.
**Cc:** Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; 'rbrochin@morganlewis.com'; Klisch, Mike; Siegel, Joshua
**Subject:** RE: Joint notice

Mike and Bob...In the call Mac McCoy and I just had with you, Mike indicated that we were at an impasse because you insisted on filing your 4-page memorandum and that you would be doing so unilaterally...I requested that you consider the one paragraph Joint Notice which I was ready to send you and you declined to do so....I also confirmed that we would have no objection to your including in a subsequent motion the material included in the memorandum, provided you first conducted a meet-and-confer and you declined that as well.....Regardless, attached is a revised Joint Notice for your consideration....Please advise....Thank you...Alan

**CARLTON FIELDS**
**JORDEN BURT**

**Alan Rosenthal**
Attorney at Law

Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Direct:  305.539.7301 | Fax:  305.530.0055

ARosenthal@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

We have repeatedly said that we will agree to revise our proposed Joint Notice and have asked for your suggestions....You have declined and insisted that your document be inserted....We cannot agree to that...The Court has made clear that it will not tolerate a motion for leave to file a unilateral notice....I suggest a call to resolve this...Are you available now?

1

**CARLTON FIELDS**
**JORDEN BURT**

**Alan Rosenthal**
Attorney at Law

Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Direct:  305.539.7301 | Fax:  305.530.0055

ARosenthal@cfjblaw.com | www.CFJBLaw.com
bio | vcard

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

**From:** Cahill, Robert [mailto:rcahill@cooley.com]
**Sent:** Friday, May 23, 2014 4:44 PM
**To:** McCoy, Mac R.
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Siegel, Joshua
**Subject:** RE: Joint notice

Mac, as we have explained, we do not agree with the language you proposed on May 21.  We think the summary in the joint notice should use the language we sent you below.  In an effort to resolve this impasse, we proposed that each party write its own summary and include both summaries in a joint notice.  Procaps rejected this compromise and refuses to include Patheon's summary in the joint notice.  Instead, Procaps only wants its own summary in the joint notice.  We do not agree with Procaps' approach and demands.  Thanks, Bob

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 4:18 PM
**To:** Cahill, Robert
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Siegel, Joshua
**Subject:** RE: Joint notice

Bob,

We ask again that the parties use the original proposed Joint Notice sent on May 21 because we are obligated to file a "succinct, **joint** notice summarizing Setec's findings." [DE 493 at p. 7 ¶ 9].  If you have edits to the proposed Joint Notice, please send them.

Mac

**From:** Cahill, Robert [mailto:rcahill@cooley.com]
**Sent:** Friday, May 23, 2014 4:04 PM

2

**To:** McCoy, Mac R.; Siegel, Joshua
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Mac, we disagree with you, so the answer is no.

---

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 3:59 PM
**To:** Siegel, Joshua
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Cahill, Robert
**Subject:** RE: Joint notice

Josh,

Waiting until 2:21 p.m. to send us a 4-page memorandum of your law firm's purported "findings" is improper and violates Paragraph 9 of the Second Amended Order, which requires a "succinct joint notice summarizing Setec's findings."

We will not sign a joint notice that includes your memorandum, the representations in which validate the statement in our proposed Joint Notice that the parties continue to disagree about this issue.

Will you agree to Procaps filing the original proposed Joint Notice sent to you on May 21 and attached here again?

Mac

---

**From:** Siegel, Joshua [mailto:jsiegel@cooley.com]
**Sent:** Friday, May 23, 2014 2:21 PM
**To:** McCoy, Mac R.
**Cc:** Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike; Cahill, Robert
**Subject:** RE: Joint notice

Mac,

Attached is Patheon's section to include in the joint notice.  Once Procaps has inserted Patheon's section into the document, please send us the final document so that we may review it before you file.

Thanks, Josh.

**From:** Cahill, Robert
**Sent:** Friday, May 23, 2014 2:03 PM
**To:** McCoy, Mac R.
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Mac, you don't get to dictate when we send you our portion, so that fact that you unilaterally demanded that we send it to you this morning is irrelevant.  We were planning to get it to you in about 15-20 minutes, so you will get it then.  That is plenty of time for you to get it filed.  Thanks, Bob

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 1:57 PM
**To:** Cahill, Robert
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Bob,

We asked you to send Patheon's "section" this morning.  You did not do so.  The filing deadline is today and it is now almost 2:00pm EDT.  The Court ordered that the Joint Notice be "succinct."  We ask that you send the text now.

Mac

**From:** Cahill, Robert [mailto:rcahill@cooley.com]
**Sent:** Friday, May 23, 2014 10:17 AM
**To:** McCoy, Mac R.
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Mac, we have not done anything wrong so your suggestion that we have is totally false.  We'll provide you our section.

