UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

### ORDER DENYING PROCAPS' MOTION TO RECONVENE DEPOSITION OF JAMES MULLEN

Plaintiff Procaps S.A. ("Procaps") seeks to substitute or join DPx Holdings B.V. ("DPx") as a defendant in this matter. [ECF No. 726]. However, due to the less-than-clear record of the relationship between Defendant Patheon Inc. ("Patheon") and DPx, the Undersigned granted [ECF No. 776] Procaps' *ore tenus* request to take one deposition in connection with the motion to substitute or join a party. Specifically, the Undersigned ordered the following:

> Procaps may take one four-hour deposition of a witness of its choosing, including a DPx director, officer or executive, to probe the limited issues arising from the less-than-clear record: whether there was a merger, whether DPx assumed liabilities, whether DPx issued any type of indemnification, whether any other entity assumed Patheon's liabilities (and, if so, in what amounts and at what levels) or issued any indemnity, the identity of "Newco," whether Patheon is a direct or indirect wholly-

owned subsidiary of DPx (and, if it is indirectly owned, the names of the other entities in the ownership chain), why some of Patheon's documents identify DPx as "Newco," whether any prior deposition testimony on these issues was incorrect or is no longer valid, and the cross-designation of executives between DPx and Patheon and whether DPx and Patheon have any type of employee-sharing arrangement (and, if so, the details).

[ECF No. 776].

Procaps selected James Mullen ("Mullen") as the deponent.[1] At Mullen's deposition however, the parties encountered a procedural conundrum concerning the Stipulated Confidentiality Order [ECF No. 86], which limits access to certain documents marked as "Confidential" or "Highly Confidential" by the producing party. Procaps attempted to present Mullen with certain exhibits produced by third parties that were marked as "Confidential" and "Highly Confidential." Pursuant to the Stipulated Confidentiality Order, "Confidential" documents may only be viewed by "employees" of the parties, among others. Consequently, Patheon's counsel objected to the presentation of these documents to Mullen, who, Patheon claimed, is not an "employee" of Patheon, as contemplated by the Stipulated Confidentiality Order.[2]

Due to Mullen's steadfast refusal to view the "Confidential" and "Highly Confidential" exhibits presented to him (based on advice of counsel), Procaps now

---

[1] This development, of course, occurred with the typical animosity that plagues this case, as Court intervention [ECF No. 790] was necessary to accommodate the scheduling of Mullen's deposition and to confirm the Undersigned's previous unambiguous instructions that the choice of deponent was Procaps' to make.

[2] Mullen used to be CEO of Patheon, but he ceased being CEO in March 2014; a CEO is not necessarily an employee, in any event.

seeks an order to reconvene Mullen's deposition so that he can view these exhibits and respond to questions concerning them. Patheon opposes this motion. [ECF No. 844].

Because Patheon's counsel was only advising Mullen to abide by the Stipulated Confidentiality Order, under which there is no exception for circumstances such as these, the motion is **denied**; however, because of Patheon's failure to adequately comply with the Undersigned's specific instructions in the order establishing the briefing schedule [ECF No. 841], the Undersigned will not impose the standard Federal Rule of Civil Procedure 37 fee-shifting award. Patheon's vague, incomplete responses to the precise questions required by the Undersigned's briefing schedule Order offsets Procaps' unconvincing motion.

## Analysis

The parties themselves jointly drafted and presented the Stipulated Confidentiality Order to the Court. [ECF No. 86, p. 1]. Therefore, it was the parties themselves who established that "Confidential" documents may be disclosed only to, among other recipients, counsel and "any employee of a Party who Counsel believes in good faith has a need to access the information solely for the purposes of this Action." [*Id.*, at p. 8]. Additionally, the parties determined that "Highly Confidential" documents may not be disclosed to a Party or its employees (although it may be shown to the party's outside counsel).

Accordingly, the parties themselves, including movant, Procaps, drafted this Stipulated Confidentiality Order in such a way that it provides for "employees" to review "Confidential" documents, but it does not provide for review by officers or directors (unless they, too, are "employees"). Procaps' own counsel acknowledged this in a hearing before the Undersigned, at which time Procaps was the party pursuing a strict interpretation of the Stipulated Confidentiality Order for the purpose of excluding certain individuals from Patheon's camp -- including one former officer of Patheon -- from attending a deposition designated as "Confidential." [ECF No. 821, p. 55 (Procaps' counsel is quoted as saying: "I believe the stipulated order, I think it's DE 86, but I could be wrong, says an employee. It does not provide for officers and directors.")].

Now, *Procaps*, the party that previously carried the banner of strict construction concerning the definition of "employee," moves to create an exception to that interpretation. The Court previously agreed with Procaps' strict constructivist interpretation of the Stipulated Confidentiality Order and ordered that two individuals affiliated with Patheon, Jason Conner and Eric Sherbet, may not attend depositions designated as "Confidential" or "Highly Confidential." [ECF No. 820, pp. 5-6].

The present situation with James Mullen is analogous to the matter involving Conner and Sherbet, even if those individuals were not the actual deponents. In each instance, the individual was barred from seeing information designated as

4

"Confidential" under the Stipulated Confidentiality Order because the individual was not an "employee" as contemplated by that Order.

