UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

ORDER ON PROCAPS' MOTION
TO STAY PATHEON'S MOTION
FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS

The Undersigned **grants in part and denies in part** Procaps' motion [ECF No. 1034] to stay Patheon's motion for attorney's fees and non-taxable costs.

Much of Patheon's fees request is based on Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), and FDUPTA does not permit a fees award to a prevailing party until all appeals are exhausted. The appeal here is far from exhausted, so the Court cannot issue a fees judgment now to Patheon under FDUPTA.

The Court is not convinced by Patheon's argument that I can still *decide* fees under FDUPTA now but postpone entry of a judgment or an actual award until after all appeals are finished. Although I might technically be permitted to do that, I find it inefficient and arguably inconsistent with the spirit of the FDUPTA statute's provision

concerning attorney's fees. Moreover, some Florida district courts appear to agree with the notion that the filing of the fees motion should follow the appellate process and the Eleventh Circuit also seems to adopt that view.

The statute provides that the prevailing party may "receive his or her reasonable attorney's fees and costs from the nonprevailing party" after "judgment in the trial court and exhaustion of all appeals, if any." It seems as though the statute "does seem to contemplate that the motion be **filed** after the expiration of the appeal period." *Am. Registry, LLC v. Hanaw,* No. 2:13-cv-352, 2015 WL 5687693 (M.D. Fla. Sept. 25, 2015) (emphasis supplied). In addition, at least two judges in this district have "concluded that filing such a motion is not proper until the exhaustion of all appeals." *Id.*, at *3, *Citibank (S. Dakota) N.A. v. Nat'l Arbitration Council, Inc.,* No, 3:04-CV-1076, 2006 WL 2691528, at *7 (M.D. Fla. Sept. 19, 2006) (denying without prejudice FDUPTA-based motion for fees and costs, subject to renewal after either the expiration of the time to appeal or the conclusion of an appeal). *See also M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 30 F.3d 113, 115 (11th Cir. 1994) (explaining that FDUPTA "expressly includes the culmination of the appellate process in its definition of a prevailing party" for purposes of awarding fees and costs).

I recognize that Patheon also seeks fees for the forensic analysis and for events arising from a change of theory under grounds other than FDUPTA. Nevertheless, the lion's share of the requested fees arise under FDUPTA and it would make little sense to

assess only a portion of the fees award now and possibly evaluate the remainder later, if the summary judgment were to be affirmed on appeal.

For the same reason, it is impractical to now evaluate the non-taxable costs (i.e., those costs not permitted by 28 U.S.C. § 1920) because a portion of Patheon's argument for non-taxable costs is, again, FDUPTA.

Therefore, I **grant** Procaps' motion to stay Patheon's motion for attorney's fees and non-taxable costs pending the exhaustion of all appeals.

However, the same logic does not apply to Patheon's request for **taxable** costs [ECF No. 1023]. That request is not based on FDUPTA. Instead, it is based solely on Patheon's status as the prevailing party. In addition, Procaps has already substantively responded [ECF No. 1026] to the request for taxable costs and provided a comprehensive, category-by-category opposition. There is no need to postpone or stay consideration of this request.

Therefore, the Court will soon enter a substantive order on the taxable costs.

**DONE AND ORDERED** in Chambers, in Miami, Florida, January 12, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record