UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

**ORDER ON DEFENDANT PATHEON'S MOTION FOR ENTRY OF JUDGMENT**

In his 1977 hit song, English singer/songwriter/guitarist Dave Mason, co-founder of the band Traffic, explained: "There ain't no good guy, there ain't no bad guy, There's only you and me and we just disagree."[1]

The song lyric phrase "we just disagree" can surely be applied to the relationship between Plaintiff Procaps S.A. ("Procaps") and Defendant Patheon Inc. ("Patheon") in this antitrust lawsuit. Procaps and Patheon have disagreed about pretty much everything in this case, which is now on appeal and which was filed in December 2012. The trial court record has generated 1046 docket entries. The parties have disagreed about substantive issues. They have disagreed about procedural issues. They have

---

[1] From the "We Just Disagree" song, released on the Let It Flow album (Columbia Records).

disagreed about discovery issues. They have disagreed about whether Patheon is entitled to attorney's fees after prevailing on its summary judgment motion and whether the Court should stay a fees analysis pending an appellate court ruling.

So it is no surprise that the parties now disagree about whether the Court should enter a judgment against Procaps in connection with an order awarding Patheon $173,480.80 in taxable costs. Procaps has not paid the taxable costs or filed a supersedeas bond. Noting that it cannot execute on a mere order granting a costs application, Patheon has now filed a motion for entry of judgment [ECF No. 1044]. Following Dave Mason's classic musical mantra, Procaps disagrees and filed a response [ECF No. 1045] opposing the motion. Patheon filed a reply. [ECF No. 1046].

The Dave Mason lyrical reference is not *completely* applicable, though, as the parties do in fact have perceived "good guys" and "bad guys." Without going into detail, suffice it to say that each party views the other as the so-called "bad guy" and has said as much more than once during this case. Regardless of who between them is the bad guy and regardless of whether there even is a bad guy (as opposed to a mere litigation adversary), the parties still continue to "just disagree."

**Factual Background**

After obtaining summary judgment in this antitrust claim, Patheon filed a bill of taxable costs. [ECF No. 1023]. Patheon supported its application with a memorandum of law, a declaration and myriad exhibits. Procaps filed an opposition [ECF No. 1026],

asking that the costs bill be stayed, that the Court deny all costs or, alternatively, significantly reduce them.

The Undersigned previously entered a stay [ECF No. 1040], at Procaps' request, in connection with Patheon's motion for attorney's fees (of almost $23 million, under three separate theories) and non-taxable costs (of approximately $1.6 million). The order granting the stay was based on the fact that most of the fees and non-taxable costs sought by Procaps arose from the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), which provides that an award cannot be entered until all appeals have been exhausted. Procaps' appeal is pending and is only in its preliminary stages. The taxable costs, however, did not arise from FDUTPA, so the Undersigned granted, in part, the taxable costs bill and awarded Patheon $173,480.80 in costs against Procaps. [ECF No. 1043].

**The Parties' Positions**

Patheon says that it needs a monetary judgment in order to execute on the costs award.  Noting that the Undersigned previously denied a Procaps request to stay the entry of a costs award, Patheon contends that Procaps must file a supersedeas bond if it wishes to postpone its obligation to pay the costs award. Patheon argues that there are no grounds to justify an order postponing Procaps' obligation to pay the costs award in the absence of a supersedeas bond.

Procaps contends that the Court has discretion to delay entry of a costs judgment where the appellate issue is based upon a split of decisions between Circuits or is a case of first impression. Procaps submitted a copy of its initial appellate brief and argues that its appeal raises antitrust issues which the Eleventh Circuit "has not addressed in this context." It also contends that there is "tension" between "certain Eleventh Circuit decisions and United States Supreme Court precedent and decisions from other Circuit Courts of Appeal." Concluding that "the underlying merits judgment is subject to potential reversal in the Eleventh Circuit based on significant questions of antitrust law," Procaps raises a practical point: if the summary judgment were to be reversed, then a costs judgment in Patheon's favor would be a nullity.

Procaps also argues that this Court has discretion to stay execution of a judgment without the posting of a bond under "proper circumstances," such as where the judgment debtor "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the Court a financially secure plan for maintaining the same degree of solvency during the period of appeal." Procaps says that procuring a bond to cover $190,828.88[2] would be a waste of money because it is "a

---

[2]   Procaps used this amount because Local Rule 62.1(a) provides that a supersedeas bond shall be in the amount of 110% of the judgment (but that the Court may "direct otherwise"). 110% of the costs award would be $190,828.88.

multi-million dollar company fully capable of satisfying this amount."[3] It further points out that the costs award is accruing post-judgment interest from the date of the merits judgment, which it says means that "a costs judgment *appears* unnecessary to secure Patheon's ability to collect post-judgment interest on its costs award should it later prevail in the Eleventh Circuit." (emphasis added).

Patheon argues that the posting of a bond is required to obtain a stay here and that staying execution of a judgment without a bond is rare. It contends that parties seeking a stay without a bond must present an alternate form of security or present a financially secure plan to pay a judgment after appeal. Noting that Procaps has done neither, Patheon emphasizes that Procaps is a Colombian company and that "collecting will be complicated and could require legal proceedings in a foreign country if a bond is not posted." And it argues that the non-payment risk "is particularly prevalent here given the acrimonious relationship between the parties."

---

[3] Procaps did not submit any evidence of its own to support its claim of being a multi-million-dollar company. Instead, it referred to Patheon's initial fees motion, which contained a section entitled "Procaps Can Pay a Fee Award." [ECF No. 1030]. The specifics of that section were filed under seal. The Undersigned has access to the unredacted, under-seal motion. [ECF No. 1028]. The motion was accompanied by an exhibit which summarized Procaps' financial results and revealed its market value as of December 2012. Because the financial details were filed under seal, the Undersigned cannot discuss the specifics here. However, the Undersigned notes that the information fully supports Procaps' contention, assuming that its current financial condition has not dramatically changed from December 2012.

