UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

[CONSENT CASE]

| | |
|---|---|
| PROCAPS S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:12-cv-24356-JG |
| | ) |
| PATHEON INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION FOR PROCEEDINGS SUPPLEMENTARY TO COMPEL ASSIGNMENTS OF INTELLECTUAL PROPERTY

Defendant/Judgment Creditor, Patheon, Inc. ("Patheon"), pursuant to Federal Rules of Civil Procedure 66 and 69(a), and Section 56.29, Florida Statutes, respectfully moves for the entry of an Order commencing proceedings supplementary to execution against Plaintiff Judgment Debtor, Procaps S.A. ("Procaps") in connection with the August 17, 2017 *Final Money Judgment (For Fees and Costs)* ("Final Judgment"). Patheon requests that the Court direct the assignment of Procaps' intellectual property to Patheon or a Court-appointed receiver for management and/or liquidation toward satisfaction of the Final Judgment.

## INTRODUCTION

1.    On August 17, 2017, this Court entered the Final Judgment for Patheon and against Procaps for $18,494,846.00. DE 1167.

2.    To date, the Final Judgment remains entirely unpaid.

8140319-9

3.      The Final Judgment was recorded in Miami-Dade, Broward and Palm Beach Counties in September, 2017. Also, a Judgment Lien Certificate was issued by the Florida Department of State on September 1, 2017. Ex. "A", Judgment Lien Certificate.

4.      Thereafter, a Writ of Execution ("Writ") was obtained and served on Procaps. DE 1174.

5.      The Writ remains unsatisfied.

### Proceedings Supplementary Are Warranted

6.      Included within Procaps' assets are certain patents of which Procaps is the assignee: (i) Patent No. U.S. 9,433,584 issued on September 6, 2016 (Ex. "B", the '584 Patent); (ii) Patent No. U.S. 8,739,698 B2 issued on June 3, 2014 (Ex. "C, the '698 Patent); and (iii) Patent No. U.S. 9,675,522 B2 issued on June 13, 2017 (Ex. "D", the '522 Patent).  In addition, Procaps has identified several other patents and assets it owns in response to Patheon's interrogatories herein regarding intellectual property as "Highly Confidential" information under the *Stipulated Order for the Protection of Confidential and Highly Confidential Information*. DE 86.[1]

7.      Because all of Procaps' above-identified patents (including those allegedly "Highly Confidential"), patent registrations and applications and associated royalties and goodwill (these assets shall jointly be referred to as "Procaps Intellectual Property") cannot be obtained in aid of execution without the equitable relief afforded by proceedings supplementary, the relief sought here is appropriate and should be granted.

8.      In compliance with Section 56.29(1), Florida Statutes, the attached affidavit of counsel for Patheon, Michael J. Klisch, Esq., confirms the validity of the Writ and the amount

---

[1]      Patheon disputes the designation of these patents as "Highly Confidential" since the information is publicly available.

8140319- 9

owed under the Final Judgment. Ex. "E", Writ of Execution; Ex. "F", Affidavit of Michael J. Klisch, Esq.

9.      Thus, Patheon has fulfilled all of the procedural requirements necessary to commence proceedings supplementary.

10.     Accordingly, under Section 56.29, Florida Statutes, an Order should be entered in which:

(a)     Procaps is directed to appear for examination before this Court on a date and time certain concerning the Procaps Intellectual Property and other assets; and

(b)     Procaps is compelled to execute written assignments to Patheon of all right, title and interest in the Procaps Intellectual Property, or in the absence of Procaps' consent, the Court assigns all right, title and interest in the Procaps Intellectual Property directly to Patheon; or

(c)     in the alternative, a receiver should be appointed under Fed. R. Civ. P. 66, to accept written assignments of the Procaps Intellectual Property on behalf of Patheon and such receiver needs to be directed to complete the lawful transfer and sale of the Procaps Intellectual Property to be applied toward payment of the Final Judgment.

## ARGUMENT & MEMORANDUM OF LAW

### A.      Proceedings Supplementary Generally.

Under Rule 69 "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a). In Florida, the procedure for supplementary, post-judgment proceedings is governed by Section 56.29, Florida Statutes. Subsection (1) of Section 56.29 provides:

> When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

§ 56.29(1), Fla. Stat.

