UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PROCAPS S.A.,

CASE NO. 12-cv-24356-JG

      Plaintiff,

v.

PATHEON INC.,

      Defendant.

_____/

## DECLARATION OF RUBEN MINSKI

1.     My name is Ruben Minski.  I am over 21 years of age, and I have personal knowledge of the facts set forth herein.

2.     I am the Chief Executive Officer and President of Procaps, S.A., a Colombian corporation ("Procaps").  I have held these positions with Procaps since 1997.

3.     Procaps, headquartered in Barranquilla, Colombia, is a manufacturer of pharmaceutical products, including softgel capsules ("gel caps").  Procaps contracts with pharmaceutical and healthcare companies to manufacture gel caps for oral consumption.  The company is an industry leader in gel cap innovation.

4.     Procaps has operated since 1977 and employs over 3,000 individuals.

5.     In addition to creating sustainable quality jobs in the region, Procaps, through the Procaps Foundation, is an avid promoter of social work in poverty stricken communities, benefiting more than 4,000 individuals through its health and nutrition programs. Additionally, the company makes extensive donations to charitable organizations, granting access to medicine and health benefits to low-income populations in the northern region of our country.  Beyond its



charitable work, Procaps actively promotes innovation and infrastructure development in regional projects that seek the betterment and growth of the region's healthcare and cultural and business community, including Barranquilla's convention center and hospital complex. Procaps is recognized as a respected strategic local ally for the development of innovation and technology in the healthcare industry in the regional and national market.

6.      On August 17, 2017, a judgment for $18,494,846.00 was entered against Procaps in favor of its competitor, Patheon, Inc., as a result of Procaps' lawsuit against Patheon for alleged antitrust violations.   Procaps has appealed the judgment.   Procaps is not financially capable of satisfying the judgment at this time, nor is it capable of posting a bond sufficient to suspend Patheon's judgment collection efforts.   Like many companies, Procaps operates profitably but has significant loan commitments which are secured by its assets, including intellectual property.  The loans would be subject to being called if Procaps engaged in the type of asset liquidation needed to pay the Judgment or post a sufficient bond, or if its intellectual property were seized.  Procaps has produced documentation of its audited financial statements and banking information to Patheon as part of its document production and has made substantial offers to resolve this matter in good faith, with settlement discussions ongoing.

7.      In addition to gel cap manufacturing, Procaps continually strives to improve the safety and efficacy of its products through its Technology Innovation Department.  Success in the gel cap market is driven by innovation and product differentiation geared toward minimizing the risks associated with pharmaceutical treatments, reducing healthcare costs and increasing product safety.  Procaps owns a number of U.S. patents on its innovations which specifically advance these objectives, giving the company national and international recognition.

8.     For example, Procaps owns U.S. Patent No. 9,433,584 (the "584 Patent"), mentioned in Patheon's motion. The 584 Patent encompasses a groundbreaking apparatus and process technology for encapsulating capsules or other solid dosage forms within gel caps which permits the end product to contain two otherwise incompatible components in a single gel cap. Formerly, two necessary but incompatible active principle ingredients would need to be administered to the patient in separate pills. The 584 Patent permits the components to be contained and administered safely to the individual user in a single gel cap. In light of the reduction in manufacturing costs associated with this technology, the 584 Patent ultimately translates into a more sustainable public healthcare system and increases healthcare access to all individuals. Patients have an improved chance of successful treatment and recovery by simplified drug therapies by way of fewer pills and/or dosages.

9.     Procaps owns similar technology protected by U.S. Patent No. 8,974,820 (the "820 Patent"). The 820 Patent permits microgranules containing two different active ingredients to be contained within a single gel cap. The 820 Patent achieves a similar goal as the 584 Patent but in a slightly different form.

10.    Procaps also owns U.S. Patent No. 9,675,522 (the "522 Patent"). The 522 Patent revolutionizes the gel cap manufacturing process utilizing the rotary die method for cutting and an electronic method for dosage measuring and dispensing. The 522 Patent represents state of the art technology for efficient and effective manufacturing of gel caps assuring accurate dosage within the final product.

11.    Procaps owns U.S. Patent No. 8,739,698 (the "698 Patent"). The 698 Patent is a new method for printing pre-determined words, letters or symbols on a gel cap in the normal course of gel cap production during filling while the product is being encapsulated. The 698

Patent reduces the number of steps within the manufacturing process thereby minimizing costs, the risk of errors of cross-contamination and counterfeit pharmaceutical products. The 698 Patent is critical technology to product identification, a recurring demand in the healthcare community.

12.     Procaps owns 14 other patents and patent applications not referenced above, all of which are critical to the company's offerings and ultimately to patient care.

13.     Assignment of Procaps' patents to a third party would strip Procaps of the ability to utilize its own technology, a direct threat to the company's sustainability. The U.S. market represents approximately 40% of the global pharmaceutical market. Procaps' removal from the U.S. market would impact the company globally as a result of reputational harm as participation in the U.S. market is a bellwether to customers around the world. Additionally, the company's national and international projects and sustainability models are based on Procaps' participation in the U.S. market.

14.     Stripping Procaps of its technology also would have a negative impact on the pharmaceutical market and individual consumers who are the ultimate beneficiaries of Procaps' innovations. Procaps relies on the revenue stream created by its gel cap sales, much of which is invested toward innovating new devices and products. Loss of its technology prevents Procaps from offering unique products to the market. Without innovation, Procaps cannot compete long term, and its viability would be threatened. This will have a detrimental effect on innovation and competition, ultimately at the expense of healthcare consumers.

15.     The highest and best use of Procaps' technology is for it to remain with Procaps. Procaps employs the inventors of the technology and is best suited to implement and improve upon the technology, a goal that is clearly prioritized by the company through its area of

CASE NO. 12-cv-24356-JG

innovation technology.  A forced sale of Procaps' patents will dilute the value of the patents and stunt the application and expansion of the technology, to the detriment of Procaps, the healthcare market and the individual user.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January  11 , 2018.

Ruben Minski