UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

[CONSENT CASE]

|  |  |  |
|---|---|---|
| PROCAPS S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-24356-JG |
| | ) | |
| PATHEON INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PATHEON'S REPLY IN SUPPORT OF ITS MOTION FOR
PROCEEDINGS SUPPLEMENTARY TO COMPEL
ASSIGNMENTS OF INTELLECTUAL PROPERTY**

## I.   HOW PROCEEDINGS SUPPLEMENTARY REALLY WORK.

The *merits* of Patheon's claim that the Court should compel assignments of Procaps'

Intellectual Property are *not* before the Court *at this point*.  Nevertheless, for whatever reason,

almost all of Procaps' opposition contests the merits and the ultimate relief sought.

Section 56.29[1] contains procedural requirements for proceedings supplementary (*i.e.*,

"proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment

against the judgment debtor").  *Rosenfeld v. TPI Int'l Airways*, 630 So. 2d 1167, 1169 (Fla. 4th

DCA 1993).  "The statute should be given a liberal construction so as to afford to the judgment

creditor the most complete relief possible." *Puzzo v. Ray*, 386 So. 2d 49, 50 (Fla. 4th DCA

1980).  The statute's purpose is "to give creditors a swift summary disposition of issues, while

preserving the equitable character of both proceedings and the remedies available."  *Office Bldg.,*

*LLC v. CastleRock Sec., Inc*., 2011 WL 1674963, at *2 (S.D. Fla. 2011) (quotations omitted).

Supplementary proceedings, like pre-judgment proceedings, occur in a series of phases --

not all at once.  Since we are *not* yet at the merits phase, the Court should, for purposes of the

Motion, not consider the parties' respective positions on the merits.  Here's how it works:

**Step 1:  Commencing Proceedings Supplementary.**  This first step is filing a motion to

commence proceedings supplementary, which is analogous to filing a complaint in pre-judgment

proceedings.  A judgment creditor "is entitled" to commence proceedings supplementary by

"motion" if it meets two statutory prerequisites:  (1) the "judgment creditor holds an unsatisfied

judgment or judgment lien"; and (2) the judgment creditor files an affidavit "identifying, if

applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or

judgment lien, including accrued costs and interest, and stating that the execution is valid and

---

[1]      All statutory cites in this Reply are to the Florida Statutes.

outstanding." § 56.29(1); *e.g.*, *General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997); *Kobarid Holdings S.A. v. Reizen*, 2007 WL 14294, at *2 (S.D. Fla. 2007). There are *no other requirements*. § 56.29(1). Rather, "[u]pon a showing of the statutory prerequisites, the court has no discretion to deny the motion [for proceedings supplementary]." *Biloxi Casino Corp. v. Wolf*, 900 So. 2d 734, 734 (Fla. 4th DCA 2005); *e.g.*, *B&I Contractors, Inc. v. Mel Re Constr. Mgmt*, 66 So. 3d 1035, 1037 (Fla. 2d DCA 2011); *Okaloosa New Opportunity, LLC v. LD Projects, LLC*, 109 So. 3d 1209, 1213-14 (Fla. 5th DCA 2013).

Patheon "moves for the entry of an Order *commencing* proceedings supplementary to execution against [Procaps]." Mot., p. 1 (emphasis added). The Court is obligated to grant that relief because Patheon met the statutory prerequisites, as Patheon holds an unsatisfied judgment and filed the required affidavit. Mot., p. 1 & Ex. 6. Patheon is "entitled" to commence proceedings supplementary and the Court should readily grant the Motion. § 56.29(1); *Wolf*, 900 So. 2d at 734; *B&I*, 66 So. 3d at 1037; *Okaloosa*, 109 So. 3d at 1213-14.

Nowhere does Procaps argue that Patheon has not met these prerequisites. Instead, it argues that the affidavit "provides no detail regarding Patheon's efforts to satisfy the Judgment through legal remedies." Opp., p. 9-10. But Section 56.29(1), which lists the information the affidavit must contain, does not require the affidavit to list those details. Procaps is merely constructing and tearing down a strawman.

