UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24356-CIV-GOODMAN
[CONSENT CASE]

PROCAPS S.A.,

    Plaintiff,

v.

PATHEON INC.,

    Defendant.

_____/

## OMNIBUS ORDER ON PATHEON'S MOTIONS FOR PROCEEDINGS SUPPLEMENTARY AND TO IMPLEAD SOFGEN PHARMACEUTICALS LLC

Patheon is attempting to enforce a judgment for $18,494,846 against Procaps. Patheon filed a Motion for Proceedings Supplementary to Compel Assignments of Intellectual Property and a Sealed Motion for Proceedings Supplementary and to Implead Sofgen Pharmaceuticals LLC ("Sofgen"). Patheon's motions are fully briefed. [ECF Nos. 1396; 1430; 1445; 1449; 1460; 1463]. On February 1, 2018, the Court held a hearing on Patheon's motions. [ECF No. 1467].

After reviewing the parties' filings and oral argument; the judgment lien [ECF Nos. 1396-1]; the writ of execution [ECF No. 1174]; counsel for Patheon, Michael J. Klisch's affidavits [ECF Nos. 1396-6; 1445-3] submitted in support of the motions; and the applicable law, the Undersigned **grants in part** Patheon's motions.

**Legal Standard**

Under Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida Statute § 56.29 sets forth the procedures for proceedings supplementary. Section 56.29(1) indicates that "the two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of the parties to be impleaded." *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997) (internal citations omitted); *see* Fla. Stat. § 56.29.

If the party satisfies the jurisdictional requirements of § 56.29 and alleges that the judgment debtor has transferred property "to delay, hinder, or defraud creditors," then "[n]o other showing is necessary in order to implead the third party," *Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 851 (11th Cir. 2016) (quoting *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So. 2d 1027, 1028 (Fla. 4th DCA 1998) (internal citation omitted)).

**Analysis**

For each motion, Patheon established the unsatisfied writ of execution by filing the writ [ECF No. 1174] and submitting affidavit testimony [ECF No. 1396-6; 1445-3]. The affidavits show that the writ is valid; the amount owed under the final judgment;

and that Sofgen (the party to be impleaded) allegedly absolved a $13,902,419.14 debt (owed by Sofgen to Procaps) shortly before Sofgen was required to respond to Patheon's writ of garnishment. Therefore, the affidavits also satisfy the second prerequisite. Because Patheon has met the jurisdictional requirements of § 56.29, the Court **grants in part** Patheon's motions, subject to the limitations below.

For Patheon's Motion for Proceedings Supplementary to Compel Assignments of Intellectual Property, the proceedings supplementary is commenced. However, Procaps shall not appear for an examination before this Court. Instead, Patheon is permitted to take Procaps' deposition pursuant to the procedure outlined in the Court's Post-Hearing Administrative Order. [ECF No. 1469]. In addition, the Court will not rule at this time on whether Patheon is entitled to execute on Procaps' intellectual property or whether the Court should appoint a receiver. For those matters, the parties should comply with the procedure set out in the Court's Post-Hearing Administrative Order. [ECF No. 1469]. In addition, the Court will not consider awarding Patheon fees and costs until this proceedings supplementary is concluded.

For Patheon's Sealed Motion for Proceedings Supplementary and to Implead Sofgen, the proceedings supplementary is commenced and Sofgen is impleaded for the supplementary post-judgment proceedings in aid of execution. The Court will separately enter on CM/ECF Sofgen's notice to appear. However, Patheon is required to serve this notice on Sofgen, pursuant to Chapter 48 of the Florida Statutes, and Sofgen

3

shall file a responding affidavit as referenced in §§ 56.16(6) and 56.29(2), within seven days of service of the notice. However, Sofgen and Procaps shall not appear for examinations before this Court. Instead, Patheon is permitted to take Sofgen's and Procaps' depositions pursuant to the procedure outlined in the Court's Post-Hearing Administrative Order. [ECF No. 1469]. These depositions shall not occur until Carlton Fields completes its document production. In addition, the Court will not consider awarding Patheon fees and costs until this proceedings supplementary is concluded.

**DONE AND ORDERED** in Chambers, in Miami, Florida, February 6, 2018.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record