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Friday, May 23, 2014 9:48 AM
**To:** Cahill, Robert
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com; Klisch, Mike
**Subject:** RE: Joint notice

Bob,

We sent you a proposed joint notice on Wednesday, May 21.  You told us Thursday morning that your firm would "give [us Patheon's] section of the joint notice for [us] to include in the filing."  You have not done so.  Please do so this morning.

Mac

---

**From:** Cahill, Robert [mailto:rcahill@cooley.com]
**Sent:** Friday, May 23, 2014 9:32 AM
**To:** McCoy, Mac R.; Klisch, Mike
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com
**Subject:** RE: Joint notice

Mac, please let us know when your section of the joint notice is finished so we can send you our section, after which you can file the entire pleading.  Or we can handle the filing if you prefer.  Thanks, Bob

---

**From:** Cahill, Robert
**Sent:** Thursday, May 22, 2014 10:26 AM
**To:** 'McCoy, Mac R.'; Klisch, Mike
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com
**Subject:** RE: Joint notice

Mac,

        We disagree with your characterization of the Court's order.  And we cannot agree to advise the Court that the parties disagree on the significance of the deletions particularly since we have not discussed the significance and you refuse to tell us Procaps' position on significance.  Accordingly, we will give you our section of the joint notice for you to include in the filing.

Bob

---

**From:** McCoy, Mac R. [mailto:MMcCoy@cfjblaw.com]
**Sent:** Thursday, May 22, 2014 8:59 AM
**To:** Klisch, Mike
**Cc:** Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Cahill, Robert; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com
**Subject:** RE: Joint notice

Mike,

The Court's Second Amended Order [DE 493 at p. 7 ¶ 9] requires the parties to file a succinct joint notice summarizing Setec's findings. The draft we sent to Josh does that. The Court does not authorize the inclusion of argument in this succinct, joint filing. If you are requesting edits to the Joint Notice we have proposed, please send them for our consideration.

Moreover, the parties' positions with respect to the forensic analysis are set out in their prior filings. Unless Patheon has abandoned its prior position on this subject, the statement in the proposed Joint Notice is unquestionably accurate.

Mac

——Original Message——
From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Wednesday, May 21, 2014 7:49 PM
To: McCoy, Mac R.
Cc: Siegel, Joshua; Rosenthal, Alan; Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Cahill, Robert; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; rbrochin@morganlewis.com
Subject: Re: Joint notice

Mac, how can you say that we "disagree" about the "significance" of the deletions if we have never discussed the report, let alone discussed the "significance"? What is Procaps' position on "significance."?

Mike

Sent from my iPhone

On May 21, 2014, at 4:39 PM, "McCoy, Mac R." <MMcCoy@cfjblaw.com<mailto:MMcCoy@cfjblaw.com>> wrote:

Josh,

We have prepared the attached Joint Notice (and redacted exhibit) pursuant to the Second Amended Order [DE 493 p. 7 ¶ 9]. We propose to file this with the Court by the parties' May 23 deadline. Please let us have your feedback.

Mac

From: Siegel, Joshua [mailto:jsiegel@cooley.com]
Sent: Wednesday, May 21, 2014 3:16 PM
To: McCoy, Mac R.
Cc: Carlos, Natalie J.; Coutroulis, Chris S.; Garcia, Joanna; Allen, D. Matthew; Kaufman, Avi R.; Throckmorton, Charles W.; Jones, Elizabeth; Jester, Debra A.; Castellon, Jessi M.; Cahill, Robert; Klisch, Mike; Schildkraut, Marc; Morse, Howard; Antia, Mazda; Bansal, Dee; Burns, David; Rosenthal, Alan
Subject: Joint notice

Mac,

As you know, on May 23 the parties are required to file a succinct joint notice summarizing Setec's findings regarding the user-created files that were deleted after October 22, 2012. We suggest that we have a short call to discuss the joint notice. Please let us know when you're available today or tomorrow morning. Thanks.

Joshua M. Siegel
Cooley LLP

1299 Pennsylvania Avenue, NW • Suite 700
Washington, DC  20004
Direct: (202) 842-7891 • Fax: (202) 842-7899
Bio: www.cooley.com/jsiegel<http://www.cooley.com/jsiegel> • Practice:
www.cooley.com/litigation<http://www.cooley.com/litigation>

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient,
please be advised that the content of this message is subject to access, review and disclosure by the sender's Email
System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used,
and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii)
for promoting, marketing or recommending to another party any transaction or matter addressed herein.
<Exhibit 1.pdf>
<Joint Notice.docx>

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient,
please be advised that the content of this message is subject to access, review and disclosure by the sender's Email
System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used,
and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii)
for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use,
disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System
Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax
penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use,
disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System
Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax
penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use,
disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System
Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.