Previously, Procaps convincingly argued that officers and directors are *not* employees and thus cannot view "Confidential" information. The Court agreed. Thus, when Patheon's counsel invoked this same rule to prevent certain documents marked "Confidential" and "Highly Confidential" from being presented to Mullen, he was only following the Court's previous order on this very same subject (as well as adopting the very position that Procaps itself previously took on this issue).

Procaps now seeks an order that either finds a non-existent exception in the Stipulated Confidentiality Order or rewrites the Stipulated Confidentiality Order altogether. As emphasized above, it was the parties to this case who drafted and presented the Stipulated Confidentiality Order to the Court. Two years later, a party cannot unilaterally take the position that a certain provision needs to be rewritten because that party happens to have developed a need for certain information. Such an argument is inherently illogical, but it is especially unconvincing when that same party very recently moved to enforce the very same provision that it now seeks to rewrite or, in effect, eliminate.

Needless to say, there is no "Mullen exception" to the Stipulated Confidentiality Order, nor is there a "but-we-now-need-the-information-for-our-motion exception." The Undersigned appreciates that Procaps is frustrated with its inability to smoothly

5

obtain information it thinks it needs to further bolster its motion to add or substitute DPx. That frustration was palpable from the Mullen deposition transcript and is mirrored in the tenor of Procaps' motion to reconvene the deposition. The Undersigned fully understands *why* Procaps wants to question Mullen about certain "Confidential" and "Highly Confidential" documents. The need is legitimate, to be sure. But need alone is inadequate to justify an exception to the Stipulated Confidentiality Order. Patheon had a *bona fide* litigation reason to have Sherbet attend a deposition, but that was insufficient to cause it to happen in the face of the Stipulated Confidentiality Order.

Two years ago, Procaps made a strategic choice to co-draft and enter the Stipulated Confidentiality Order. Procaps (and Patheon) decided, for whatever reason, to not provide access to "Confidential" documents to, for example, persons who "prepared, received, reviewed, or otherwise had been provided access to the designated material prior to its production in this Action."[3] More recently, Procaps made the choice to urge strict constructionism concerning the interpretation and enforcement of the "Confidential" and "Highly Confidential" information clauses. The Undersigned sided with Procaps on that issue previously, and will not now create a new exception to the Confidentiality Order solely for the benefit of Procaps.

---

[3] This quoted language is from a Stipulated Confidentiality Order entered by a district judge presiding over an MDL case in the Eastern District of Tennessee. Patheon's counsel was involved in that case and submitted it here to demonstrate situations where parties choose to permit broader access to "Confidential" documents than the kind agreed to here. [ECF No. 844-1].

To the extent that Procaps believes it is being strategically handcuffed by the Stipulated Confidentiality Order, the Court simply notes that the Order is a *stipulated* one. And it notes the applicability of a folksy expression already used several times in this case: "What's sauce for the goose is sauce for the gander." Accordingly, the motion is **denied**.

**Attorneys' Fees**

In its response to Procaps' motion to reconvene Mullen's deposition, Patheon asks the Undersigned to award it attorney's fees. Typically, the Undersigned would (in the absence of an applicable exception) award attorneys' fees to the prevailing party in a discovery dispute in accordance with Rule 37's fee-shifting provision. That provision establishes a presumption of attorney's fees to the prevailing party and, in fact, mandates a fees award unless one or more of a limited list of exceptions applies. However, the Undersigned will not award fees to Patheon.

Procaps' motion was unconvincing, advocating a position that was directly contrary to a very recent ruling by the Undersigned with no new facts or case law to support such an argument. Normally, this would be grounds for a fees award for the opposing party prevailing in a discovery dispute.

However, after Procaps' motion was filed, the Undersigned provided very specific instructions to Patheon concerning its response. Specifically, the Undersigned

7

ordered that "Patheon shall also explain, on an exhibit-by-exhibit basis, whether Mullen prepared, reviewed, publicly discussed, privately discussed or had access to each confidential exhibit used -- or attempted to be used -- at his recent deposition." [ECF No. 841]. Patheon's response simply stated vaguely whether Mullen had seen any document before. [ECF No. 844, pp. 3-4].

The question presented to Patheon was precise, but the response was ambiguous and vague and not particularly helpful in assisting the Undersigned factually understand this issue. For example, Patheon cryptically noted that Mullen had "seen" a document "outside of the litigation."  What does that mean?  Is that the same as "reviewed?" If he actually *prepared* the document,[4] then the hazy response does not disclose this, but the response would technically not be inaccurate. Similarly, if he discussed the document with someone, then the vague response would still not be actually false, though it would be, at best, incomplete.

---

[4]     The parties did not draft the Stipulated Confidentiality Order so that the drafter of a "Confidential" document could have access to it when no longer an employee. In the absence of consent from all parties, the Undersigned is not going to rewrite the stipulated order, especially when another party specifically objects.

Because of Patheon's nebulous responses to a direct briefing directive from the Court, the Undersigned finds that attorneys' fees should not be granted in Patheon's favor as the presiding party in this discovery dispute.[5]

**DONE AND ORDERED** in Chambers, in Miami, Florida, August 12, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

---

[5] In an order entered approximately a year and a half ago in this case [ECF No. 442], the Undersigned cited *Peters-Turnball v. Bd. of Educ. of the City of New York,* No. 96 CIV 4914 (SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) for the proposition that "a court need not beg a party to comply with its orders." At the time, the cited reference was focused at Procaps. It is therefore appropriate to cite it now again in connection with Patheon's decision to be incomplete in its response to an Order.