**Applicable Legal Principles and Analysis**

It is certainly true that reversal of the summary judgment in Patheon's favor would render the costs judgment a nullity. But that point is also a *truism* -- it could be said about **every** money judgment (or fees award or costs award) which the losing party has appealed. If the possibility of reversal was by itself sufficient to justify a stay or a delay in entering a money judgment, then there would never be need for a supersedeas bond (because all judgments would be stayed simply because the appeal could lead to a reversal, thereby rendering moot the appellant's obligation to pay the appellee).

Thus, the Undersigned does not consider that theoretical possibility a convincing reason to not enter a costs judgment.

Federal Rule of Civil Procedure 58(b) requires that a judgment be entered "promptly." Procaps' position is, of course, fundamentally at odds with this requirement. In effect, Procaps seeks a stay without posting a bond, without posting alternate security and without articulating a plan to pay the judgment should it lose its appeal.[4]

---

[4] Staying execution *without* a bond is rare. *Advanced Estimating Sys., Inc. v. Riney*, 171 F.R.D. 327, 328 (S.D. Fla. 1997) (defendants "must post a full security supersedeas bond under normal conditions and courts "should only allow lesser bonds on extraordinary occasions"). A bond secures the rights of the non-appealing party. *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011) (a bond "compensates [the prevailing party] for delay in the entry of final judgment"). The appealing party must "objectively demonstrate" the stay is appropriate. *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (explaining that full a full security supersedeas bond is the "usual

> Courts apply a 5-factor test to determine whether a stay is appropriate:
>
> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*O'Callaghan*, 805 F. Supp. 2d at 1326 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)).

Although Procaps may indeed be a "multi-million-dollar" company, this alone does not generate significant confidence in Patheon's ability to collect. Procaps is a foreign entity and collection proceedings might not necessarily be easy.

Procaps has not called the Court's attention to a case where a bond-free stay was issued without alternative security. *Cf. Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989) (mentioning "financially secure plan" and rejecting appellant's argument that

---

requirement"); *United States v. Dornbrock*, No. 06–61669–CIV. 2008 WL 2894829, at *1 (S.D. Fla. 2008).

Parties seeking a stay without bond must present an alternative form of security or at least present a specific "financially secure plan" to pay a judgment after the appeal. *Riney*, 171 F.R.D. at 328 (citing *Poplar Grove*, 600 F.2d at 1191). "Even if a judgment debtor presents sufficient reason to depart from the requirement of a full bond, *Poplar Grove* strongly suggests that the judgment debtor must provide substitute security that 'furnish[es] equal protection to the judgment creditor.'" *O'Callaghan*, 805 F. Supp. 2d at 1325 (quoting *Poplar Grove*, 600 F.2d at 1191).

7

posting a bond would render it insolvent). If Procaps is indeed a multi-million-dollar company, then it can post 110% of the judgment and avoid the need to obtain a bond and pay a premium to the bonding company. *Larry v. Boston Sci. Corp.*, No. 11-cv-23820, 2015 WL 1000966, at *2 (S.D. Fla. March 6, 2015) (rejecting motion for a stay of execution or waiver of supersedeas bond pending appeal and explaining that "defendants have substantial cash or cash equivalents on hand to post the required amount plus 10% with the Court, thus not incurring the expense of a bond.").

Procaps argues that the Court has discretion to not enter judgment until the appeal is resolved. But the Undersigned does not find the few cases it cites to be applicable or persuasive. *Hartford Acc. & Indem. Co. v. Crum & Forster Specialty Ins. Co.*, No. 10-24590-CIV, 2012 WL 3291986 (S.D. Fla. Aug. 13, 2012) held that a pending appeal is *not* a valid ground for a stay. Moreover, the issue concerned whether the court should stay *consideration* of a bill of costs, not whether it should postpone judgment once it ruled on the costs application. The other cases Procaps relied upon authorize a stay of execution on a judgment without bond where the appellant presents a financially secure plan -- but Procaps failed to present the required plan. *See Poplar Grove*, 600 F.2d at 1191.

Procaps suggests that there is a Circuit split on an appellate issue it raised in this case, but Patheon filed a response to Procaps' Civil Appeal Statement and advised the Eleventh Circuit Court of Appeals that the appeal was "unlikely" to reach the issue

concerning *Levine v. Central Florida Medical Affiliates, Inc.*, 72 F.3d 1538 (11th Cir. 1996), which requires that an antitrust plaintiff like Procaps prove that the challenged conduct had no procompetitive benefit or justification. Moreover, Patheon also pointed out that the Undersigned **denied** Patheon's summary judgment motion on the procompetitive benefit issue addressed in *Levine* -- which makes that argument irrelevant for purposes of reversing the summary judgment.

Procaps has not come anywhere close to convincing the Undersigned to not enter a judgment or to stay execution of a costs judgment without posting a bond. The Court will enter a separate costs judgment. Procaps, of course, can prevent Patheon from executing on it by posting a supersedeas bond or depositing sufficient cash security with the Court Clerk.

**Conclusion**

For the reasons stated above, the Undersigned grants Patheon's motion to enter a costs judgment and rejects Procaps' opposition and *de facto* request for a stay.[5]

**DONE AND ORDEED** in Chambers, in Miami, Florida, March 14, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

[5] *See generally*, the song "Disagreement," by Chumbawamba ("but now we both agree that we disagree"). (http://www.metrolyrics.com/disagreement-lyrics-chumbawamba.htl, last visited March 11, 2016).

9

**<u>Copies furnished to:</u>**

All Counsels of Record