Proceedings supplementary under Section 56.29, Florida Statutes, are special statutory "proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment against the judgment debtor." *Rosenfeld v. TPI Int'l Airways*, 630 So. 2d 1167, 1169 (Fla. 4th DCA 1993). Proceedings supplementary to execution are often very effective for the judgment creditor, and at times the only way, to execute against a judgment debtor's assets. The most common use for proceedings supplementary is to set aside fraudulent transfers, but proceedings supplementary may be used to execute against intangible assets such as trademarks and other intellectual property. *Cont'l Cigar Corp. v. Edelman & Co.*, 397 So. 2d 957 (Fla. 3d DCA 1981) (trademark and logo subject to execution under Section 56.29).

Under Section 56.29(9), Florida Statutes, the Court has broad power to subject the judgment debtor's property and property rights to execution. Indeed, proceedings supplementary are equitable in nature and should be liberally construed. *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145 (Fla. 4th DCA 1995). Thus, once the jurisdictional requirements have been met, the "statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible." *Richard v. McNair*, 164 So. 836, 840 (Fla. 1936); *see also Ryan's Furniture Exch., Inc. v. McNair*, 162 So. 483 (1935); *General Guar. Ins. Co. of Florida v. DaCosta*, 190 So. 2d 211 (Fla. 3d DCA 1966); *Puzzo v. Ray,* 386 So. 2d 49, 50 (Fla. 4th DCA 1980); *Neff v. Adler*, 416 So. 2d 1240 (Fla. 4th DCA 1982); *Bleidt v. Lobato,* 664 So. 2d 1074

(Fla. 5th DCA 1995). Section 56.29(9), Florida Statutes, allows the Court to "enter *any orders* required to carry out the purpose of the statute. . ." to subject property or property rights of any debtor to execution. § 56.29(9), Fla. Stat.

In addition, proceedings supplementary enable a judgment creditor to discover assets and subject the debtor to the creditor's judgment by speedy proceedings. *See Puzzo*, 386 So. 2d at 49; *Patterson v. Venne*, 594 So. 2d 331 (Fla. 3d DCA 1992) (finding that parties can obtain discovery in a proceeding supplementary by the same methods that apply to a case pending before trial). The proceedings supplementary to execution is considered to be a "separate" action from the main lawsuit. *Advertects v. Sawyer Indus.*, 84 So. 2d 21, 23 (Fla. 1955). Yet, it is a collateral or ancillary proceeding to the main action. *See Schwartz v. Capital City First Nat'l Bank*, 365 So. 2d 181 (Fla. 1st DCA 1979). Section 56.29(8), Florida Statutes, also provides that costs incurred in the proceeding shall be taxed against the debtor and that the court may tax reasonable attorney's fees against the debtor. *See PMI Mortg. Ins. Co. v. Kahn*, 26 So. 3d 25 (Fla. 3d DCA 2009).

> **B.  Procedural Requirements.**

The jurisdictional prerequisites for supplementary proceedings under Florida law are an unsatisfied judgment or judgment lien and an affidavit executed by the judgment creditor averring that the judgment is valid and unsatisfied. *See* § 56.29(1), Fla. Stat.; *see also General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485 (11th Cir. 1997); *Wieczoreck v. H & H Builders, Inc.*, 450 So. 2d 867 (Fla. 5th DCA 1984), *modified* 664 So. 2d 1074 (writ need only remain unsatisfied; need not be "returned" unsatisfied). While simple to employ, the implications of proceedings supplementary are far reaching. A judge may order any property of a judgment debtor, not exempt from execution, in the hands of any person or due to the judgment

debtor to be applied toward the satisfaction of the judgment debt. § 56.29(5), Fla. Stat. Importantly, if the judgment creditor meets the jurisdictional requirements, it is reversible error for the court to refuse to enter an order for proceedings supplementary. *Biloxi Casino Corp. v. Wolf*, 900 So. 2d 734 (Fla. 4th DCA 2005); *B & I Contractors, Inc. v. Mel Re Constr. Mgmt*, 66 So. 3d 1035 (Fla. 2d DCA 2011); *Okaloosa New Opportunity, LLC v. LD Projects, LLC*, 109 So. 3d 1209 (Fla. 5th DCA 2013).