Thus, the Court is compelled to grant the Motion and order that proceedings supplementary against Procaps commence. § 56.29(1); *Wolf*, 900 So. 2d at 734; *B&I*, 66 So. 3d at 1037; *Okaloosa*, 109 So. 3d at 1213-14.

**Step 2:  Discovery.**  The second step is analogous to the discovery phase in pre-judgment proceedings.  Proceedings supplementary allow the judgment creditor to "discover assets which may be subject to his judgment."  *Puzzo*, 386 So. 2d at 50 (quotations omitted).  Section 56.30 governs discovery in proceedings supplementary.  Indeed, the statute allows for all "discovery permitted under the rules of civil procedure," plus a special procedure for an examination supervised by the Court.  § 56.30(1).  "[O]n the judgment creditor's motion, the court *shall* require the judgment debtor to appear before it or a general or special magistrate" to be "examined concerning the property subject to execution."  *Id.* (emphasis added).  The judgment debtor's "[t]estimony shall be under oath, shall be comprehensive, and cover all matters and things pertaining to the business and financial interests of the judgment debtor which may tend to show what property the judgment debtor has and its location."  § 56.30(3).

Patheon seeks an Order "directing Procaps to appear for examination before this Court" concerning Procaps' Intellectual Property and other assets.  Mot., p. 7.  It sought this examination by "motion," (which includes its counsel's affidavit confirming the valid and unsatisfied execution) and thus the Court "shall require" Procaps to attend the examination and testify to the matters set forth in the paragraph above as required by statute. § 56.30(1), (3). Procaps just ignores this.

Indeed, Procaps' opposition further shows why the Court should grant the requested Court-supervised examination.  While it claims its "assets and liabilities have remained in plain sight" (Opp., p. 4), the opposite is true.  Despite making a detailed chart summarizing Patheon's Writs of Garnishment (Exhibit B to the Opposition), Procaps neglects to name any of its 14 other patents and patent applications referenced in the Opposition.  *Id.* at 8.  Moreover, Procaps' post-Final Judgment relinquishment of debt owed to it by Sofgen (DE 1445, pp. 2-3) was made or

contrived by Procaps to delay, hinder, or defraud Patheon.  Procaps forgave Sofgen's substantial

debt *so that* Sofgen could represent (in response to Patheon's writ of garnishment) that it did not

owe the money to Procaps.  DE 1399, p. 33.[2]  The Court-supervised examination of Procaps will

address these facts.

 **Step 3:  Evidentiary Hearing.**  At the hearing, the Court hears evidence on the merits of

Patheon's claims (*i.e.*, that the Court should assign Procaps' Intellectual Property to Patheon --

or, in the alternative, appoint a receiver under Federal Rule of Civil Procedure 66 to accept

written assignments of the subject assets and have them sold and applied toward payment of the

Final Judgment) and award Patheon its fees and costs under Section 56.29(8).  Mot, p. 8 at (c)-

(e).  After hearing the evidence, the Court will decide these issues.  The hearing envisioned is

described below in Section II.

 In other words, Procaps' merits-based arguments put the cart before the horse, as they are

premature.  They belong in a pre-hearing or post-hearing brief.  But they are irrelevant to

commencing supplementary proceedings or a supervised examination of the debtor.

## II. THE HEARING PROCAPS WANTS IS WHOLLY UNNECESSARY.

 There is no need for a hearing on whether to commence proceedings supplementary

because Patheon met the two statutory prerequisites (holding an unsatisfied judgment and filing

the affidavit required by Section 56.29(1)), and the Court has no discretion to bar these

proceedings.  *Supra*, pp. 1-2; § 56.29(1) (judgment creditor "entitled" to commence proceeding

supplementary if it meets these two requirements); *Wolf*, 900 So. 2d at 734; *B&I*, 66 So. 3d at

---

[2] On October 31, 2017, Sofgen initially claimed in its answer to Patheon's writ of
garnishment that it had an indebtedness to Procaps of $2,943,993.29.  DE 1281, p. 2.  Sofgen
later asserted in the same answer a right of offset (without explanation), reducing its debt to
Procaps to $1,433,841.73.  *Id.*  Patheon intends to clear up this inconsistency, combined with
many others, in a forthcoming in-court examination of Procaps.