### C.   Patheon Is Entitled To Proceedings Supplementary To Compel Assignments of Procaps Patents.

Patheon has a valid and unsatisfied execution—as confirmed by the Affidavit of its counsel, Michael J. Klisch, Esq. It is well-settled that judgment creditors may reach patents owned by a judgment debtor as a means of satisfying a judgment. *See Ager v. Murray*, 105 U.S. 126, 128 (1881) (endorsing the use of an equitable proceeding known as a creditor's bill to order the sale of a debtor's patents); *Coldren v. Am. Milling Research & Dev. Inst., Inc.*, 378 N.E. 2d 870, 872 (Ind. Ct. App. 1978) ("[W]hile patent and contract rights have traditionally been unavailable to a judgment creditor upon simple execution unless the judgment debtor volunteers their availability, they are available to satisfy the judgment through proceedings supplementary to execution."). Therefore, proceedings supplementary should be granted as a matter of law. *See Regent Bank v. Woodcox*, 636 So. 2d 885, 886 (Fla 4th DCA 1994); *Rosenfeld*, 630 So. 2d at 1168; *Cont'l Cigar Corp.*, 397 So. 2d at 958.

In addition to Florida Statute Section 56.29 and related case law providing for such post judgment equitable relief, courts in other jurisdictions have compelled judgment debtors to turn over patents to judgment creditors without the need to appoint a receiver. *See, e.g.*, *Skycam, LLC v. Bennett*, 62 F. Supp. 3d 1261, 1263–64 (N.D. Okla. 2014) (holding that a judgment creditor "has the right to execute on a judgment debtor's intellectual property in an effort to satisfy a

judgment"); *Olive Branch Holdings, L.L.C. v. Smith Tech. Dev., L.L.C.*, 909 N.E.2d 671, 683 (Ohio Ct. App. 2009) ("[W]e find that a creditor's bill is an appropriate method by which a judgment creditor may subject its debtor's rights in a patent to satisfaction of a judgment."); *cf. Cont'l Cigar Corp.*, 397 So. 2d at 957 (affirming trial court's order granting summary judgment in proceedings supplementary which found that trademark rights held in a third party's name were in reality an asset of the judgment debtor; requiring the third party to quitclaim the trademarks to the judgment debtor; and reserving jurisdiction to appoint a receiver over the judgment debtor.).

In the alternative, the Court is also empowered to appoint a receiver to dispose of the Procaps Intellectual Property. *See, e.g.*, *Kenyon v. Automatic Instrument Co.*, 160 F.2d 878, 884 (6th Cir. 1947) ("It is no longer open to question that a receiver appointed by a court may execute an assignment of a patent owned by an insolvent debtor."); *Yufa v. TSI Inc.*, 09-CV-01315-KAW, 2016 WL 8929244, at *2 (N.D. Cal. Feb. 18, 2016) ("A patent owner may be compelled to assign all of his rights in a patent to an appointed receiver to dispose of it in satisfaction of a judgment."); *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, No. 88-cv-3931, 2006 WL 616267 (E.D.N.Y. Mar. 6, 2006) (finding that New York law authorized the court to order the defendant judgment debtor to turn over its patent rights to a receiver).[2]

## CONCLUSION

Patheon respectfully requests that this Court enter an Order as follows:

(a)     commencing proceedings supplementary under Section 56.29, Florida Statutes;

(b)     directing Procaps to appear for examination before this Court on a date and time certain concerning the Procaps Intellectual Property and other assets;

---

[2]     Patheon does not seek to implead any third parties at this time in support of this Motion since it is believed that all of the Procaps Intellectual Property is held in Procaps' name.  Should Patheon discover contrary evidence, it reserves the right to pursue additional parties.

(c)      compelling Procaps to execute written assignments to Patheon of all right, title and interest in the Procaps Intellectual Property, or in the absence of Procaps' consent, assigning all right, title and interest in the Procaps Intellectual Property to Patheon;

(d)      or, in the alternative, appointing a receiver under Fed. R. Civ. P. 66 to accept written assignments of Procaps Intellectual Property on behalf of Patheon and further directing the receiver to complete the lawful transfer and sale of the Procaps Intellectual Property to be applied toward payment of the Final Judgment;

(e)      granting Patheon its costs, incidental costs and reasonable attorney's fees arising from the proceedings supplementary against Procaps under Section 56.29(8), Florida Statutes; and

(f)      awarding such added relief as deemed just and proper.