1037; *Okaloosa*, 109 So. 3d at 1213-14.  So, the Court should rule on the *papers* and commence the proceedings.

There also is no need for a hearing on whether the Court should order Procaps to appear for an examination before the Court in accordance with Section 56.30(1), (3).  *Supra*, pp. 3-4.  Patheon filed a "motion" requesting the examination, and thus the "court shall require the judgment debtor [Procaps] to appear before" the Court for the examination.[3] § 56.30(1).  Procaps doesn't articulate any basis for not following the plain meaning of the statute; nor is there a reason not to do so.  Again, the Court should rule on the papers and direct Procaps to appear for examination in February 2018 to be examined on the matters set forth in Section 56.30(1), (3).[4] *Supra*, pp. 3-4.  This examination should last one day.

There should be an evidentiary hearing on the merits (*supra*, p. 4), during which Procaps should be required to establish why Procaps' Intellectual Property and other assets should not be applied toward satisfaction of the Final Judgment.  As to Procaps' suggested topics for an evidentiary hearing (Opp., pp. 14-15), Patheon responds as follows:

| Procaps' Proposed Topics | Patheon's Responses |
|---|---|
| Whether Patheon has exhausted other less intrusive means of judgment collection. | The Court should not consider this issue because it is irrelevant.  Proceedings supplementary and other means of judgment execution are "not mutually exclusive."  *See*  4 Fla. Prac., Civil Procedure § 1.560:11. |
| Harm to Procaps from sales of the patents. | The Court may consider this issue.  Procaps must disclose all of Procaps' Intellectual Property (Section 56.30(1), (3)), which it has been unwilling to do. |

---

[3]       "Shall" is mandatory. *Townsend v. R.J. Reynolds Tobacco Co.*, 192 So. 3d 1223, 1229 (Fla. 2016) ("[T]he word 'shall' is interpreted as mandatory in nature.").

[4]       Alternatively, the Court could schedule the examination to take place on January 31 at 2:30 p.m., which the Court has already set aside for a hearing.  It would be preferable, however, to schedule this for a time when the Court has a full day to attend the examination.

| | |
|---|---|
| Harm to the healthcare market from such sales.<br><br>Harm to the healthcare consumer from such sales.<br><br>Harm to the global community from such sales. | The Court should not consider these issues.  The scope of these topics is overbroad, and they would vastly and inappropriately expand the scope of any hearing beyond a summary disposition of the issues.  *CastleRock*, 2011 WL 1674963, at *2 (the purpose of Section 56.29 is to "to give creditors a swift summary disposition of issues" (quotations omitted)).  Patheon would have to undertake significant discovery on these topics if they are part of the hearing, including expert discovery, which also is inconsistent with the swift and summary nature of proceedings supplementary.  Moreover, the terms "healthcare market" and "global community" are undefined. |
| Whether Procaps has fraudulently concealed assets. | The Court should consider this issue.  Procaps' post-Final Judgment relinquishment of debt owed to it by Sofgen was made or contrived by Procaps to delay, hinder, or defraud Patheon.  *Supra*, pp. 3-4.  Similarly, Procaps' document production directly contradicts the 14 "other patents and patent applications" referred to, yet not identified in its opposition.  Opp., p. 8.  Patheon should be permitted discovery on Procaps' Intellectual Property and related assets. |
| Value of the patents compared to the size of the judgment. | The Court should consider this issue.  The Court should compare the value of the patents coupled with the total value of Procaps' Intellectual Property with the Final Judgment amount, and apply it towards satisfaction. |
| Expected return from a forced sale compared to the value of the patents and in relation to the expected recovery from other judgment collection remedies. | The Court should consider the value of the patents.  But, other expected recoveries are irrelevant. |