## LOCAL RULE 7.1(a)(3)(A)
## CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so.  The reasonable efforts made were specifically as follows: I left a voicemail for Spencer Silverglate, Esq., counsel for Plaintiff Procaps S.A., on December 22, 2017 (at about 11:00 am) and on the same date exchanged emails with him, including an email identifying this Motion by title.  In response, Mr. Silverglate emailed that he would contact me on December 26, 2017. As of the date and time of this filing, I have not heard back from Mr. Silverglate regarding whether his client opposes the relief sought in this Motion.

                              */s/ Justin B. Elegant*            
                              Justin B. Elegant (Fla. Bar No. 134597)

Dated:  December 26, 2017                    Respectfully submitted,


                                             */s/ Justin B. Elegant*                     
                                             Justin B. Elegant (Fla. Bar No. 134597)
                                             Gavin C. Gaukroger (Fla. Bar No. 76489)
                                             BERGER SINGERMAN LLP
                                             1450 Brickell Avenue, Suite 1900
                                             Miami, FL 33131
                                             Telephone: (305) 755-9500
                                             Facsimile: (305) 714-4340
                                             Email: JElegant@bergersingerman.com
                                             Email: Ggaukroger@bergersingerman.com

                                             M. Howard Morse (DC Bar No. 384793)
                                             (admitted pro hac vice)
                                             Marc G. Schildkraut (DC Bar No. 964940)
                                             (admitted pro hac vice)
                                             Michael J. Klisch (DC Bar No. 429711)
                                             (admitted pro hac vice)
                                             COOLEY LLP
                                             1299 Pennsylvania Avenue, N.W.
                                             Washington, DC 20004
                                             Telephone: (202) 842-7800
                                             Facsimile: (202) 842-7899
                                             Email: hmorse@cooley.com
                                             Email: mschildkraut@cooley.com
                                             Email: mklisch@cooley.com

                                             Mazda Antia (CA Bar No. 214963)
                                             (admitted pro hac vice)
                                             COOLEY LLP
                                             4401 Eastgate Mall
                                             San Diego, CA 92121-1909
                                             Telephone: (858) 550-6000
                                             Facsimile: (858) 550-6420
                                             Email: mantia@cooley.com

Robert T. Cahill (VA Bar No. 38562)
(admitted pro hac vice)
COOLEY LLP
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Patheon Inc.*

<u>**SERVICE LIST**</u>

Alan Rosenthal
Natalie Carlos
David L. Luck
Gary M. Pappas
Charles W. Throckmorton, V
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Counsel for Procaps S.A.*

Robert W. Pass
CARLTON FIELDS JORDEN BURT, P.A.
215 S. Monroe Street, Suite 500
Tallahassee, FL 32301-1866
Telephone: (850) 224-1585
Facsimile: (850) 222-0398

*Counsel for Procaps S.A.*

Thomas R. Lehman
Victoria J. Wilson
LEVINE KELLOGG LEHMAN SCHNEIDER
+ GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305).403-8789

*Counsel for Wellnext, LLC and Nature's Products, Inc.*

Chris S. Coutroulis
D. Matthew Allen
Donald R. Schmidt
CARLTON FIELDS
JORDEN BURT, P.A.
4221 West Boy Scout Blvd.,
Suite 1000
Tampa, FL 33607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

*Counsel for Procaps S.A.*

Spencer H. Silverglate
Francisco Ramos, Jr.
Craig Salner
Eduardo R. Robayna
CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Ste. 900
Miami, FL  33131
Telephone: (305) 377-0700
Facsimile: (305) 377-3001

*Counsel for Procaps S.A.*

Steven J. Solomon
GRAYROBINSON, P.A.
333 S.E. 2nd Avenue, Ste. 3200
Miami, FL  33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

*Counsel for Originates, Inc. and Sofgen Pharmaceuticals LLC*

8140319- 9