6

| | |
|---|---|
| Whether Patheon's Judgment can be protected by less drastic measures, such as injunctive relief prohibiting Procaps from selling its patents during the pendency of the appeal. | The Court should not consider this issue. Procaps failed to move for or post a bond to stay execution of the Final Judgment pending appeal, and therefore is not entitled to a stay of execution or analogous relief.[5] |
| Whether a receiver should be appointed to sell the patents. | The Court should consider this issue. |
| Whether patent sales should be broken up and sequenced in such a manner as to inflict the least amount of harm. | The Court should consider all options in selling the patents in order to most promptly satisfy the Final Judgment. |

In addition, Patheon will seek to address the following subjects at the hearing:

1.  Identifying all of Procaps' Intellectual Property and other assets.

2.  Valuing all of Procaps' Intellectual Property (especially in light of what Procaps has referred to as significant loan commitments).

3.  Harm to Patheon caused by Procaps' actions, including its fraudulent concealment of assets, and failure to pay the Final Judgment.

4.  Compelling assignments to Patheon of Procaps' Intellectual Property, whether by Procaps and/or by utilizing a receiver appointed by the Court.

5.  Awarding Patheon its costs, incidental costs and reasonable attorney's fees under Section 56.29(8) (even if entitlement and/or amount will be determined by separate hearing).

As for timing, the Court should not *yet* schedule the hearing because Patheon needs to ensure it has the relevant evidence before the evidentiary hearing occurs, most notably the information in numbered paragraphs 1-2 above. This information is in Procaps' hands and, while Patheon hopes to get all of this information in the requested supervised examination, that is

---

[5]    *Procaps S.A. v. Patheon Inc*., 2016 WL 1028008, at *3 n.4 (S.D. Fla. 2016) ("Staying execution *without* a bond is rare" and "a full security supersedeas bond is the 'usual requirement.'" (quoting in part *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). "Parties seeking a stay without bond must present an alternative form of security or at least present a specific financially secure plan to pay a judgment after the appeal." *Id.* (quotations omitted). Procaps has not moved for a stay of execution, presented alternate security, or presented a specific financially secure plan to pay the Final Judgment.

by no means a certainty and Patheon thinks it likely that some of the answers it will receive in

that examination will lead to more questions that will have to be answered by further discovery.

Patheon proposes that, one week after it receives the transcript of the supervised examination,

Patheon will notify the Court whether it needs additional discovery and, if it does, what that

discovery will be.  If it doesn't believe it will need additional discovery, it will so notify the

Court and the Court can promptly set the hearing.

Patheon will be better prepared to estimate the length of the hearing after completing the

supervised examination of Procaps and the Court rules on the scope of the hearing.  Currently,

Patheon's best estimate would be four days.

## III.    PROCAPS' ARGUMENTS ON THE MERITS ARE WRONG.

While, as previously explained, Procaps' arguments on the merits are premature, Patheon

responds to them briefly here so the Court knows they are nonsense.[6]

Contrary to Procaps' recurring argument that Patheon's Motion is improper because

"Patheon has not exhausted traditional means of judgment execution" (Opp., p. 1), there is no

such exhaustion requirement.  4 Fla. Prac., Civil Procedure § 1.560:11 (proceedings

supplementary and other means of judgment execution are "not mutually exclusive"); *Conrad v.*

*McMechen*, 338 So. 2d 1306, 1307 (Fla. 4th DCA 1976) (explaining interplay between

proceedings supplementary and other post-judgment discovery/collection mechanisms).

Similarly, Procaps' reliance on any settlement discussions (Opp., pp. 3, 7) is misplaced because

they have nothing to do with proceedings supplementary.

Procaps relies heavily on *Ultimate Combustion Co., Inc. v. Fuecotech*, 2015 WL

11622426 (S.D. Fla. 2015), claiming it "is directly on point."  Opp., p. 10-12.  But that case isn't

---

[6]     Patheon will fully brief these issues in a pre-hearing or post-hearing submission, or
however else the Court would like it to.

directly on point, and it doesn't help Procaps.  As an initial matter, it defeats Procaps' argument that proceedings supplementary cannot be used to execute on intellectual property (*id.*, pp. 10, 15 & n.9) because it held that "[p]roceedings supplementary may be used to execute on any property of the debtor, which includes intellectual property."  *Ultimate Combustion*, at *2 (citing *Cont'l Cigar Corp. v. Edelman & Co., Inc.*, 397 So. 2d 957, 958 (Fla. 3d DCA 1981)).  There, the court denied a motion for proceedings supplementary and for appointment of a receiver, but on vastly different facts.  *Id.* at *3.  It did so because (in sharp contrast to the facts here) the judgment creditor offered "*no evidence* [the judgment debtors] have attempted to fraudulently conceal their assets or otherwise thwart efforts at collection" of the judgment.  *Id.* at *3.  In deciding the motion for proceedings supplementary, the court did not, as Section 56.29(1) and binding Florida appellate case authority required it to do, analyze whether the judgment creditor met the two statutory prerequisites and, if it did, to grant the motion.[7]  *Wolf*, 900 So. 2d at 734; *B&I*, 66 So. 3d at 1037; *Okaloosa*, 109 So. 3d at 1213-14.  The failure to conduct that analysis, and the holding resulting from that failure, is inconsistent with Florida law.

Procaps attempts to make Patheon look bad by alleging that Patheon tried to force Procaps out of business as opposed to merely trying to collect a judgment.  Opp., pp. 1, 2, 6, 15.  This is untrue and belied by Patheon's determined collection efforts, which Procaps itself details.  *Id.*, pp. 3-6.  Procaps refused to pay the Final Judgment voluntarily, and Procaps' counsel told Patheon's counsel that Procaps has no assets in the United States, that the Final Judgment was a "Pyrrhic victory," and "good luck trying to collect."  DE 1221, p. 2.  If Procaps is really in dire

---

[7]  In interpreting the statute, the Court is bound by Florida Supreme Court decisions, and if there are none, it must "follow an intermediate state appellate court unless there is persuasive evidence that the highest state court would rule otherwise."  *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009) (quotations omitted); *e.g.*, *In re Schlein*, 8 F.3d 745, 754-55 (11th Cir. 1993).

financial straits, why would Patheon care about eliminating it?  Regardless, Procaps now opposes proceedings supplementary to reach its Intellectual Property, which under Florida law is the only means of such execution.

Dated:  January 19, 2018                    Respectfully submitted,

                                            */s/ Justin B. Elegant*
                                            Justin B. Elegant (Fla. Bar No. 134597)
                                            Gavin C. Gaukroger (Fla. Bar No. 76489)
                                            BERGER SINGERMAN LLP
                                            1450 Brickell Avenue, Suite 1900
                                            Miami, FL 33131
                                            Telephone: (305) 755-9500
                                            Facsimile: (305) 714-4340
                                            Email: JElegant@bergersingerman.com
                                            Email: Ggaukroger@bergersingerman.com

                                            Michael J. Klisch (DC Bar No. 429711)
                                            (admitted pro hac vice)
                                            COOLEY LLP
                                            1299 Pennsylvania Avenue, N.W.
                                            Washington, DC 20004
                                            Telephone: (202) 842-7800
                                            Facsimile: (202) 842-7899
                                            Email: mklisch@cooley.com

                                            Robert T. Cahill (VA Bar No. 38562)
                                            (admitted pro hac vice)
                                            COOLEY LLP
                                            11951 Freedom Drive
                                            Reston, VA 20190-5656
                                            Telephone: (703) 456-8000
                                            Facsimile: (703) 456-8100
                                            Email: rcahill@cooley.com

Mazda Antia (CA Bar No. 214963)
(admitted pro hac vice)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: mantia@cooley.com


*Counsel for Patheon Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2018, I filed a true and correct copy of the foregoing

with the Clerk of Court through the CM/ECF system, which will send a notice of electronic

filing to all parties of record.


*/s/ Justin B. Elegant*
Justin B. Elegant (Fla. Bar No. 134597)

162044731

12